Vanessa R. Waldref
United States Attorney
Brian M. Donovan
John T. Drake
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY OLSEN, | No. 2:21-cv-00326-SMJ |
| Plaintiff, | |
| vs. | |
| XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services, | DEFENDANT'S ANSWER TO COMPLAINT |
| Defendant. | |

The Defendant, Xavier Becerra, Secretary of Health and Human Services ("Defendant"), through counsel, respectfully answers Plaintiff's Complaint, ECF No. 1, as follows.

## PREFATORY STATEMENT

"It is often better to acknowledge an obvious mistake than defend it."  *Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 555 (5th Cir. 2015).    Defendant acknowledges that it made an obvious, unfortunate error in denying the Medicare claims at issue in this case.  Defendant has identified the root cause of the error, and taken

ANSWER - 1

affirmative steps to ensure that Plaintiff will not be inconvenienced again.

Defendant also recently completed notice and comment rulemaking that culminated in the publication of a final rule that classifies continuous glucose monitor (CGM) devices like those used by Plaintiff as "durable medical equipment" under Medicare Part B. *See* 86 Fed. Reg. 73860, 73896, (Dec. 28, 2021), available here. This new rule, which takes effect on February 28, 2022, effectively ensures that future CGM claims submitted by Plaintiff and other similarly-situated Medicare claimants will be covered.

Consistent with the admissions herein, Plaintiff is entitled to an administrative remand to the Secretary of Health and Human Services for payment of his claims (which payment the Secretary has already issued), and to an award of costs and attorney's fees under the Equal Access to Justice Act. Judgment should be entered in Plaintiff's favor to that effect.

## I.    INTRODUCTION

1.    This paragraph consists of Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required.

2.    Defendant admits that Plaintiff previously filed a lawsuit with respect to claims for continuous glucose monitor (CGM) coverage in the matter of *Olsen v. Becerra*, Case No. 20-cv-00374-SMJ (*Olsen I*). The remainder of this paragraph consists of Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required.

ANSWER - 2

3.    Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant denies that he acted in bad faith. Defendant affirmatively avers that he investigated why Plaintiff's claims were erroneously denied, and determined that an employee of the Medicare Administrative Contractor ("MAC") responsible for processing Plaintiff's claims failed to make a manual adjustment to the submission code assigned to Plaintiff's claims in the MAC's claims processing system that was needed to facilitate payment, as the employee had been instructed to do following the decision in *Olsen I*.  The MAC and its employees have been re-educated to ensure that the required manual adjustment is made going forward.  The remainder of this paragraph consists of Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required.

4.    Defendant admits he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant denies the remainder of the allegations in this paragraph.

5.    Defendant admits he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant denies the remainder of the allegations in this paragraph.

6.    Defendant admits he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. The remainder of this paragraph consists of Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required.

ANSWER - 3

## II.    JURISDICTION

7.      This paragraph consists of Plaintiff's legal conclusions regarding subject-matter jurisdiction, to which no response is required.

8.      This paragraph consists of Plaintiff's legal conclusions regarding subject-matter jurisdiction, to which no response is required.

9.      This paragraph consists of Plaintiff's legal conclusions regarding venue, to which no response is required.

## III.    PARTIES

10.     Admitted.

11.     Admitted.

## IV.    FACTUAL BACKGROUND

12.     Defendant admits that Plaintiff previously filed a lawsuit with respect to claim for CGM coverage in *Olsen I* which contained Plaintiff's information and allegations regarding diabetes and Plaintiff's characterization of the Medicare appeals process.

**A.    Durable Medical Equipment**

13.     This paragraph consists of Plaintiff's legal characterization of Medicare coverage for "durable medical equipment" under 42 U.S.C. § 1395x(n), to which no response is required.

14.     This paragraph consists of Plaintiff's legal characterization of Medicare coverage for "durable medical equipment" under 42 U.S.C. § 1395x(n), to which no

ANSWER - 4

response is required.

15.     This paragraph consists of Plaintiff's characterization the Secretary's regulations, to which no response is required. The Court is respectfully referred to the cited regulation.

16.     This paragraph consists of Plaintiff's quotation from CMS Ruling 1682-R, to which no response is required. The Court is respectfully referred to the cited CMS Ruling. *See* https://www.cms.gov/Regulations-and-Guidance/Guidance/Rulings/CMS-Rulings-Items/CMS1682R.

**B.     CMS-1682-R**

17.     This paragraph consists of a block quotation of a statutory provision, to which no response is required. The Court is respectfully referred to the cited statutory provision.

18.     This paragraph consists of Plaintiff's characterizations and legal conclusions regarding a statutory provision, to which no response is required. The Court is respectfully referred to the cited statutory provision.

19.     Defendant admits that CMS Ruling 1682-R was issued on January 12, 2017. The remainder of this paragraph consists of Plaintiff's characterizations and legal conclusions regarding CMS Ruling 1682-R, to which no response is required. The Court is respectfully referred to the cited CMS Ruling.

20.     This paragraph consists of Plaintiff's quotation from CMS Ruling 1682-R, to which no response is required. The Court is respectfully referred to the cited CMS

Ruling.

21.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding CMS Ruling 1682-R, to which no response is required. The Court is respectfully referred to the cited CMS Ruling.

22.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding CMS Ruling 1682-R, to which no response is required. The Court is respectfully referred to the cited CMS Ruling.

23.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding CMS Ruling 1682-R, to which no response is required. The Court is respectfully referred to the cited CMS Ruling.

24.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding the treatment of continuous glucose monitors under Medicare Part B, to which no response is required.

25.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding the treatment of continuous glucose monitors under Medicare Part B, to which no response is required.

26.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding a Medicare contractor local coverage determination (LCD), LCD L33822, to which no response is required. The Court is respectfully referred to the cited local coverage determination.

27.    This paragraph consists of Plaintiff's characterizations and legal

ANSWER - 6

1
2
conclusions regarding a Medicare contractor Policy Article A52464, to which no response is required. The Court is respectfully referred to the cited policy article.

3
4
5
6
28.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding the treatment of continuous glucose monitors under Medicare Part B, to which no response is required.

7
8
9
10
29.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding the treatment of continuous glucose monitors under Medicare Part B, to which no response is required.

11
12
13
14
30.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding the treatment of continuous glucose monitors under Medicare Part B, to which no response is required.

15
16
17
18
31.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding the treatment of continuous glucose monitors under Medicare Part B, to which no response is required.

19
20
**C.    Other Litigation Related to CGMs**

21
22
23
24
25
32.    Denied as to the phrase "in general."  Defendant has only denied coverage for non-therapeutic (*i.e.*, "adjunctive") CGMs under the authority of CMS Ruling 1682-R.   Therapeutic (*i.e.*, "non-adjunctive") CGMs are classified as "durable medical equipment" under CMS Ruling 1682-R, and have thus been covered.

26
27
28
33.    Defendant denies the first sentence in this paragraph.  The second sentence in this paragraph consists of Plaintiff's characterizations and legal conclusions

ANSWER - 7

regarding a Local Coverage Article (LCA), to which no response is required.

34.    Admitted that several district courts have reviewed Medicare Part B coverage determinations for continuous glucose monitors, including this Court in *Olsen I*.

35.    This paragraph consists of plaintiff's characterizations and legal conclusions regarding decisions by Medicare Administrative Law Judges, to which no response is required. The Court is respectfully referred to the cited decisions for accurate and complete statements of their contents.

36.    Admitted that several district courts have reviewed Medicare Part B coverage determinations for continuous glucose monitors, including this Court in *Olsen I*.

37.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding several district court decisions, to which no response is required. The Court is respectfully referred to the cited decisions for an accurate and complete statement of their contents.

38.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding the district court's decision in *Whitcomb v. Azar*, to which no response is required. The Court is respectfully referred to that decision for an accurate and complete statement of its contents.

39.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding several district court decisions, to which no response is required.

ANSWER - 8

The Court is respectfully referred the cited decisions for an accurate and complete statement of their contents.

40.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding a decision of the Departmental Appeals Board, to which no response is required. The Court is respectfully referred to the cited decision for an accurate and complete statement of its contents.

**D.    Facts Specific to Mr. Olsen**

41.    Admitted.

42.    Admitted.

43.    Admitted.

44.    Admitted.

45.    Admitted.

46.    Admitted.

47.    Admitted.

48.    Admitted.

49.    Admitted.

**E.    Prior Litigation Before This Court**

50.    Admitted.

51.    Admitted.

52.    Admitted.

53.    Admitted.

ANSWER - 9

54.     Admitted.

55.     Defendant admits this Court granted judgment in Plaintiff's favor in *Olsen I* (ECF No. 39). The Court is respectfully referred to its prior decision for an accurate and complete statement of its contents.

56.     This paragraph consists of Plaintiff's characterizations of the Court's ruling in *Olsen I*, to which no response is required. The Court is respectfully referred to its prior decision for an accurate and complete statement of its contents.

57.     Admitted.

58.     This paragraph consists of Plaintiff's characterizations of the Court's attorney fee ruling in *Olsen I* (ECF No. 50), to which no response is required. The Court is respectfully referred to its prior decision for an accurate and complete statement of its contents.

59.     This paragraph consists of Plaintiff's characterizations of the Court's attorney fee ruling in *Olsen I* (ECF No. 50), to which no response is required. The Court is respectfully referred to its prior decision for an accurate and complete statement of its contents.

60.     Admitted.

### V.     The Claims at Issue in this Case

61.     Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant denies the remainder of the allegations in this paragraph.

ANSWER - 10

62.    Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant denies the remainder of the allegations in this paragraph.

**A.    April 19 – July 18, 2019 Claim –**
**ALJ Appeal No. 3-8946502107/M-20-1269**

63.    Admitted.

64.    Defendant admits Plaintiff's April 19 – July 18, 2019 Claim was denied by an ALJ decision dated January 31, 2020, prior to this Court's decision in *Olsen I*. Defendant denies the remainder of the allegations in this paragraph.

65.    Admitted.

66.    Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant denies the remainder of the allegations in this paragraph.

**B.    March 10, 2021 Claim – ALJ Appeal No. 3-10205345873**

67.    Admitted.

68.    Admitted.

69.    Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant denies the remainder of the allegations in this paragraph.

70.    Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant denies the remainder of the

allegations in this paragraph.

71.    Admitted.

72.    Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant denies the remainder of the allegations in this paragraph.

73.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies the same.

74.    Admitted that Plaintiff sought expedited access to judicial review.

75.    Admitted.

76.    Defendant admits that a Medicare Summary Notice was issued to Plaintiff on or about October 1, 2021. Upon information and belief, fourteen (14) CGM claims from Plaintiff have been paid as indicated in the below chart, including thirteen (13) prior to October 1, 2021 and one (1) after October 1, 2021. The remainder of this paragraph consists of Plaintiff's characterizations of the MSN, to which no response is required.

| CCN | Date of Service | Paid Date | Amount Paid |
|---|---|---|---|
| 18137823767001 | 03/15/2018 | 07/22/2021 | $1,300.66 |
| 18172844803001 | 06/05/2018 | 07/15/2021 | $1,300.66 |
| 18283843973001 | 09/27/2018 | 07/15/2021 | $1,300.66 |
| 19008817632001 | 01/04/2019 | 07/15/2021 | $1,300.66 |
| 19112897095001 | 04/19/2019 | 07/15/2021 | $1,430.72 |
| 19210873889001 | 07/08/2019 | 07/15/2021 | $1,430.72 |
| 19296845388001 | 10/21/2019 | 07/15/2021 | $1,430.72 |

| | | | |
|---|---|---|---|
| 20031822855001 | 01/28/2020 | 07/15/2021 | $1,430.72 |
| 20139845927001 | 05/15/2020 | 07/15/2021 | $1,459.92 |
| 20230855617001 | 08/12/2020 | 07/15/2021 | $1,459.92 |
| 20330841967001 | 11/23/2020 | 07/15/2021 | $1,459.92 |
| 21076836253001 | 03/10/2021 | 07/15/2021 | $1,459.92 |
| 21204829122001 | 07/20/2021 | 08/03/2021 | $1,459.92 |
| 21288839976002 | 10/13/2021 | 12/27/2021 | $1,459.92 |

77.    Admitted.

78.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding a Medicare regulation, to which no response is required. The Court is respectfully referred to the cited regulation.

## 1.    October 30, 2021, Decision of ALJ Jason Earnhart

79.    Admitted that Plaintiff sought review by an administrative law judge. The remainder of this paragraph consists of Plaintiff's characterization of that request, to which no response is required.

80.    Admitted.

81.    Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I.*

82.    Admitted that the administrative law judge issued a decision on Plaintiff's claims. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I.* The remainder of this paragraph consists of Plaintiff's characterization of that ALJ decision, to which no response is required.

ANSWER - 13

83.    Admitted that the administrative law judge issued a decision on Plaintiff's claims. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. The remainder of this paragraph consists of Plaintiff's characterization of that ALJ decision, to which no response is required.

84.    Admitted that the administrative law judge issued a decision on Plaintiff's claims. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. The remainder of this paragraph consists of Plaintiff's characterization of that ALJ decision, to which no response is required.

85.    Admitted that the administrative law judge issued a decision on Plaintiff's claims. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. The remainder of this paragraph consists of Plaintiff's characterization of that ALJ decision, to which no response is required.

**2.    November 2, 2021 Departmental Appeals Board Decision**

86.    Admitted.

87.    Admitted that Plaintiff sought review by the Departmental Appeals Board (DAB). The remainder of this paragraph consists of Plaintiff's characterization of that request, to which no response is required.

88.    Admitted that the Departmental Appeals Board issued a decision on Plaintiff's request. The remainder of this paragraph consists of Plaintiff's characterization of that DAB decision, to which no response is required.

89.    Admitted that the Departmental Appeals Board issued a decision on

ANSWER - 14

Plaintiff's request. The remainder of this paragraph consists of Plaintiff's characterization of that DAB decision, to which no response is required.

90.    Admitted that the Departmental Appeals Board issued a decision on Plaintiff's request. The remainder of this paragraph consists of Plaintiff's characterization of that DAB decision, to which no response is required.

## VI.    CAUSES OF ACTION

### COUNT I

91.    In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendant incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

92.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case. Defendant consents to administrative remand of this matter for payment of any pending or future CGM claims from Plaintiff. Defendant further affirmatively avers that on December 28, 2021, through notice-and-comment rulemaking, the Centers for Medicare & Medicaid Services, U.S. Department of Health and Human Services, issued a final rule entitled, *Medicare Program; Durable Medical Equipment, Prosthetics, Orthotics, and Supplies (DMEPOS) Policy Issues, and Level II of the Healthcare Common Procedure Coding System (HCPCS); DME Interim Pricing*

ANSWER - 15

*in the CARES Act; Durable Medical Equipment Fee Schedule Adjustments To Resume the Transitional 50/50 Blended Rates To Provide Relief in Rural Areas and Non-Contiguous Areas*, 86 Fed. Reg. 73,860, 73,860–73,911 (Dec. 28, 2021) (the "Final Rule"). The Final Rule effectively replaces CMS 1682-R, which forms the basis of Plaintiff's claims in this case, is effective as of February 28, 2022. The recently issued Final Rule makes clear that "claims submitted for CGM sensors and transmitters used with insulin pumps are being denied inappropriately based on CMS–1682–R" because that "Ruling only addressed the classification of CGM receivers as DME and did not address coverage of CGM sensors and transmitters used with insulin pumps." 86 Fed. Reg. at 73,898. Further, the Final Rule states that the Secretary "now believe[s] that … glucose sensors and transmitters used with insulin pumps … are primarily and customarily used to serve a medical purpose." *Id.* at 73,899.

93.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case, consents to administrative remand of this matter for payment of any pending or future CGM claims from Plaintiff, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff and other similarly-situated CGM claimants.

**COUNT II**

94.    In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendant incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

95.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case, consents to administrative remand of this matter for payment of any pending or future CGM claims from Plaintiff, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

96.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case, consents to administrative remand of this matter for payment of any pending or future CGM claims from Plaintiff, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

//

ANSWER - 17

**COUNT III**

97.    In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendant incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

98.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case, consents to administrative remand of this matter for payment of any pending or future CGM claims from Plaintiff, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

99.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case, consents to administrative remand of this matter for payment of any pending or future CGM claims from Plaintiff, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

//

ANSWER - 18

**COUNT IV**

100.  In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendant incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

101.  This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case, consents to administrative remand of this matter for payment of any pending or future CGM claims from Plaintiff, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

102.  This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case, consents to administrative remand of this matter for payment of any pending or future CGM claims from Plaintiff, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

//

ANSWER - 19

**COUNT V**

103.   In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendant incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

104.   This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case, consents to administrative remand of this matter for payment of any pending or future CGM claims from Plaintiff, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

105.   This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case, consents to administrative remand of this matter for payment of any pending or future CGM claims from Plaintiff, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

//

ANSWER - 20

**COUNT VI**

106.   In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendant incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

107.   This paragraph consists of a legal conclusion to which no response is required.

108.   This paragraph consists of a legal conclusion to which no response is required.

109.   Denied.

110.   This paragraph consists of a legal conclusion to which no response is required.

111.   Denied.

112.   Denied.

**VII.   PRAYER FOR RELIEF**

The remaining paragraphs of the complaint contain Plaintiff's requested relief, to which no response is required. To the extent that a response is deemed necessary, Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case, consents to administrative remand of this matter for payment of any pending or future CGM claims from Plaintiff, and notes that the Final Rule effective February 28, 2022, resolves the classification as

ANSWER - 21

DME of future CGM claims from Plaintiff. Finally, Defendant admits Plaintiff is entitled to costs and reasonable attorneys' fees in an amount to be determined by this Court. With respect to any remaining requests for relief, Defendant denies that Plaintiff is entitled to any other relief.

## AFFIRMATIVE DEFENSES

1.     To the extent Plaintiff is seeking an injunction requiring Defendant to grant coverage for CGM claims, the Court lacks jurisdiction to grant such relief.

2.     To the extent Plaintiff is seeking appointment of a special master to make coverage decisions on CGM claims, the Court lacks jurisdiction to grant such relief.

RESPECTFULLY SUBMITTED:   January 28, 2022.

Vanessa R. Waldref
United States Attorney

*s/Brian M. Donovan*
Brian M. Donovan
John T. Drake
Assistant United States Attorneys

Attorneys for Defendant

ANSWER - 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Roger M. Townsend:                    rtownsend@bjtlegal.com

James Pistorino                       james@parrishlaw.com

And to the following non CM/ECF participants:    N/A


*s/ Brian M. Donovan*
Assistant United States Attorney

ANSWER - 23