Vanessa R. Waldref
Acting United States Attorney
Brian M. Donovan
John T. Drake
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JEREMY OLSEN,

                    Plaintiff,

          vs.

XAVIER BECERRA, in his official
capacity as Secretary of the United States
Department of Health and Human
Services,

                    Defendant.

No. 2:21-cv-00326-SMJ

AMENDED ANSWER

The Defendant, Xavier Becerra, Secretary of Health and Human Services ("Defendant"), through counsel, respectfully files this Amended Answer to Plaintiff's Complaint, ECF No. 1. The Secretary notes that, pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings.

**PREFATORY STATEMENT**

"It is often better to acknowledge an obvious mistake than defend it." *Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 555 (5th Cir. 2015). Defendant

AMENDED ANSWER - 1

acknowledges that it made an obvious, unfortunate error in denying the Medicare claims at issue in this case. Defendant has identified the root cause of the error, and taken affirmative steps to ensure that Plaintiff will not be inconvenienced again.

Defendant also recently completed notice and comment rulemaking that culminated in the publication of a final rule that classifies continuous glucose monitor (CGM) devices like those used by Plaintiff as "durable medical equipment" under Medicare Part B. *See* 86 Fed. Reg. 73860, 73896, (Dec. 28, 2021), available here. This new rule, which takes effect on February 28, 2022, effectively ensures that future CGM claims submitted by Plaintiff and other similarly-situated Medicare claimants will be covered.

Consistent with the admissions herein, Plaintiff is entitled to an administrative remand to the Secretary of Health and Human Services for payment of his claims (which payment the Secretary has already issued), and to an award of costs and attorney's fees under the Equal Access to Justice Act. Judgment should be entered in Plaintiff's favor to that effect.

## I.    INTRODUCTION

1. This paragraph consists of Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required.

2. Defendant admits that Plaintiff previously filed a lawsuit with respect to claims for continuous glucose monitor (CGM) coverage in the matter of *Olsen v. Becerra*, Case No. 20-cv-00374-SMJ (*Olsen I*). Defendant further admits that in *Olsen*

AMENDED ANSWER - 2

*I* the Plaintiff obtained a judgment ordering coverage of his CGM claims and that attorney's fees were awarded to Plaintiff at market rates. The remainder of this paragraph consists of Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required. The Court is respectfully referred to its prior decision for an accurate and complete statement of its contents.

3.       Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant denies that he acted in bad faith. Defendant affirmatively avers that he investigated why Plaintiff's claims were erroneously denied, and determined that an employee of the Medicare Administrative Contractor ("MAC") responsible for processing Plaintiff's claims failed to make a manual adjustment to the submission code assigned to Plaintiff's claims in the MAC's claims processing system that was needed to facilitate payment, as the employee had been instructed to do following the decision in *Olsen I*. The MAC and its employees have been re-educated to ensure that the required manual adjustment is made going forward. The remainder of this paragraph consists of Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required.

4.       Defendant admits he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant denies the remainder of the allegations in this paragraph.

5.       Defendant admits he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant denies the remainder of the

AMENDED ANSWER - 3

allegations in this paragraph.

6.    This paragraph consists of Plaintiff's characterization of this lawsuit and his claims for relief. Defendant admits he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant denies that the denial of those CGM claims were a result of bad faith as opposed to mistake. Defendant admits Plaintiff is entitled to have his CGM claims covered, and Defendant has, in fact, authorized coverage for all of Plaintiff's submitted claims mentioned in the Complaint; those claims have been paid as delineated in paragraph 76 herein. Defendant denies Plaintiff is entitled to any other requested relief.

## II.    JURISDICTION

7.    This paragraph consists of Plaintiff's legal conclusions regarding subject-matter jurisdiction, to which no response is required.

8.    This paragraph consists of Plaintiff's legal conclusions regarding subject-matter jurisdiction, to which no response is required.

9.    This paragraph consists of Plaintiff's legal conclusions regarding venue, to which no response is required.

## III.    PARTIES

10.    Admitted.

11.    Admitted.

## IV.    FACTUAL BACKGROUND

12.    Defendant admits that Plaintiff previously filed a lawsuit with respect to

AMENDED ANSWER - 4

claim for CGM coverage in *Olsen I* which contained Plaintiff's information and allegations regarding diabetes and Plaintiff's characterization of the Medicare appeals process.

**A.    Durable Medical Equipment**

13.    Defendant admits that 42 U.S.C. § 1395x(n) defines "durable medical equipment." The remainder of this paragraph consists of Plaintiff's legal characterization of Medicare coverage for "durable medical equipment" under 42 U.S.C. § 1395x(n), to which no response is required. The Court is respectfully referred to the cited statutory provision for an accurate and complete statement of its contents.

14.    Defendant admits that 42 U.S.C. § 1395x(n) includes "blood glucose monitor" as an example of "durable medical equipment." The Court is respectfully referred to the cited statutory provision for an accurate and complete statement of its contents.

15.    Defendant admits that the Secretary has issued regulations found at 42 C.F.R. § 414.202 relating to "durable medical equipment." The remainder of this paragraph consists of Plaintiff's characterization the Secretary's regulations, to which no response is required. The Court is respectfully referred to the cited regulation for an accurate and complete statement of its contents.

16.    Admitted that 42 C.F.R. § 414.202 contains the cited language, except with respect to paragraph 16(b) of the Complaint, which is missing words from the corresponding paragraph of 42 C.F.R. § 414.202. The complete second paragraph of

AMENDED ANSWER - 5

the definition of durable medical equipment in 42 C.F.R. § 414.202 states: "Effective with respect to items classified as DME after January 1, 2012, has an expected life of at least 3 years." Defendant denies that this paragraph contains the full definition of "durable medical equipment" that is contained in 42 C.F.R. § 414.202; the regulation also specifies that durable medical equipment must be "furnished by a supplier or a home health agency." The Court is respectfully referred to the cited regulation for an accurate and complete statement of its contents.

**B.    CMS-1682-R**

17.    This paragraph consists of a block quotation of a statutory provision. Defendant admits 42 U.S.C. § 1395hh(a)(2) contains the quoted language without the added emphasis.  The Court is respectfully referred to the cited statutory provision for an accurate and complete statement of its contents.

18.    Defendant admits that 42 U.S.C. § 1395hh is applicable to the Secretary's "[a]uthority to prescribe regulations; ineffectiveness of substantive rules not promulgated by regulation[.]" The remainder of this paragraph consists of Plaintiff's characterizations and legal conclusions regarding the statutory provision, to which no response is required. The Court is respectfully referred to the cited statutory provision for an accurate and complete statement of its contents.

19.    Defendant admits that CMS Ruling 1682-R was issued on January 12, 2017. The phrase "final opinions and orders" appears in the prefatory statement of all CMS Rulings. Denies the phrase "final opinion and order" appears in the substantive

AMENDED ANSWER - 6

body of CMS Ruling 1682-R. Plaintiffs' characterizations of CMS Ruling 1682-R are denied except to admit that CMS Ruling 1682-R was not subject to notice and comment. The Court is respectfully referred to the cited CMS Ruling.

20.    Admitted that CMS Ruling 1682-R was issued on January 12, 2017, and that the phrase "binding on all CMS components, on all Department of Health and Human Services components that adjudicate matters under the jurisdiction of CMS, and on the Social Security Administration" appears in CMS Ruling 1682-R, at page 1. The Court is respectfully referred to the cited CMS Ruling for an accurate and complete statement of its contents.

21.    This paragraph contains Plaintiff's characterizations of CMS Ruling 1682-R. The Court is respectfully referred to the cited CMS Ruling for an accurate and complete statement of its contents.

22.    Admitted that CMS Ruling 1682-R contains the quoted language. Plaintiff's characterizations of CMS Ruling 1682-R are denied. The Court is respectfully referred to the cited CMS Ruling for an accurate and complete statement of its contents.

23.    Plaintiff's characterizations of CMS Ruling 1682-R are denied. The Court is respectfully referred to the cited CMS Ruling for an accurate and complete statement of its contents.

24.    Admitted that the Secretary denied coverage of certain continuous glucose monitors on the grounds that they were not "primarily and customarily used to serve a

AMENDED ANSWER - 7

medical purpose" within the meaning of the Medicare regulations. The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these factual allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for an accurate and complete statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

25.    Denied.

26.    Admitted that Local Coverage Determination L33822 was revised in January 2017 to account for CMS Ruling 1682-R., and that this revision was not preceded by a public comment period. The Court is respectfully referred to Local Coverage Determination L33822 for an accurate and complete statement of its contents.

27.    Admitted that Policy Article A52464 was revised on January 12, 2017, to account for CMS Ruling 1682-R, and that this revision was not preceded by notice and an opportunity to comment. The Court is respectfully referred to Policy Article A52464 for an accurate and complete statement of its contents.

28.    This paragraph consists of Plaintiff's characterization and legal conclusions regarding CMS Ruling 1682-R, to which no response is required, but to the extent a response is deemed required, denied. The Court is respectfully referred to CMS Ruling 1682-R for an accurate and compete statement of its contents.

AMENDED ANSWER - 8

29.    Admitted.

30.    Admitted.

31.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding the treatment of continuous glucose monitors under Medicare Part B, to which no response is required. To the extent a response is deemed required, the Secretary lacks sufficient knowledge or information to form a belief about the truth of this statement.

**C.    Other Litigation Related to CGMs**

32.    Denied as to the phrase "in general." Admitted that the Secretary denied coverage of certain continuous glucose monitors on the grounds that they were not "primarily and customarily used to serve a medical purpose" within the meaning of the Medicare Part B regulations. Defendant denied coverage for non-therapeutic (*i.e.*, "adjunctive") CGMs under the authority of CMS Ruling 1682-R; therapeutic (*i.e.*, "non-adjunctive") CGMs were classified as "durable medical equipment" under CMS Ruling 1682-R, and have thus been covered. Denied to the extent the paragraph suggests that the Secretary currently "contends" that CGMs are not primarily and customarily used to serve a medical purpose.

33.    Admitted that the Secretary previously adhered to the view that some continuous glucose monitors are not covered as durable medical equipment. Denied to the extent the statement suggests that the Secretary currently "contends" that a CGM is excluded from coverage as precautionary. The second sentence in this paragraph

AMENDED ANSWER - 9

consists of Plaintiff's characterizations and legal conclusions regarding Local Coverage Article A52464, which are denied. The Court is respectfully referred to Local Coverage Article A52464 for an accurate and complete statement of its contents.

34. Admitted that several district courts have reviewed Medicare Part B coverage determinations for continuous glucose monitors, including this Court in *Olsen I*.

35. Admitted that some administrative law judges have concluded that certain continuous glucose monitors are covered as durable medical equipment under the Medicare statute and regulations. The remainder of this paragraph consists of plaintiff's characterizations and legal conclusions regarding decisions by Medicare Administrative Law Judges, to which no response is required. The Court is respectfully referred to the cited decisions for accurate and complete statements of their contents.

36. Admitted that several district courts have reviewed Medicare Part B coverage determinations for continuous glucose monitors, including this Court in *Olsen I*. Admitted that certain district courts have concluded that continuous glucose monitors are covered as durable medical equipment under the Medicare Part B statute and regulations.

37. Admitted that certain district courts have concluded that continuous glucose monitors are covered as durable medical equipment under the Medicare Part B statute and regulations and ordered the Secretary to provide coverage. The remainder of this paragraph consists of Plaintiff's characterizations and legal conclusions

AMENDED ANSWER - 10

regarding several district court decisions, to which no response is required. The Court is respectfully referred to the cited decisions for an accurate and complete statement of their contents.

38.     Defendant admits the cited decision contains the quoted language. The remainder of this paragraph consists of Plaintiff's characterizations and legal conclusions regarding the district court's decision in *Whitcomb v. Azar*, to which no response is required. The Court is respectfully referred to that decision for an accurate and complete statement of its contents.

39.     Defendant admits the four cited decisions contain the quoted language and the plaintiffs in those actions were awarded attorney's fees. The remainder of this paragraph consists of Plaintiff's characterizations and legal conclusions regarding several district court decisions, to which no response is required. The Court is respectfully referred the cited decisions for an accurate and complete statement of their contents.

40.     The Secretary denies the characterization of the cited administrative decision, which speaks for itself. The Court is respectfully referred to the cited decision for a full and complete statement of its contents.

**D.    Facts Specific to Mr. Olsen**

41.     Admitted.

42.     Admitted.

43.     Admitted.

AMENDED ANSWER - 11

44.    Admitted.

45.    Admitted.

46.    Admitted.

47.    Admitted.

48.    Admitted.

49.    Admitted.

**E.    Prior Litigation Before This Court**

50.    Admitted.

51.    Admitted.

52.    Admitted.

53.    Admitted.

54.    Admitted.

55.    Defendant admits this Court granted judgment in Plaintiff's favor in *Olsen I* (ECF No. 39). Defendant admits the cited decision contains the quoted language and that this Court concluded that Plaintiff's CGM is covered as durable medical equipment under the Medicare Part B statute and regulations.  The Court is respectfully referred to its prior decision for an accurate and complete statement of its contents.

56.    Admits this Court's decision in *Olsen I* did not address the issuance of CMS 1682-R. Denies Plaintiff's characterizations of the issuance of CMS 1682-R. The Court is respectfully referred to its prior decision for an accurate and complete statement of its contents.

AMENDED ANSWER - 12

57.    Admitted.

58.    Defendant admits this Court's Order awarding attorney's fees in *Olsen I* (ECF No. 50) contains the quoted language. The remainder of this paragraph consists of Plaintiff's characterizations of the Court's attorney fee ruling in *Olsen I* to which no response is required. The Court is respectfully referred to its prior decision for an accurate and complete statement of its contents.

59.    Defendant denies the characterizations of the Court's attorney fee ruling in *Olsen I* (ECF No. 50), which speaks for itself. The Court is respectfully referred to its prior decision for an accurate and complete statement of its contents.

60.    Admitted.

## V.    The Claims at Issue in this Case

61.    Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant denies the remainder of the allegations in this paragraph.

62.    Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant denies the remainder of the allegations in this paragraph.

**A.    April 19 – July 18, 2019 Claim –
ALJ Appeal No. 3-8946502107/M-20-1269**

63.    Admitted.

64.    Defendant admits Plaintiff's April 19 – July 18, 2019 Claim was denied

AMENDED ANSWER - 13

by an ALJ decision dated January 31, 2020, prior to this Court's decision in *Olsen I.*
Defendant denies the remainder of the allegations in this paragraph.

65.    Admitted.

66.    Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I.* Defendant denies the remainder of the allegations in this paragraph.

**B.    March 10, 2021 Claim – ALJ Appeal No. 3-10205345873**

67.    Admitted.

68.    Admitted.

69.    Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I.* Defendant denies the remainder of the allegations in this paragraph.

70.    Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I.* Defendant denies the remainder of the allegations in this paragraph.

71.    Admitted.

72.    Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I.* Defendant denies the remainder of the allegations in this paragraph.

73.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies the same.

AMENDED ANSWER - 14

74.    Admitted that Plaintiff sought expedited access to judicial review.

75.    Admitted.

76.    Defendant admits that a Medicare Summary Notice was issued to Plaintiff on or about October 1, 2021. Upon information and belief, fourteen (14) CGM claims from Plaintiff have been paid as indicated in the below chart, including thirteen (13) prior to October 1, 2021 and one (1) after October 1, 2021. The remainder of this paragraph consists of Plaintiff's characterizations of the MSN, to which no response is required.

| CCN | Date of Service | Paid Date | Amount Paid |
| --- | --- | --- | --- |
| 18137823767001 | 03/15/2018 | 07/22/2021 | $1,300.66 |
| 18172844803001 | 06/05/2018 | 07/15/2021 | $1,300.66 |
| 18283843973001 | 09/27/2018 | 07/15/2021 | $1,300.66 |
| 19008817632001 | 01/04/2019 | 07/15/2021 | $1,300.66 |
| 19112897095001 | 04/19/2019 | 07/15/2021 | $1,430.72 |
| 19210873889001 | 07/08/2019 | 07/15/2021 | $1,430.72 |
| 19296845388001 | 10/21/2019 | 07/15/2021 | $1,430.72 |
| 20031822855001 | 01/28/2020 | 07/15/2021 | $1,430.72 |
| 20139845927001 | 05/15/2020 | 07/15/2021 | $1,459.92 |
| 20230855617001 | 08/12/2020 | 07/15/2021 | $1,459.92 |
| 20330841967001 | 11/23/2020 | 07/15/2021 | $1,459.92 |
| 21076836253001 | 03/10/2021 | 07/15/2021 | $1,459.92 |
| 21204829122001 | 07/20/2021 | 08/03/2021 | $1,459.92 |
| 21288839976002 | 10/13/2021 | 12/27/2021 | $1,459.92 |

77.    Admitted.

AMENDED ANSWER - 15

78.     Defendant admits 42 C.F.R. § 405.352 governs adjustment of title XVIII incorrect payments, including decreasing any payment to an individual under the Social Security Act to which the individual is entitled. The remainder of the paragraph consists of Plaintiff's characterizations and legal conclusions, to which no response is required. The Court is respectfully referred to the cited regulation.

### 1.     October 30, 2021, Decision of ALJ Jason Earnhart

79.     Admitted that Plaintiff sought review by an administrative law judge. The remainder of this paragraph consists of Plaintiff's characterization of that request, to which no response is required.

80.     Admitted.

81.     Admitted. Defendant further admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*.

82.     Admitted that the administrative law judge issued a decision on Plaintiff's claims. Defendant further admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. The remainder of this paragraph consists of Plaintiff's characterization of that ALJ decision, to which no response is required.

83.     Admitted that the administrative law judge issued a decision on Plaintiff's claims. Defendant further admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. The remainder of this paragraph consists of Plaintiff's characterization of that ALJ decision, to which no response is required.

84.     Admitted that the administrative law judge issued a decision on Plaintiff's

AMENDED ANSWER - 16

claims. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. The remainder of this paragraph consists of Plaintiff's characterization of that ALJ decision, to which no response is required.

85.     Admitted that the administrative law judge issued a decision on Plaintiff's claims denying coverage. Defendant further admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. The remainder of this paragraph consists of Plaintiff's characterization of that ALJ decision, to which no response is required.

### 2.     November 2, 2021 Departmental Appeals Board Decision

86.     Admitted.

87.     Admitted that Plaintiff sought review by the Departmental Appeals Board (DAB). The remainder of this paragraph consists of Plaintiff's characterization of that request, to which no response is required.

88.     Admitted that the Departmental Appeals Board issued a decision denying Plaintiff's request. The remainder of this paragraph consists of Plaintiff's characterization of that DAB decision, to which no response is required.

89.     Admitted that the Departmental Appeals Board issued a decision on Plaintiff's request. The remainder of this paragraph consists of Plaintiff's characterization of that DAB decision, to which no response is required.

90.     Admitted that the Departmental Appeals Board issued a decision on Plaintiff's request. The remainder of this paragraph consists of Plaintiff's

characterization of that DAB decision, to which no response is required.

## VI.    CAUSES OF ACTION

### COUNT I

91.    In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendant incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

92.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*. Defendant avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case. Defendant consents to administrative remand of this matter for payment of any pending CGM claims from Plaintiff properly before this Court. Defendant further affirmatively avers that on December 28, 2021, through notice-and-comment rulemaking, the Centers for Medicare & Medicaid Services, U.S. Department of Health and Human Services, issued a final rule entitled, *Medicare Program; Durable Medical Equipment, Prosthetics, Orthotics, and Supplies (DMEPOS) Policy Issues, and Level II of the Healthcare Common Procedure Coding System (HCPCS); DME Interim Pricing in the CARES Act; Durable Medical Equipment Fee Schedule Adjustments To Resume the Transitional 50/50 Blended Rates To Provide Relief in Rural Areas and Non-Contiguous Areas*, 86 Fed. Reg. 73,860, 73,860–73,911 (Dec. 28, 2021) (the "Final Rule"). The Final Rule effectively replaces

AMENDED ANSWER - 18

CMS 1682-R, which forms the basis of Plaintiff's claims in this case, is effective as of February 28, 2022.  The recently issued Final Rule makes clear that "claims submitted for CGM sensors and transmitters used with insulin pumps are being denied inappropriately based on CMS–1682–R" because that "Ruling only addressed the classification of CGM receivers as DME and did not address coverage of CGM sensors and transmitters used with insulin pumps." 86 Fed. Reg. at 73,898. Further, the Final Rule states that the Secretary "now believe[s] that … glucose sensors and transmitters used with insulin pumps … are primarily and customarily used to serve a medical purpose." *Id.* at 73,899.

93.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case, consents to administrative remand of this matter for payment of any pending CGM claims from Plaintiff properly before this Court, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff and other similarly-situated CGM claimants.

## COUNT II

94.    In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendant incorporates by reference his answers to all of the preceding paragraphs as

AMENDED ANSWER - 19

if fully set out herein.

95.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case, consents to administrative remand of this matter for payment of any pending CGM claims from Plaintiff properly before this Court, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

96.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case, consents to administrative remand of this matter for payment of any pending CGM claims from Plaintiff properly before this Court, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

**COUNT III**

97.    In this paragraph, Plaintiff repeats the paragraphs set forth above.

AMENDED ANSWER - 20

1  Defendant incorporates by reference his answers to all of the preceding paragraphs as

2  if fully set out herein.

3      98.    This paragraph consists of a request for relief, to which no response is

4  required. To the extent that a response is deemed necessary, Defendant refers to its

5  answer in response to Paragraph 92. Defendant admits that he erroneously rejected

6  Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has

7  since made appropriate payment to Plaintiff for the claims that are the subject of this

8  case, consents to administrative remand of this matter for payment of any pending CGM

9  claims from Plaintiff properly before this Court, and notes that the Final Rule effective

10  February 28, 2022, resolves the classification as DME of future CGM claims from

11  Plaintiff.

12      99.    This paragraph consists of a request for relief, to which no response is

13  required. To the extent that a response is deemed necessary, Defendant refers to its

14  answer in response to Paragraph 92. Defendant admits that he erroneously rejected

15  Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has

16  since made appropriate payment to Plaintiff for the claims that are the subject of this

17  case, consents to administrative remand of this matter for payment of any pending CGM

18  claims from Plaintiff properly before this Court, and notes that the Final Rule effective

19  February 28, 2022, resolves the classification as DME of future CGM claims from

20  Plaintiff.

//

AMENDED ANSWER - 21

1

## COUNT IV

2

100.   In this paragraph, Plaintiff repeats the paragraphs set forth above.

3

4

Defendant incorporates by reference his answers to all of the preceding paragraphs as

5

if fully set out herein.

6

101.   This paragraph consists of a request for relief, to which no response is

7

8

required. To the extent that a response is deemed necessary, Defendant refers to its

9

answer in response to Paragraph 92. Defendant admits that he erroneously rejected

10

Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has

11

12

since made appropriate payment to Plaintiff for the claims that are the subject of this

13

case, consents to administrative remand of this matter for payment of any pending CGM

14

claims from Plaintiff properly before this Court, and notes that the Final Rule effective

15

16

February 28, 2022, resolves the classification as DME of future CGM claims from

17

Plaintiff.

18

102.   This paragraph consists of a request for relief, to which no response is

19

20

required. To the extent that a response is deemed necessary, Defendant refers to its

21

answer in response to Paragraph 92. Defendant admits that he erroneously rejected

22

Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has

23

24

since made appropriate payment to Plaintiff for the claims that are the subject of this

25

case, consents to administrative remand of this matter for payment of any pending CGM

26

claims from Plaintiff properly before this Court, and notes that the Final Rule effective

27

28

February 28, 2022, resolves the classification as DME of future CGM claims from

Plaintiff.

## COUNT V

103. In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendant incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

104. This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case, consents to administrative remand of this matter for payment of any pending CGM claims from Plaintiff properly before this Court, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

105. This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case, consents to administrative remand of this matter for payment of any pending CGM claims from Plaintiff properly before this Court, and notes that the Final Rule effective

February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

## COUNT VI

106. In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendant incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

107. This paragraph consists of a legal conclusion to which no response is required.

108. This paragraph consists of a legal conclusion to which no response is required.

109. Denied.

110. This paragraph consists of a legal conclusion to which no response is required.

111. Denied.

112. Denied.

## VII.   PRAYER FOR RELIEF

The remaining paragraphs of the complaint contain Plaintiff's requested relief, to which no response is required. To the extent that a response is deemed necessary, Defendant admits that he erroneously rejected Plaintiff's CGM claims after entry of the Court's decision in *Olsen I*, avers that he has since made appropriate payment to Plaintiff for the claims that are the subject of this case, consents to administrative

AMENDED ANSWER - 24

remand of this matter for payment of any pending CGM claims from Plaintiff properly before this Court, and notes that the  Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff. Finally, Defendant admits Plaintiff is entitled to costs and reasonable attorneys' fees in an amount to be determined by this Court. With respect to any remaining requests for relief, Defendant denies that Plaintiff is entitled to any other relief.

**AFFIRMATIVE DEFENSES**

1.    To the extent Plaintiff is seeking an injunction requiring Defendant to grant coverage for CGM claims, the Court lacks jurisdiction to grant such relief.

2.    To the extent Plaintiff is seeking appointment of a special master to make coverage decisions on CGM claims, the Court lacks jurisdiction to grant such relief.

RESPECTFULLY SUBMITTED:   February 17, 2022.

Vanessa R. Waldref
United States Attorney

*s/Brian M. Donovan*
Brian M. Donovan
John T. Drake
Assistant United States Attorneys

AMENDED ANSWER - 25

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Roger M. Townsend:                rtownsend@bjtlegal.com

James Pistorino                    james@parrishlaw.com

And to the following non CM/ECF participants:    N/A

*s/ Brian M. Donovan*
Assistant United States Attorney