Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Brian M. Donovan
John T. Drake
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY OLSEN,<br><br>                          Plaintiff,<br><br>             v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services,<br><br>                          Defendant. | No. 2:21-CV-00326-SMJ<br><br>NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION |

Defendant Xavier Becerra, in his official capacity as Secretary of the United States Department of Health and Human Services, ("Defendant"), through counsel, submits as supplemental authority in support of his response to Plaintiff's motion for preliminary injunction (ECF No. 18), a Technical Direction Letter issued by the Centers for Medicare and Medicaid Services on today's date ("**TDL-220257**"), attached hereto as **Appendix A**.

NOTICE OF SUPPLEMENTAL AUTHORITY - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In relevant part, TDL-220257 directs Durable Medical Equipment Medicare Administrative Contractors ("DME MACs") to apply the DME Final Rule referenced in Defendant's preliminary injunction response (ECF No. 18 at 4-5, 7-8, 11), to claims with dates of service that predate the February 28, 2022 effective date of the DME Final Rule.

In particular, TDL-220257 provides:

The [DME Final Rule] replaced a 2017 CMS Ruling, CMS-1682-R ("2017 Ruling"), regarding CGMs. Pursuant to this TDL, the DME MACs shall apply the coverage and payment provisions of the [DME Final Rule] to valid reimbursement claims and appeals for CGM monitors or receivers and/or necessary supplies and accessories supplied prior to February 28, 2022. The [DME Final Rule] obviates the need for further application of the 2017 Ruling on CGMs, as CMS has determined that, in addition to therapeutic or non-adjunctive CGMs, non-therapeutic or adjunctive CGMs can also meet the Medicare definition of durable medical equipment (DME) at 42 C.F.R. § 414.402. Applying the coverage and payment provisions of the [DME Final Rule] to valid reimbursement claims and appeals for CGM monitors or receivers and/or necessary supplies and accessories supplied prior to February 28, 2022 will avoid expending administrative resources on further application of the 2017 Ruling on CGMs and additional appeals challenging application of the 2017 Ruling.

*    *    *

The DME MACs shall apply the direction in this TDL to CGM monitors or receivers and/or their necessary supplies and accessories supplied to a beneficiary before the February 28, 2022 effective date of the [DME Final Rule] where either (1) a valid reimbursement claim or valid appeal is pending as of February 28, 2022; or (2) the right to submit a valid reimbursement claim or file a valid appeal has not expired as of February 28, 2022.

TDL-220257 at 1-2, 2-3 (emphasis added).

Plaintiff's motion asks this court to enter a preliminary injunction "barring the

Secretary from continuing to reject continuous glucose monitor (CGM) claims based on CMS 1682-R and/or the claim that a CGM is not 'primarily and customarily used to serve a medical purpose.'" ECF No. 6 at 1. TDL-220257 makes clear that the Secretary has superseded CMS 1682-R, and the Secretary's contractors will no longer be relying on it to deny CGM claims as of TDL-220257's effective date of February 28, 2022. It further demonstrates that the Secretary's contractors will no longer deny CGM claims based on the notion that a CGM is not "primarily and customarily used to serve a medical purpose." This is so because the DME Final Rule considers CGMs to be "primarily and customarily used to serve a medical purpose," *see* 86 Fed. Reg. at 73,899, and TDL-220257 incorporates the DME Final Rule and instructs the DME MACs to apply its coverage and payment provisions to valid claims and appeals for CGM monitors or receivers and/or necessary supplies and accessories supplied prior to February 28, 2022. Thus, TDL-220257 serves to further moot Plaintiff's pending preliminary injunction motion. *See* ECF No. 18 at 6–9.

Indeed, TDL-220257 eliminates the possibility that CGM claims that predate the effective date of the DME Final Rule will be denied by the Secretary's contractors on the basis of CMS 1682-R. The Secretary has instructed his contractors, as of TDL-220257's effective date of February 28, 2022, that they may no longer rely upon CMS 1682-R as a basis for denying CGM claims.

//

//

1   DATED this 25th day of February, 2022.

2                                            Vanessa R. Waldref
                                             United States Attorney
3

4                                            *s/John T. Drake*
                                             Brian M. Donovan
5                                            John T. Drake
6                                            Assistant United States Attorneys

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF SUPPLEMENTAL AUTHORITY - 4

# CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I caused to be delivered via the method listed below the document to which this Certificate of Service is attached (plus any exhibits and/or attachments) to the following:

| NAME & ADDRESS | Method of Delivery |
|---|---|
| Roger Townsend<br>BRESKIN JOHNSON TOWNSEND<br>1000 Second Ave., Suite 3670<br>Seattle, WA 98104 | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |
| James Pistorino<br>PARRISH LAW OFFICES<br>788 Washington Road<br>Pittsburgh, PA 15228 | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |

*s/John T. Drake*
John T. Drake

NOTICE OF SUPPLEMENTAL AUTHORITY - 5