1  Roger M. Townsend
   BRESKIN, JOHNSON & TOWNSEND, PLLC
2  1000 Second Ave, Suite 3670
   Seattle, WA  98104
   Phone: (206) 652-8660

3

4

5              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF WASHINGTON

6

7  JEREMY OLSEN,                    | No. 2:21-cv-00326-SMJ
                      Plaintiff,    |
                                    | REPLY RE: MOTION FOR
8  v.                               | PRELIMINARY INJUNCTION

9  XAVIER BECERRA, in his official
   capacity as Secretary of the United
10 States Department of Health and
   Human Services,
11
                      Defendant
12

13

14

15

16

17

18

19

20

REPLY RE: MOTION FOR PRELIMINARY
INJUNCTION

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    Plaintiff Jeremy Olsen's motion for a preliminary injunction should be

2    granted.  Sadly, the Secretary has chosen to continue his practice of engaging

3    in bad faith.  Along these lines, Mr. Olsen notes that, in violation of 28 U.S.C.

4    § 405(g), the Secretary *still* has not served a complete copy of the Record in

5    this case, thereby preventing Mr. Olsen from filing a motion for summary

6    judgment.  Thus, through sheer misconduct, the Secretary delays the litigation

7    and seeks to gain advantage.

8    The Secretary's opposition (and other papers) allege that the Secretary

9    made a "mistake", "error", or "unfortunate error."  *See* Opp. at 2.  However, as

10   characterized by the Secretary, rejecting claims on grounds that this Court has

11   already found constitute "bad faith" in a policy that issued illegally was *not* the

12   "mistake" or "error."  That was exactly what the Secretary intended to do and

13   is still doing.  Instead, as characterized by the Secretary, the "mistake" or

14   "error" was in not re-programming his systems so that Mr. Olsen's claims

15   would not face those same rejections, while everybody else's would.  Opp. at

16   3, n. 2.

17   It is precisely the Secretary's failure to understand the "bad faith" nature

18   of his conduct that has led to a second suit in this Court by Mr. Olsen within

19   one year.  Further, one purpose of an EAJA award (especially a "bad faith"

20   EAJA award) is to "deter abusive litigation in the future."  *See Olsen v. Becerra*,

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1   201 WL 3683360 at * 1 (E.D. Wash. April 20, 2021) (Mendoza, J).  The fact

2   that the Secretary continued and continues to engage in the bad faith conduct

3   after this Court's ruling, indicates that stronger measures are necessary.  Olsen's

4   motion should be granted.

5                         **I.    BACKGROUND**

6          As noted in Olsen's motion, in compliance with the notice and comment

7   provisions of 42 U.S.C. § 1395hh, the Secretary has published a new rule that

8   applies to claims with "dates of service" after March 1, 2022.  Mot. at 3.  The

9   proposed new Rule would not effect any of Mr. Olsen's claims in this case or

10  the pending denials Mr. Olsen faces.

11         On Friday, February 5, 2022, the Secretary issued and filed with this

12  Court, what he terms a Technical Direction Letter (TDL).  *See* Dkt. #20.  A

13  TDL is contract "guidance" issued to the Medicare Administrative Contractors

14  (MACs) (*i.e.*, Medicare Part B) and does not have the force and effect of law.

15  Given that the TDL issued on February 25, 2022, and is alleged to take

16  immediate effect, the TDL did not comply with the notice and comment

17  provisions of 42 U.S.C. § 1395hh.  The TDL directs the MACs to apply the

18  post-February 28, 2022, rule to claims with dates of service prior to March 1,

19  2022, under certain conditions.

20

REPLY RE: MOTION FOR PRELIMINARY
INJUNCTION - 2

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    The TDL has a number of remarkable aspects to it.  First, the TDL is only
2    directed to the MACs and not Medicare Advantage Plans (*i.e.*, Medicare Part
3    C) that serve approximately 1/3 of all those in the Medicare program.[1]  Based
4    on information provided by the Secretary in other fora, Olsen estimates that the
5    failure to apply the TDL to Part C plans means that ~4,000 CGM claims/month
6    would continue to be rejected based on CMS 1682-R (*i.e.*, the "bad faith"
7    policy).

8    Second, the TDL is conditional on the MACs having sufficient funds
9    available.  *See* Dkt. #20, Appendix 1 at 4 ("This technical direction … is only
10    to be acted upon if sufficient funds are available.").  Third, the TDL is secret
11    with each page containing a footer barring its dissemination or posting to the
12    Internet.  Thus, sheer secrecy would prevent Medicare insureds from knowing
13    of the change in order to preserve their rights.

14    As alleged by the Secretary, the TDL "supersedes" CMS 1682-R, "serves
15    to further moot" Olsen's request for an injunction, "eliminates the possibility"
16    of denials based on CMS 1682-R *by contractors* (but not Medicare Part C
17    plans).  How a TDL (which is non-binding on ALJs and the MAC) can

18    _____

19    [1] See https://www.kff.org/medicare/issue-brief/a-dozen-facts-about-
20    medicare-advantage-in-2019/

REPLY RE: MOTION FOR PRELIMINARY
INJUNCTION - 3

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1   "supersede" a CMS Ruling (which is binding on ALJs and the MAC) and bars

2   coverage  is unexplained.

3                          **II.    DISCUSSION**

4        The Secretary's opposition (and supplemental authority) can be divided

5   into three parts: 1) arguments based on the TDL; 2) a jurisdictional attack on

6   this Court's power to even consider Mr. Olsen's claims; and 3) allegations

7   going to the merits of an injunction.

8        **A. The Technical Direction Letter**

9        While the Secretary appears to think the TDL has some material effect,

10  that is not the case.  First, of course, the party asserting mootness as a result of

11  the voluntary cessation of conduct bears a "heavy burden" of showing that the

12  challenged conduct cannot reasonably be expected to start up again.  *See, e.g.,*

13  *Bell v. City of Boise*, 709 F.3d 890, 898-99 (9th Cir. 2013) ("absolutely clear"

14  wrongful behavior not reasonably expected to recur).  In the present case, even

15  as proposed by the Secretary, CMS 1682-R will continue to be used to deny

16  ~4,000 claims/month.  The TDL also has no effect on Mr. Olsen's claims in this

17  case and Mr. Olsen has claims that are in the appeal process that are rejected

18  based on CMS 1682-R.  *See* Exhibit A (January 6, 2022, redetermination

19  rejection).

20

REPLY RE: MOTION FOR PRELIMINARY
INJUNCTION - 4

1    Thus, rather than showing the wrongful conduct will not recur, the

2 Secretary continues and plans to continue the wrongful conduct.  Indeed, the

3 Secretary does not explain how a TDL (mere contract guidance) can

4 "supersede" a CMS Ruling which the ALJs and MAC are bound to follow under

5 the regulations.  CMS 1682-R is not "superseded" by the TDL.

6    Second, where the alleged cessation is a mere change in policy (rather

7 than the expiration or repeal of a law), the matter is not moot.  Changes in law

8 (even ordinances) have procedural protections that make it less likely that

9 conduct will recur.  A TDL has none of those.  The present situation is very

10 similar to that in *Bell*, where the City argued mootness based on a "Special

11 Order", rather than repeal of the challenged ordinance, rendered the matter

12 moot.  The Ninth Circuit did not agree.  The TDL renders nothing moot.

13    Indeed, there is nothing preventing the Secretary from retracting the TDL

14 on March 19, 2022 (*i.e.*, the day after the hearing on this motion).  In light of

15 the repeated instances of bad faith conduct engaged in by the Secretary, that is

16 exactly the kind of thing to be expected.  The Secretary did not carry his burden.

17    **B. The Secretary's Jurisdiction Arguments Are Baseless**

18    Procedurally, there are multiple defects with the Secretary's effort to

19 raise jurisdiction in his opposition to Olsen's motion for preliminary injunction.

20 The Secretary's most recent Answer failed to deny Olsen's allegations of

1  jurisdiction.  *See* Dkt. #16 at ¶¶ 7-8.  Thus, pursuant to FED.R.CIV.P. 8(b)(6),

2  Olsen's allegation of jurisdiction is deemed admitted by the Secretary.  Second,

3  the Secretary has not brought a motion under FED.R.CIV.P. 12(b) and none of

4  the procedural protections have been observed.

5      To the extent the Secretary alleges that Olsen failed to exhaust his

6  administrative remedies with regard to ALJ Appeal No. 3-10205345873, failure

7  to exhaust is an affirmative defense that the Secretary bears the burden of

8  pleading and proving.  *See, e.g., Stone v. Becerra*, 2010 WL 4641954 at *3

9  (E.D. Wash. Nov. 8, 2010).  Failure to plead the affirmative defense of

10 exhaustion results in its waiver.  *See* Fed.R.Civ.P. 8(c)(1).  Here, the Secretary

11 has not pled lack of exhaustion as an affirmative defense and it is, therefore,

12 waived.  *See* Dkt. #16.  Having failed to plead it, of course, the Secretary failed

13 to prove it.

14     Substantively, the Secretary's arguments fare no better.  The Secretary

15 contends that this case is moot.  Opp. at 6-7.  This is so, the Secretary contends

16 because the claims at issue in this case have been paid and that is "complete

17 relief."  Clearly, that is not the case.  As alleged in the Complaint, even if the

18 Secretary pays claims, if the Secretary simultaneously rejects them, the

19 beneficiary is exposed to recoupment by the Secretary.  *See* Complaint at ¶ 78;

20 42 C.F.R. 405.352.  Again, in the Answer, the Secretary did not deny this

1   allegation and it is deemed admitted. *See* Dkt. #16. Thus, this case is not moot

2   because, unless reversed, Olsen faces recoupment by the Secretary.

3         In addition, once this Court has jurisdiction over any claim (as it clearly

4   does on Olsen's MAC appeal), the full panoply of causes of action and relief

5   are available. Under the APA, one those is 5 U.S.C. § 706, which allows the

6   Court to "set aside agency action." That is exactly what the causes of action in

7   this case are based on and the relief sought. *See* Complaint at 24 ("setting aside

8   CMS 1682-R"). Clearly, Olsen has an interest in getting that relief on both the

9   current claims and his claims that continue to be rejected based on CMS 1682-

10  R. Thus, not only is there not complete relief, the complained of conduct is

11  ongoing.

12        On its face, the Rule that went into effect on March 1, 2022, only applies

13  to claims with dates of service after February 28, 2022. Nevertheless, the

14  Secretary contends "nothing prevents" the Secretary from applying the

15  reasoning to claims with dates of service before March 1, 2022. One thing that

16  would "prevent" the Secretary are the notice and comment provisions of 42

17  U.S.C. § 1395hh. Further, as the party alleging mootness, the Secretary bears

18  the burden of showing that it is "absolutely clear" that the complained of

19  conduct will not recur. Here, the Secretary seems to presume that the new

20  Ruling *will have* retroactive effect, while it is presumed that regulations *will not*

have retroactive effect.  *See Landgraf v. USI Film Products*, 511 U.S. 244 (1994).  In addition, again, the Secretary fails to explain how any of this can overcome CMS 1682-R, which is not retracted.  Again, the Secretary has failed to meet his burden.

The Secretary's assertion that this Court lacks the power to issue an injunction barring illegal conduct (Opp. at 9-10) is wholly without basis.  All of the claims in this case have been "presented" (and rejected) by the Secretary.  With respect to the MAC decision in M-20-1269, that is clearly "final" and the Secretary does not contend otherwise.  With respect to the decision in ALJ Appeal No. 3-10205345873, the Secretary has waived any defense that that decision is not "final."[2]

## C. The Secretary's Merits Arguments Fail

Before turning to what the Secretary does say, it is worth considering what the Secretary does not say.  The Secretary does not challenge Mr. Olsen's showing that CMS 1682-R issued in violation of the notice and comment provisions of 42 U.S.C. § 1395hh.  That is, the Secretary does not even try and

---

[2] Given the waiver, the Court need not reach the issue but if it did, Olsen contends that further review would have been futile because a denial was dictated by CMS 1682-R as ALJ Earnhardt found.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    dispute the fact that it has been behaving illegally, in direct violation of §

2    1395hh as commanded by Congress, and that is has done so even after this

3    Court determined that the underlying policy was in bad faith.  This is a stunning

4    and damning concession of sheer, brazen, illegal conduct deliberately engaged

5    in for a five-year period.

6        Because the very purpose of a CGM is to prevent death and other very

7    serious irreparable health consequences and Medicare insureds (including Mr.

8    Olsen) would not be able to afford a CGM absent the insurance coverage they

9    paid for, the Secretary's illegal denials meant that thousands were denied the

10   life saving CGMs.  Thus, the Secretary's conduct likely resulted in the

11   premature deaths, blindness, and amputations of thousands.  This conduct is

12   reprehensible.

13       Mr. Olsen himself would have been a victim of the Secretary's inhuman

14   practice except for the forbearance of his CGM supplier, his dogged

15   determination, and success in finding counsel.

16       The Secretary also does not dispute Olsen's showing as to the balance of

17   equities and public interest.  The Secretary also does not dispute Olsen's

18   showing that no bond should be required.

19       What the Secretary does dispute is that this Court lacks the power to

20   enjoin illegal conduct.  Opp. at 10-11.  That allegation is wholly without basis

REPLY RE: MOTION FOR PRELIMINARY
INJUNCTION - 9

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1  and does not merit further discussion.  Indeed, that argument was rejected in

2  the *Lewis v. Becerra* decision the Secretary relies on.  *See Lewis v. Becerra*,

3  2022 WL 123909 at *7-8 (D.D.C.  Jan. 13, 2022).

4      The Secretary also disputes that Olsen will suffer irreparable harm if the

5  injunction is not entered.  Respectfully, that is difficult to follow.  At the time

6  of this filing, Olsen has claims in this case that have been rejected based on

7  CMS 1682-R and has additional claims that are in the appeal process that are

8  rejected based on CMS 1682-R.  That Olsen has a CGM at this time is totally

9  dependent on the generosity of his supplier and willingness (to date) to provide

10  a CGM without payment.  Without the insurance coverage, Mr. Olsen (like

11  thousands of other Medicare insureds) would not be able to afford a CGM and

12  would suffer the serious risks a CGM was designed to prevent.

13      Further, of course, pursuant to § 1395hh, items issued not in compliance

14  with notice and comment "shall not take effect."  No amount of money would

15  compensate anyone (including Olsen) for a period where the item does take

16  effect and insureds face the uncertainty of coverage.

17  ### III.    CONCLUSION

18      For the reasons set forth above, this Court should enter an injunction as

19  requested.

20      //

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    Respectfully submitted this 1st day of March, 2022.

2                           PARRISH LAW OFFICES

3

4                   By: */s/ James C. Pistorino*
                        James C. Pistorino *pro hac vice*

5
                    BRESKIN, JOHNSON, & TOWNSEND,
6                   PLLC

7
                    By: *s/ Roger M. Townsend*
8                       Roger M. Townsend, WSBA No. 25525
                        rtownsend@bjtlegal.com
9                       1000 Second Ave, Suite 3670
                        Seattle, WA  98104
10                      Phone: (206) 652-8660

11                  *Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

REPLY RE: MOTION FOR PRELIMINARY
INJUNCTION - 11

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the state of Washington that on the date below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Vanessa R. Waldref
United States Attorney
John T. Drake
Assistant United States Attorney
UNITED STATED DEPARTMENT OF JUSTICE
920 W. Riverside Ave, Suite 340
Spokane, WA  99201

DATED this 1st day of March, 2022, at Seattle, Washington.

*s/ Julia Wolfe*
Julia Wolfe, Legal Assistant

REPLY RE: MOTION FOR PRELIMINARY
INJUNCTION - 12

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

# EXHIBIT A

**noridian**
Healthcare Solutions

Noridian Healthcare Solutions, LLC - JD
P.O. Box 6727
Fargo, ND 58108-6727

*Medicare*

**Return Service Requested**



AUTOMIXED AADC 630

3115 1 MB 0.482
ㅔ·ㅐㄷㄴㅔㄷㄴㅔㄷ·ㅐㅔㄷㄴㅔㄷㅐㄷ·ㅐ·ㄷ·ㅐ·ㅐ·ㅐ·ㄷ·ㅐㅔㄷ·ㅐㅔ·ㄷ
JEREMY P. OLSEN                        B
KAREN OLSEN FOR JEREMY P OLSEN
8111 E BIG MEADOWS RD
CHATTAROY, WA 99003-9538

DME MAC Jurisdiction D
PO Box 6727

Fargo, ND 58108-6727
Beneficiary Services:
1-800-MEDICARE
(1-800-633-4227)
1-877-486-2048 (TDD)
Provider Services:
1-877-320-0390

---

**Medicare Appeal Decision**

January 6, 2022

| | | | |
|---|---|---|---|
| Medicare Number: | XXXXX49QH63 | Document Control Number: | 21333000512 |
| Beneficiary: | Jeremy P. Olsen | | |
| Date(s) of Service: | October 13, 2021 | | |
| Claim Control Number(s): | 21288839976001 | | |

Dear Jeremy P. Olsen:

This letter is to inform you of the decision on your Medicare Appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for A9276-GX (Sensor; Invasive (e.g. Subcutaneous), Disposable, For Use With Interstitial Continuous Glucose Monitoring System, One Unit = 1 Day Supply).

The appeal decision is unfavorable. Our decision is that your claim is not covered by Medicare. The beneficiary may also be responsible for any copayments, coinsurance, or deductibles related to the covered portion of the service or item that is payable.

More information on the decision is provided below. If you disagree with this decision, you may request a reconsideration to the Qualified Independent Contractor (QIC), MAXIMUS Federal Services, Inc. You must file your appeal, in writing, within 180 days of receiving this letter. However, if you do not wish to appeal this decision, you are not required to take any action. For more information on how to request a reconsideration, see the section of this letter entitled, "Important Information About Your Appeal Rights."

A copy of this letter was also sent to Minimed Distribution Corp.

Noridian Healthcare Solutions (Noridian) was contracted by Medicare to review your appeal.



## Summary of the Facts

- Provider: Minimed Distribution Corp.
- Date(s) of Service: October 13, 2021
- Type(s) of Service: Diabetic Supplies
- A claim was submitted for 90 units of A9276-GX.
- An initial determination on this claim was made on November 24, 2021.
- The claim denied due to the following:
  Medicare does not pay for this item or service.
- On November 29, 2021 we received a request for a redetermination.
- How to Handle Denied Claims or File an Appeal, To Whom It May Concern letter, Medicare Summary Notice, Making the Most of Your Medicare and Your Claims for Part B was submitted with the request.

## Decision

We have found that the above mentioned claim is not covered by Medicare. We have also found that the beneficiary is responsible for payment of this service(s).

Note: If you are appealing more than one item or service, please note that your decision may be communicated in separate letters or Medicare Summary Notices.

## Explanation of the Decision

We reviewed the submitted documentation and information in your file. No payment will be made. The A9276-GX does not fall into one of the 10 categories. This item is not covered item. Medicare pays for Durable Medical Equipment (DME) when it is medically necessary for use in the beneficiary's home. If the item or service is only for use outside the home, it will be denied.

Under Medicare law, payment can be made for equipment that is used for medical purposes (Section 1862(a)(1)(A) of the Social Security Act (SSA) Title XVIII and Title 42 of the Code of Federal Regulations (CFR) Section 414.202). Based on the documentation submitted, this not primarily medical in nature.

The National Coverage Determination (NCD) for Durable Medical Equipment Reference List (280.1) states, "The term DME is defined as equipment which:

- Can withstand repeated use; i.e., could normally be rented and used by successive patients;
- Is primarily and customarily used to serve a medical purpose;
- Generally is not useful to a person in the absence of illness or injury; and,
- Is appropriate for use in a patient's home."

For an item to be covered by the Durable Medical Equipment (DME) Medicare Administrative Contractor (MAC) it must fall within one of 10 categories as outlined in DME MAC Jurisdiction D Online Supplier Manual Chapter 9. Please refer to Section 1862(a)(1)(A) of the SSA Title XVIII, Title 42 of the CFR, Section 414.202 and NCD 280.1 and DME MAC Jurisdiction D Online Supplier Manual Chapter 9 for further information.

## Who is Responsible for the Bill?



The service(s) in question denied as beneficiary responsibility. Therefore, the beneficiary is responsible for the denied charges.

**What to Include in Your Request for an Independent Appeal**

Special Note to Medicare Providers and Suppliers Only:
Any additional evidence should be submitted with the request for reconsideration. All evidence must be presented before the Reconsideration is issued. If all evidence is not submitted prior to the issuance of the reconsideration decision, you will not be able to submit any new evidence to the Administrative Law Judge or further appeal unless you can demonstrate good cause for withholding the evidence from the Qualified Independent Contractor.
NOTE: You do not need to resubmit documentation that was submitted as part of the redetermination. This information will be forwarded to the QIC as part of the case file utilized in the reconsideration process.

Sincerely,

Donna C.
Noridian Healthcare Solutions, LLC
A Medicare Contractor

CC: Minimed Distribution Corp.
Encl:

A CMS Contracted Medical Aministrative Contractor



\*\*\*\*\*\*\*\*\*\*\*

**What to Include in Your Request for a Reconsideration to the QIC, Maximus Federal Services, Inc.**

\*\*\*\*\*\*\*\*\*\*\*

## IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS

**YOUR RIGHT TO APPEAL THIS DECISION:** If you do not agree with the redetermination decision, you may file an appeal. The appeal is a review performed by people independent of those who have reviewed your claim thus far. The next level of appeals is called a reconsideration. A reconsideration is a new and impartial review performed by a Qualified Independent Contractor (QIC) separate and independent of Noridian Healthcare Solutions, LLC.

**HOW TO APPEAL:** To exercise your right to a reconsideration, you must file a request in writing. Your request must be received by the QIC at the address below within 180 days of this decision. You are presumed to have received this decision five days after the date of this letter unless there is evidence to show otherwise. If you are unable to file your Reconsideration request timely, please explain why you could not meet the filing deadline. You may request a reconsideration by using the Reconsideration Request Form enclosed with this letter.

If you do not use the Reconsideration Request Form, you may write a letter. You must include: your name, your signature, the name of the beneficiary, the Medicare number, a list of the service(s) or item(s) that you are appealing and the date(s) of service, and any evidence you wish to attach. You must also indicate that Noridian Healthcare Solutions, LLC made the redetermination. You may also attach supporting materials, such as those listed in item 10 of the enclosed Reconsideration Request Form or other information that explains why this service should be paid. Your doctor may be able to provide supporting materials.

If you want to file a reconsideration, please send your request to the QIC Reconsideration Contractor:

> MAXIMUS Federal Services, Inc.
> Medicare DME
> 3750 Monroe Avenue, Suite 777
> Pittsford, NY 14534

**Who May File an Appeal:** You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you.

If you want someone to act for you, you may visit http://www.medicare.gov/basics/forms/default.asp to download the "Appointment of Representative" form, which may be used to appoint a representative. Medicare does not require that you use this form to appoint a representative. Alternately, you may submit a written statement containing the same information indicated on the form. If you are a Medicare beneficiary, you may also call 1-800-MEDICARE (1-800-633-4227) to learn more about how to name a representative.

**Other Important Information:** If you want copies of statutes, regulations, policies, and/or manual instructions we used to arrive at this decision, or if you have any questions specifically related to your appeal, please write to us at the following address and attach a copy of this letter:

Noridian Healthcare Solutions



A Medicare Contractor
PO Box 6727
Fargo, ND 58108-6727

**Resources for Medicare Beneficiaries:** If you want help with an appeal, or if you have questions about Medicare, you can have a friend or someone else help you with your appeal. You can also contact your State health insurance assistance program (SHIP). You can find the phone number for your SHIP in your "Medicare & You" handbook, under the "Helpful Contacts" section of www.medicare.gov website, or by calling 1-800-MEDICARE (1-800-633-4227). Your SHIP can answer questions about payment denials and appeals. For general questions about Medicare, you can call 1-800-MEDICARE (1-800-633-4227), TTY/TDD: 1-877-486-2048.

Remember that specific questions about your appeal should be directed to the contractor that is processing your appeal.

**Other Resources to Help You:**

**Beneficiary Services:**
Beneficiary Call Center-----------------------------------------------------------1-800-MEDICARE (1-800-633-4227)
Beneficiary TDD------------------------------------------------------------------1-877-486-2048
Beneficiary Website--------------------------------------------------------------www.medicare.gov

**Provider Services:**
Interactive Voice Recognition (IVR)/Provider Call Center-----------------1-877-320-0390
Provider TTY/TTD----------------------------------------------------------------1-866-879-2704
Noridian Medicare Website -------------------------------------------------https://med.noridianmedicare.com/web/jddme



## Reconsideration Request Form

Redetermination/Appeals Number:    21333000512

**Directions**: If you wish to appeal this decision, please fill out the required information below and mail this form to the address shown below. Items 1, 2, 6, 9a, 9b, & 13 are mandatory; but to help us serve you better, please include a copy of the redetermination notice and complete the information below.

MAXIMUS Federal Services, Inc.
Medicare DME
3750 Monroe Avenue, Suite 777
Pittsford, NY 14534

1.  Name of Beneficiary: _____
2.  Medicare Number: _____
3.  Claim Number (ICN/DCN, if available): _____
4.  Person Appealing: _____
    □ Beneficiary          □ Provider of Service
    □ Representative
5.  Provider Name: _____

6.  **Name of Person Appealing:** _____    **Phone:** _____
    Date:    ____ / ____ / ____

7.  Address of the Person Appealing: _____

8a. Telephone Number of the Person Appealing: _____
8b. Email Address of the Person Appealing: _____
9.  Item or service you wish to appeal:

| 9a. Date of Service(s) | 9b. Description of the Item/Service You wish to Appeal (for example, Procedure Code/DRG) | 9c. Claim Number(s) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

10. Does this appeal involve an overpayment?    □ Yes          □ No
    *Please include a copy of the demand letter with your request.
11. Why do you disagree? Or what are your reasons for your appeal? (Attach additional pages, if necessary): _____

12. You may also include any supporting material to assist your appeal. Examples of supporting materials include:
    □ Medical Records          □ Office Records/Progress Notes
    □ Copy of the Claim         □ Treatment Plan
    □ Certificate of Medical Necessity
13. Medicare Administrative Contractor (MAC) Number     19003





**Nondiscrimination Notice -** The Centers for Medicare & Medicaid Services (CMS) doesn't exclude, deny benefits to, or otherwise discriminate against any person on the basis of race, color, national origin, disability, sex, or age. If you think you've been discriminated against or treated unfairly for any of these reasons, you can file a complaint with the Department of Health and Human Services, Office for Civil Rights by:

- Calling 1-800-368-1019. TTY users should call 1-800-537-7697.
- Visiting hhs.gov/ocr/civilrights/complaints.
- Writing: Office for Civil Rights, U.S. Department of Health and Human Services, 200 Independence Avenue SW, Room 509F, HHH Building, Washington, D.C. 20201

**Notice of Availability of Auxiliary Aids & Services -** We're committed to making our programs, benefits, services, facilities, information, and technology accessible in accordance with Sections 504 and 508 of the Rehabilitation Act of 1973. We'll take appropriate steps to make sure that people with disabilities, including people who are deaf, hard of hearing or blind, or who have low vision or other sensory limitations, have an equal opportunity to participate in our services, activities, programs, and other benefits. We provide various auxiliary aids and services to communicate with people with disabilities, including:

- Relay service — TTY users should call 1-877-486-2048.
- Alternate formats — This Medicare Redetermination Notice is available in alternate formats, including large print, Braille, data CD and audio CD. To request your notice in an alternate format, call 1-800-MEDICARE (1-800-633-4227). TTY users should call 1-877-486-2048.

**Aviso sobre la discriminación -** Los Centros de Servicios de Medicare y Medicaid (CMS) no excluye, niega beneficios o discrimina contra ninguna persona por motivos de raza, color, origen nacional, incapacidad, género o edad. Si cree que ha sido discriminado o tratado injustamente por cualquiera de estos motivos, puede presentar una queja ante el Departamento de Salud y Servicios Humanos, Oficina de Derechos Civiles:

- Llamando al 1-800-368-1019. Los usuarios de TTY deben llamar al 1-800-537-7697.
- Visitando hhs.gov/ocr/civilrights/complaints.
- Escribiendo a la: Oficina de Derechos Civiles del Departamento de Salud y Servicios Humanos 200 Independence Avenue, SW Room 509F, HHH Building Washington, D.C. 20201

**Ayuda y servicios auxiliares para personas con incapacidades -** Medicare está dedicado a ofrecerles a todos sus beneficiarios los programas, beneficios, servicios, dependencias, información y su tecnología, en cumplimiento con las Secciones 504 y 508 de la Ley de Rehabilitación del 1973. Medicare tomará las medidas necesarias para asegurarse de que las personas incapacitadas, entre los que se incluyen los que tiene problemas auditivos, son sordos, ciegos, tienen problemas visuales u otro tipo de limitaciones, tengan las mismas oportunidades de participar y aprovechar los programas y beneficios disponibles. Medicare ofrece varios servicios y ayuda para facilitar la comunicación con las personas incapacitadas incluyendo:

- Servicios de retransmisión de mensajes — Los usuarios de TTY deben llamar al 1-877-486-2048.
- Formatos alternativos — Los productos de Medicare, incluyendo esta redeterminación, están disponible en letra grande, versión digital, Braille y audio. Para ordenar su aviso en un formato alternativo, llame al 1-800-MEDICARE (1-800-633-4227). Los usuarios de TTY deben llamar al 1-877-486-2048.

ATTENTION: If you speak a language other than English, language assistance services, free of charge, are available to you. Call 1-800-MEDICARE (TTY: 1-877-486-2048).

**(Arabic) العربية** ملاحظة: إن كنت تتحدث لغة اخرى غير الانجليزية، فإن خدمات المساعدة اللغوية متوافرة لك بالمجان. اتصل بالرقم 1-800-MEDICARE(الهاتف النصي: 2048-486-877-1).

**հայերեն (Armenian)** ՈՒՇԱԴՐՈՒԹՅՈՒՆ՝ Եթե խոսում եք հայերեն, ապա ձեզ անվճար կարող են տրամադրվել լեզվական աջակցության ծառայություններ: Զանգահարեք 1-800-MEDICARE (TTY (հեռատիպ)՝ 1-877-486-2048)