Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Brian M. Donovan
John T. Drake
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY OLSEN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services,<br><br>　　　　　　　Defendant. | No. 2:21-CV-00326-SMJ<br><br>SUR-REPLY IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION |

Defendant Xavier Becerra, in his official capacity as Secretary of the United States Department of Health and Human Services, ("Defendant"), through counsel, submits the following sur-reply in opposition to Plaintiff's motion for preliminary injunction. This sur-reply is supported by the Declaration of Pamela Durbin ("Durbin Decl."), and the Declaration of John T. Drake ("Drake Decl."), filed herewith.

//

//

//

SUR-REPLY IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION - 1

## I. SUR-REPLY ARGUMENT

There are two claims for Medicare reimbursement at issue in this case. The first is for reimbursement of a 90-day supply of continuous glucose monitor ("CGM") sensors that Plaintiff's supplier, MiniMed Distribution Corp. ("MiniMed") furnished to Plaintiff on April 19, 2019 (the "**April 2019 claim**"). Pl.'s Compl., ECF No. 1 at ¶¶ 63-66. The second is for a 90-day supply of CGM sensors that MiniMed furnished to Plaintiff on March 10, 2021 (the "**March 2021 claim**"). Pl.'s Compl., ECF No. 1 at ¶¶ 67-90.

Plaintiff contends in his reply brief that both claims were "rejected" by the Secretary on "grounds that this Court has already found constitute 'bad faith.'" ECF No. 22 at 1, 2, 8, 10. Respectfully, that is not accurate.

The April 2019 and March 2021 claims were submitted to and denied by the Secretary's Medicare Administrative Contractor, Noridian Healthcare Solutions ("Noridian") before this Court's bad faith ruling in *Olsen I*, which was entered on April 20, 2021. *See Olsen v. Becerra*, Case No. 20-CV-0374-SMJ, ECF No. 50 (order awarding market-rate attorney's fees based upon finding that the Secretary acted in bad faith). After the Court's April 20, 2021 bad faith ruling, the Centers for Medicare & Medicaid Services ("CMS") directed Noridian to pay the reimbursement claim at issue in *Olsen I*, and to implement a system to ensure that Plaintiff's future CGM-related claims would be paid going forward. Durbin Decl. at ¶ 3 & Exhibit A, page 2 of 23. That direction was issued to Noridian on July 13, 2021. Durbin Decl. at ¶ 3 &

SUR-REPLY IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION - 2

Exhibit A, page 2 of 23.

Noridian paid the claim at issue in *Olsen I*—as well as the April 2019 and March 2021 claims at issue in this case—two days later, on July 15, 2021.[1]  Durbin Decl. at ¶ 4 & Exhibit B, page 2 of 5.  The April 2019 claim was paid under claim number 19112897095001; the March 2021 claim was paid under claim number 21076836253001.  Durbin Decl. at ¶ 4 & Exhibit B, page 2 of 5.  These claim numbers were "replacement" claim numbers created by Noridian to replace the original (denied) claim numbers for the April 2019 claim (19112897095000), and March 2021 claim (21076836253000).

In short, the April 2019 and March 2021 claims were not "rejected" by the Secretary; they were paid.  Nor were these claims rejected in defiance of this Court's bad faith ruling in *Olsen I*; the original denials (which the Secretary subsequently reversed) occurred before the bad faith ruling was issued.  Plaintiff's assertions to the contrary appear to be grounded in his mistaken belief that these claims had *not* been paid (or, potentially, in his mistaken supposition that the claims were paid much later, and only after the Secretary realized that he intended to file this lawsuit).

To be clear, Defendant does not presently have any reason to believe that Plaintiff knew that the April 2019 and March 2021 claims had been paid on July 15,

---

[1] Noridian also paid 8 other CGM-related claims that had been denied prior to the April 20, 2021 bad faith ruling on the same day.  Durbin Decl. at ¶ 4 & Exhibit B.

SUR-REPLY IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION - 3

2021, at the time this lawsuit was filed. It is entirely possible that the entity to which the payments were issued—Plaintiff's supplier, MiniMed—never told Plaintiff that it had received payment from Noridian.[2] Nonetheless, the fact that CMS facilitated payment of these claims shortly after this Court's bad faith ruling in *Olsen I* renders Plaintiff's allegations of continued bad faith entirely unsupported.

Plaintiff also contends in his reply brief that the Secretary has rejected *other* claims that are not at issue in this case, but which he is currently appealing through the administrative appeal process, including a claim for reimbursement of a 90-day supply of sensors furnished to Plaintiff on October 13, 2021 (the "October 2021 claim"). ECF No. 22 at 2, 4, 7, 10 & Exhibit A. That, too, is inaccurate.

Noridian originally denied the October 2021 claim by mistake, due to an employee's failure to re-code the claim pursuant to the instructions issued by CMS on July 13, 2021. Durbin Decl. at ¶ 4 & Exhibit B, pages 3-4 of 5. But Noridian subsequently corrected its error, and paid the October 2021 claim on December 27, 2021. Durbin Decl. at ¶ 4 & Exhibit B, pages 2, 3-4 of 5. The October 2021 claim was paid under claim number 21288839976002. Durbin Decl. at ¶ 4 & Exhibit B,

---

[2] Undersigned counsel informed counsel for Plaintiff in late February that the April 2019 and March 2021 claims had been paid by Noridian in July 2021. *See* Drake Decl., Exhibit A (email dated February 25, 2022) and Exhibit B (email dated February 28, 2022).

SUR-REPLY IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION - 4

page 2 of 5. This was a "replacement" claim number created by Noridian to replace the original (erroneously denied) claim number for this claim (21288839976001).

Here again, Plaintiff's allegations regarding the October 2021 claim appear to be grounded in a mistaken belief that this claim had *not* been paid. The fact that this claim was originally denied in error by a contractor, while admittedly unacceptable, does not amount to continued bad faith by the Secretary. Nor does it warrant the issuance of Plaintiff's requested preliminary injunction.

## II.   CONCLUSION

The reimbursement claims at issue in this case were paid by the Secretary shortly after this Court's bad faith ruling in *Olsen I*. Another claim, which is not at issue, was originally denied in error by a contractor. But that error has been corrected, and the claim has been paid. Plaintiff's allegations of continued bad faith are factually unsupported, and do not warrant issuance of the requested preliminary injunction. The Court should deny the motion.

DATED this 12th day of March, 2022.

                                          Vanessa R. Waldref
                                          United States Attorney

                                        *s/John T. Drake*
                                        Brian M. Donovan
                                        John T. Drake
                                        Assistant United States Attorneys

# CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2022, I caused to be delivered via the method listed below the document to which this Certificate of Service is attached (plus any exhibits and/or attachments) to the following:

| NAME & ADDRESS | Method of Delivery |
|---|---|
| Roger Townsend<br>BRESKIN JOHNSON TOWNSEND<br>1000 Second Ave., Suite 3670<br>Seattle, WA 98104 | ☒ CM/ECF System<br>☐ Electronic Mail<br>☐ U.S. Mail<br>☐ Other: _____ |
| James Pistorino<br>PARRISH LAW OFFICES<br>788 Washington Road<br>Pittsburgh, PA 15228 | ☒ CM/ECF System<br>☐ Electronic Mail<br>☐ U.S. Mail<br>☐ Other: _____ |

*s/John T. Drake*
John T. Drake