# EXHIBIT B

**Drake, John (USAWAE)**

| | |
|---|---|
| **From:** | Drake, John (USAWAE) |
| **Sent:** | Monday, February 28, 2022 11:59 AM |
| **To:** | James Pistorino |
| **Cc:** | Donovan, Brian (USAWAE); Roger Townsend |
| **Subject:** | RE: FW: [EXTERNAL] Nancy Kidwell has invited you to work together in "ADMINISTRATIVE RECORD.zip" file on Box |
| **Attachments:** | 3-10205345873 level 3 record.zip |

James,

The payment issue appears to be pretty straightforward.  Here is my current understanding of what happened.

The March 10, 2021 claim was paid by the Medicare Administrative Contractor, Noridian Healthcare Solutions (MAC) on **July 15, 2021**.  At that time, Mr. Olsen had a reconsideration request pending before the Qualified Independent Contractor, Maximus Federal (QIC).  Apparently not realizing that the MAC had already corrected its error and paid the claim, the QIC denied the reconsideration request on August 24, 2021.  Thereafter, as reflected in the timeline below, Mr. Olsen continued to pursue his appeal through an ALJ decision.

| March 2021 Claim | Date |
|---|---|
| Initial Denial by Noridian (MAC) | 4/16/2021 |
| Redetermination Reqest (MAC) | 5/3/2016 |
| Redetermination Decision (MAC) | 6/16/2021 |
| Reconsideration Request (QIC) | 6/30/2021 |
| CLAIM PAID | 7/15/2021 |
| Reconsideration Decision (QIC) | 8/24/2021 |
| ALJ Hearing Request | 9/7/2021 |
| ALJ Hearing | 10/8/2021 |
| ALJ Decision | 10/26/2021 |
| Appeal to Medicare Appeals Council | none |
| Medicare Appeals Council Decision | none |

Based on my review of the ALJ appeal record (attached), it does not appear that Mr. Olsen disclosed to the ALJ that the claim had been paid.  To the contrary, Mr. Olsen appears to have represented to the ALJ during the October 8, 2021 hearing that the claim had *not* been paid, and that the agency was *continuing* to rely on CMS 1682-R to deny coverage.  See audio recording of ALJ hearing at 5:19 – 5:26 ("So, just the short of it is, [CMS 1682-R] issued illegally, and is being illegally used to deny Mr. Olsen's claim."); *id.* at 6:04 – 6:16 ("So, again, just in sum, I contend that CMS 1682-R issued illegally, and that it is being illegally used to deny Mr. Olsen's claim.").

Would you mind clearing this up for us?  Did Mr. Olsen know that the claim had been paid by the MAC in July when he went before the ALJ in October?  Did he know that before he filed this lawsuit in November?  Obviously we cannot fault Mr. Olsen for continuing to pursue his appeal or for filing this lawsuit if he did not know that the claim had been paid by the MAC in July 2021.  But, if he *did* know that, we have some concerns that we'll want to discuss with you – particularly with respect to Paragraphs 3-6, 62, and 72-90 of Mr. Olsen's complaint.

As to the April 19 - July 18, 2019 claim, there isn't much there.  That claim was also paid by the MAC on **July 15, 2021**.  At that time, Mr. Olsen's administrative appeal was pending before the Medicare Appeals Council.  The payment was made

a few months after Mr. Olsen prevailed on summary judgment and obtained a "bad faith" attorney's fee award in Olsen I. Most respectfully, I do not see how paying that claim amounted to "bad faith conduct in an effort to delay/shield the Secretary from judicial review." Paying the claim in response to a federal court judgment was not bad faith.

| April/June 2019 Claim | Date |
|---|---|
| Initial Denial by Noridian (MAC) | 6/14/2019 |
| Redetermination Reqest (MAC) | 7/5/2019 |
| Redetermination Decision (MAC) | 7/25/2019 |
| Reconsideration Request (QIC) | 10/7/2019 |
| Reconsideration Decision (QIC) | 11/26/2019 |
| ALJ Hearing Request | 12/3/2019 |
| ALJ Hearing | 1/8/2020 |
| ALJ Decision | 1/31/2020 |
| Appeal to Medicare Appeals Council | 2/11/2020 |
| Olsen I Judgment | 2/23/2021 |
| Olsen I Bad Faith Ruling | 4/20/2021 |
| CLAIM PAID | 7/15/2021 |
| Medicare Appeals Council Decision | 10/22/2021 |

Please let us know your thoughts on the above. From our perspective, it might make sense to revisit our discussions about resolving this case informally.

John



**John T. Drake**
**Assistant U.S. Attorney**
**United States Attorney's Office**
**Eastern District of Washington**
920 West Riverside Avenue | Suite 340
P.O. Box 1494 | Spokane WA 99201
Direct: (509) 835-6347
Cell: (509) 481-5665

---

**From:** James Pistorino <james.pistorino@gmail.com>
**Sent:** Friday, February 25, 2022 4:34 PM
**To:** Drake, John (USAWAE) <JDrake@usa.doj.gov>
**Cc:** Donovan, Brian (USAWAE) <BDonovan@usa.doj.gov>; Roger Townsend <rtownsend@bjtlegal.com>
**Subject:** Re: FW: [EXTERNAL] Nancy Kidwell has invited you to work together in "ADMINISTRATIVE RECORD.zip" file on Box

John,

I saw that you just filed something so this may not matter anymore.

In any event, to be clear, personally, I do not care about the Record.

That said, I know from the first case that Judge Mendoza does.
In the first case, I filed an MSJ using my own copies of the administrative materials and Judge Mendoza refused to rule on the MSJ until the certified copy was filed.
Technically, I think Judge Mendoza is correct, even though I might not be as much of a stickler as he is.

As to the Record, again, whatever your position on finality, that does not change what the Record constitutes.
If you file the complete Record, you are not waiving anything, I certainly would not contend that you did, and you can argue whatever you want.
I may think it is wrong/disagree with your position, but you will not waive anything.

As to payment/non-payment, there is a complicated history here of what Olsen contends is bad faith conduct in an effort to delay/shield the Secretary from judicial review.
If you want to talk about it, just give me a call.

Regards,
James


On Fri, Feb 25, 2022 at 3:40 PM Drake, John (USAWAE) <John.Drake2@usdoj.gov> wrote:

> James,
>
> Respectfully, your comment about the docket not reflecting "compliance with the statute" is incorrect.  The statute you're referencing, 42 U.S.C. § 405(g), provides for judicial review after a "final decision" by the agency.  Because there was no "final decision" as to the March 10, 2021 claim, the statutory requirement to file an administrative record of that (non-final) decision was not triggered.
>
> With that said, I have no interest in fighting about this.  If you feel strongly about having an administrative record prepared for the March 10, 2021 claim, we will put one together.  All I would ask in return is that you agree (in response to this email is fine) that we are not waving any applicable defenses by preparing and filing an administrative record for the March 10, 2021 claim.  I think that's a reasonable compromise that will allow us to keep things moving forward.
>
> As to the payment issue, I have some additional information to share.  We received a remittance notice from the Medicare Administrative Contractor, Noridian Healthcare Solutions, which, as far as I can tell, shows that both claims at issue in this lawsuit – the April 19 - July 18, 2019 claim and the March 10, 2021 claim – were paid in July 2021.  Please take a look at the attached PDF.  There is an MSN to Mr. Olsen dated 10/1/21, and a remittance notice to MiniMed Distribution Corp. dated 07/20/21.  I highlighted the claim numbers in the MSN and the corresponding payments in the remittance notice.
>
> Unless I'm misreading something, both claims were paid in July 2021.  Was Mr. Olsen aware of that at the time he was pursuing his administrative appeals?  At the time he filed this lawsuit?  I think that changes the complexion of this case somewhat.  Perhaps we could carve out some time to talk next week.  My calendar is relatively clear on Monday and Tuesday.  Please let me know what might work best for you.