1

Roger M. Townsend
BRESKIN, JOHNSON & TOWNSEND, PLLC
1000 Second Ave, Suite 3670
Seattle, WA 98104
Phone: (206) 652-8660

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF WASHINGTON

7

| JEREMY OLSEN, | No. 2:21-cv-00326-SMJ |
|---|---|
| Plaintiff, | SUR-REPLY RE: MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services, | |
| Defendant | |

8

9

10

11

12

13

14

15

16

17

18

19

20

The gist of the Secretary's filing of March 12, 2022, (*see* Dkt. #27),[1] is:

1) the Secretary had a plan where he could continue engaging in bad faith conduct (while simultaneously avoiding or delaying judicial review) but he was incompetent to execute the plan (and, therefore, has not really engaged in bad faith); and

2) when the Secretary subjects people to financial liability by denying claims, the Secretary would prefer if that is not referred to as "rejecting" claims. Neither of these has any affect on the pending motion for a preliminary injunction.

**The Secretary's Plan to Continue to Engage in Bad Faith**

As offered by the Secretary and shown in the attached exhibits, the decisions of five District Courts describing the Secretary's CGM policy as "unreasonable", "arbitrary and capricious", "no evidence supports", "no

---

[1] The Secretary's paper includes as exhibits materials that are not part of the Administrative Record and were not previously communicated to Mr. Olsen. Accordingly, Mr. Olsen objects to consideration of these materials pursuant to 42 U.S.C. § 405(g). Mr. Olsen also notes that a complete copy of the Record still has not been filed with this Court, thereby preventing Olsen from moving for summary judgment.

REPLY RE: MOTION FOR PRELIMINARY
INJUNCTION - 1

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1   reasonable person would be satisfied by, and "no reasonable basis" did not

2   phase the Secretary in the slightest.  That the Secretary had been ordered to pay

3   attorney's fees four times also did not phase him.  In the Secretary's telling, he

4   promptly reacted to this Court's "bad faith" finding by – continuing to reject

5   CGM claims on the bad faith grounds.  After three months, the Secretary

6   implemented a plan he has to continue to engage in the bad faith conduct, while

7   shielding himself from/delaying judicial review.

8        The plan is this: when a court rejects his bad faith position, the Secretary

9   re-programs his computer systems so that only claims submitted by the plaintiff

10  in that case are paid, while everybody else's CGM claims continue to be

11  rejected on the bad faith grounds.  *See* Dkt. #28, Exhibit B - December 22, 2021

12  email from Connie Modahl ("I did this because the VMS system is hard coded

13  to deny this HCPCS A9276.  This code is non-covered; however, we have been

14  instructed in certain cases to pay this code when CMS advises us due to a court

15  order.").

16       In Mr. Olsen's case, the plan was triggered by a July 13, 2021, email

17  from Pamela Durbin.  *See* Dkt. #28, Exhibit A - July 13, 2021 email from

18  Pamela Durbin ("Please pay the claims as soon as possible and implement a

19  system to pay all CGM-related claims *for this beneficiary going forward*.")

20  (emphasis added).

REPLY RE: MOTION FOR PRELIMINARY
INJUNCTION - 2

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    One problem - the Secretary was not competent to execute the plan and

2    Mr. Olsen's claims kept getting rejected on the bad faith grounds. *See* Dkt. #28,

3    Exhibit B - December 22, 2021, email from Connie Modahl ("The claims

4    associate should have changed the code to a 'not otherwise classified' code to

5    allow it to be manually allowed and processed.  Unfortunately, she did not

6    change the code, and the system denied the claim.  The associate has been re-

7    educated on the need to change the code *in this unique situation*.") (emphasis

8    added).  Thus, the plan did not work.  The Secretary seems to think that this

9    course of conduct is somehow redeeming.

10    Instead, the conduct demonstrates that the Secretary does not

11    understand what an award of attorney's fees (especially through a "bad

12    faith" finding) is intended to accomplish.  "The clearly stated objective of

13    the EAJA is to eliminate financial disincentives for those who would defend

14    against unjustified governmental action *and thereby deter the unreasonable*

15    *exercise of Government authority*."  *See Ardestani v. I.N.S.*, 502 U.S. 129,

16    138 (1991) (emphasis added).  Moreover, EAJA:

17    [R]ests of the premise that a party who chooses to litigate an
       issue against the Government is not only representing his or her
18    own vested interest but is also refining and formulating public
       policy.  An adjudication or civil action provides a concrete,
19    adversarial test of Government regulations and thereby insures
       the legitimacy and fairness of the law.

20

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    *See Ibrahim v. D.H.S.*, 912 F.3d 1147, 1178 (9th Cir. 2019) (*en banc*) (cleaned

2    up).

3        Here, rather than change his bad faith conduct, the Secretary thought he

4    had a plan to continue it and avoid/delay judicial review but he was not

5    competent to execute it.  Again, Mr. Olsen does not see how any of this

6    improves the Secretary's position.

7        **The Secretary's Objection to the Word "Reject"**

8        In his papers, Mr. Olsen showed that his claims continue to be denied on

9    the bad faith grounds including in a denial he received on January 6, 2022.  Mr.

10   Olsen described these as "rejections."  Though the denials are outstanding and

11   Mr. Olsen continues to receive them, the Secretary says these claims were not

12   "rejected" because the Secretary has some internal emails where they

13   simultaneously tried to pay them.  *See* Dkt. #27 at 2.  At a minimum, this means

14   that Mr. Olsen is subject to recoupment from the Secretary.  *See* 42 C.F.R. §

15   405.352.  In fact, this situation is exactly what is described in the Complaint.

16   *See* Dkt. #1 at ¶¶ 76-78.  The Secretary's quibble with the word "reject" has no

17   merit.

18                              **CONCLUSION**

19       For the reasons set forth above, this Court should enter an injunction as

20   requested.

REPLY RE: MOTION FOR PRELIMINARY
INJUNCTION - 4

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    Respectfully submitted this 16th day of March, 2022.

2

3                              PARRISH LAW OFFICES

4                      By: /s/ James C. Pistorino

5                          James C. Pistorino
                           Pro Hac Vice

6    BRESKIN, JOHNSON, & TOWNSEND,
     PLLC
7

8                      By: s/ Roger M. Townsend

9                          Roger M. Townsend, WSBA No. 25525
                           rtownsend@bjtlegal.com
10                         1000 Second Ave, Suite 3670
                           Seattle, WA  98104
11                         Phone: (206) 652-8660

12                         *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

1

## CERTIFICATE OF SERVICE

2          I hereby certify under penalty of perjury under the laws of the state

3    of Washington that on the date below, I electronically filed the foregoing

     document with the Clerk of the Court using the CM/ECF system which
4
     will send notification of such filing to all counsel of record.

5
          Vanessa R. Waldref
6         United States Attorney
          John T. Drake
          Assistant United States Attorney
7         UNITED STATED DEPARTMENT OF JUSTICE
          920 W. Riverside Ave, Suite 340
          Spokane, WA  99201
8

9         DATED this 1st day of March, 2022, at Seattle, Washington.

10
                         s/ Julia Wolfe
11                       Julia Wolfe, Legal Assistant

12

13

14

15

16

17

18

19

20

REPLY RE: MOTION FOR PRELIMINARY
INJUNCTION - 6

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660