IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

JEREMY OLSEN,

    Plaintiff,

v.

XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services,

    Defendant

No. 2:21-cv-00326-SMJ

PLAINTIFF'S RESPONSE TO COURT ORDER OF MARCH 21, 2022

1     By its Order of March 21, 2022, the Court directed Mr. Olsen to submit
2 a status report of outstanding claims that had not been paid. *See* Dkt. #34.

3     On October 13, 2021, Mr. Olsen received a 90-day supply of sensors for
4 use with his CGM. That claim was denied in a Medicare Summary Notice
5 (MSN) sent on November 10, 2021. *See* Exhibit A. As shown there, the claim
6 was coded A9276-GX, which is a code for claims that are deemed not covered
7 because they do not comply with CMS 1682-R as specified in LCA A52464.
8 Mr. Olsen timely appealed for redetermination on November 24, 2021.

9     The Secretary contends that he instructed Noridian to pay this claim and
10 has internal documents saying that the claim was paid on December 27, 2021.
11 *See* Dkt. #28, Ex. B at 3. Mr. Olsen has received no communication from the
12 Secretary indicating that has happened, though the Secretary's website indicates
13 so.

14     Mr. Olsen's request for redetermination was denied on January 6, 2022.
15 Thus, after the date the Secretary contends the claim was paid, Mr. Olsen
16 received a communication rejecting his claim. This rejection was attached as
17 Exhibit A to Mr. Olsen's reply in support of his motion for preliminary
18 injunction. *See* Dkt. #22. For the Court's convenience another copy is attached
19 hereto as Exhibit B. As shown there, the claim is rejected because anything
20 coded A9276 (as dictated by CMS 1682-R) does not fall within a benefit

category. Further, as stated there: "We have also found that the beneficiary [*i.e.*, Mr. Olsen] is responsible for payment of this service(s)." *Id*. at 3.

Mr. Olsen timely appealed for reconsideration on February 23, 2022. On March 1, 2022, the Qualified Independent Contractor (QIC) responded indicating that they had received the request for reconsideration. *See* Exhibit C. Pursuant to the statute, the QIC has 60 days from receipt to address Mr. Olsen's claim – *i.e.*, April 24, 2022. However, pursuant to 42 C.F.R. § 405.1063, the QIC is bound by CMS 1682-R and must deny Mr. Olsen's claim. Likewise, ALJs and the Medicare Appeals Council are bound by CMS Rulings (like CMS 1682-R) and must deny Mr. Olsen's claim.

In addition, on January 24, 2022, Mr. Olsen received another supply of sensors and that claim was submitted to the Secretary. To date, Mr. Olsen has received no communication from the Secretary approving or rejecting this claim, though the Secretary's website indicates it was paid.

Thus, at this time, Mr. Olsen cannot say whether the October 13, 2021, and/or January 24, 2022, claims have been paid. Regardless of whether the October 13, 2021, claim was paid, the outstanding rejection by the Secretary contends that Mr. Olsen is personally liable to pay the claim. *See* Exhibit B at 3.

1  With regard to the January 24, 2022, claim, Mr. Olsen does not know its status. However, if CMS 1682-R is applied to it (as Noridian is required to), the claim will be rejected.

4  Regardless of payment, if a claim is also rejected, Mr. Olsen is subject to recoupment from the Secretary. *See* 42 C.F.R. § 405.352. In fact, this situation is exactly what is described in the Complaint with respect to the three claims-in-suit. *See* Dkt. #1 at ¶¶ 76-78. Thus, Mr. Olsen must keep appealing the denials or face financial liability.

9  The rejection of claims while paying them is the result of the Secretary's effort to continue enforcing a "bad faith" policy. That policy has presumably contributed to the premature deaths, blindness, and amputations of thousands. The Secretary attempts to avoid/delay judicial scrutiny without remedying the bad faith policy. All of this is discussed in Mr. Olsen's filing of March 16, 2022. *See* Dkt. #31.

15  Mr. Olsen's counsel stands ready to answer any questions the Court may have.

17  //

18  //

19  //

1  Respectfully submitted this 22nd day of March, 2022.

2  PARRISH LAW OFFICES

3

4  By: */s/ James C. Pistorino*
   James C. Pistorino
   Pro Hac Vice

5

6  BRESKIN, JOHNSON, & TOWNSEND, PLLC

7

8  By: *s/ Roger M. Townsend*
   Roger M. Townsend, WSBA No. 25525
   rtownsend@bjtlegal.com
   1000 Second Ave, Suite 3670
   Seattle, WA  98104
10 Phone: (206) 652-8660

11 *Attorneys for Plaintiff*

PLAINTIFF'S RESPONSE TO COURT ORDER
OF MARCH 21, 2022 - 4

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the state of Washington that on the date below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

>Vanessa R. Waldref
>United States Attorney
>John T. Drake
>Assistant United States Attorney
>UNITED STATED DEPARTMENT OF JUSTICE
>920 W. Riverside Ave, Suite 340
>Spokane, WA  99201

DATED this 22 day of March, 2022, at Seattle, Washington.

>*s/ Julia Wolfe*
>Julia Wolfe, Legal Assistant