1  Vanessa R. Waldref
2  United States Attorney
   Brian M. Donovan
3  John T. Drake
   Assistant United States Attorneys
4  Post Office Box 1494
5  Spokane, WA 99210-1494
   Telephone: (509) 353-2767
6

7

8              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF WASHINGTON
9

10 JEREMY OLSEN,
                                        No. 2:21-cv-00326-SMJ
11                      Plaintiff,
12          vs.
                                        SECOND AMENDED ANSWER
13 XAVIER BECERRA, in his official
   capacity as Secretary of the United States
14 Department of Health and Human
15 Services,

16
                        Defendant.
17

18      The Defendant, Xavier Becerra, Secretary of Health and Human Services

19 ("Defendant"), through counsel, respectfully files this Second Amended Answer to

20 Plaintiff's Complaint, ECF No. 1.  The Secretary notes that, pursuant to 42 U.S.C.

21
   § 1395ff(b)(1)(A), the Court's review in this action is based solely on the
22

23 administrative record, rather than the allegations of the parties in their respective

24
   pleadings.
25

26 //

27 //

28

SECOND AMENDED ANSWER - 1

**PREFATORY STATEMENT**

"It is often better to acknowledge an obvious mistake than defend it." *Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 555 (5th Cir. 2015). There are two claims for Medicare reimbursement at issue in this case. The first is for a 90-day supply of continuous glucose monitor ("CGM") sensors with a date of service of April 19 – July 18, 2019 (the "April 2019 claim"). The second is for a 90-day supply of CGM sensors with a date of service of March 10, 2021 (the "March 2021 claim"). Defendant concedes that the Secretary erred in denying coverage for both claims. First and foremost, Plaintiff was entitled to have these claims covered based on *res judicata* after judgment was entered in his favor in *Olsen v. Becerra*, Case No. 20-cv-00374-SMJ ("*Olsen I*"), consistent with the Secretary's practice of paying such claims for beneficiaries who receive court judgments in their favor.[1] Additionally, the Secretary's recently-issued Durable Medical Equipment ("DME") final rule makes clear that claims submitted for CGM sensors and transmitters used with insulin pumps, like the Medtronic MiniMed device that Plaintiff uses, were "being denied inappropriately based on" CMS Ruling 1682-R (Jan. 12, 2017), *see* 86 Fed. Reg. 73,860, 73,898 (Dec. 28, 2021), and that error also occurred here.[2]

---

[1] *See* Decl. of Larry D. Young ¶¶ 3–5, ECF No. 32-1, *Lewis v. Becerra*, No. 18-CV-02929 (July 12, 2019) (explaining that the claims of beneficiaries who have won court judgments are treated differently than ordinary claims).

[2] The December 2021 Final Rule explained that CMS Ruling 1682-R "only addressed the classification of CGM receivers as DME and did not address coverage of CGM sensors and transmitters used with insulin pumps." 86 Fed. Reg. at 73,898. Further,

SECOND AMENDED ANSWER - 2

Defendant is diligently investigating why the Secretary denied coverage for these claims after the *Olsen I* judgment was entered.[3]  From the information available to date, it appears that two independent errors were made.  First, the Secretary did not promptly inform its Medicare Administrative Contractor ("MAC") of the *Olsen I* judgment after it was entered.  Second, it appears that the Secretary neglected to advise the entities responsible for deciding Plaintiff's administrative appeals of the *Olsen I* judgment and to instruct those entities to resolve the appeals in Plaintiff's favor.

What is known for certain, however, is that the April 2019 and March 2021 claims were paid by the MAC, at the Secretary's direction and in response to the *Olsen I* judgment, on **July 15, 2021**.  As of that date, Plaintiff had the coverage to which he was entitled, and his administrative appeals should have been dismissed.

Consistent with the admissions herein, Plaintiff is entitled to an administrative remand to the Secretary with instructions to vacate: (1) the October 22, 2021 decision

the Final Rule explains that the Secretary "now believe[s] that … glucose sensors and transmitters used with insulin pumps … are primarily and customarily used to serve a medical purpose." *Id.* at 73,899.

[3] Defendant previously stated that these claims were erroneously denied because the Secretary's Medicare Administrative Contractor failed to make a manual adjustment to the submission code assigned to the claims.  ECF No. 4 at ¶ 3; ECF No. 16 at ¶ 3. Defendant has since determined, through further investigation, that that statement was not accurate.  The Secretary *did* erroneously deny one reimbursement claim for CGM sensors on that basis (for date of service October 13, 2021), but that claim is not one of the two at issue in this lawsuit.

SECOND AMENDED ANSWER - 3

by the Medicare Appeals Council purporting to deny coverage for the April 2019 claim; and (2) the October 26, 2021 decision by an ALJ purporting to deny coverage for the March 2021 claim.[4]  Plaintiff is entitled to an award of costs and attorney's fees under the Equal Access to Justice Act.  Judgment should be entered in Plaintiff's favor to that effect.

## I.    INTRODUCTION

1.    This paragraph consists of Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required.

2.    Defendant admits that Plaintiff previously filed a lawsuit with respect to coverage of CGM claims in *Olsen I*. Defendant further admits that Plaintiff obtained a judgment ordering coverage of his CGM claims in *Olsen I*, and that attorney's fees were awarded to Plaintiff at market rates. The remainder of this paragraph consists of Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required. The Court is respectfully referred to its prior decision for an accurate and complete statement of its contents.

3.    Defendant admits that he erroneously rejected Plaintiff's CGM claims

---

[4] Defendant recently completed notice and comment rulemaking that culminated in the publication of a final rule that confirms that disposable sensors that work with plaintiff's insulin pump are covered "durable medical equipment" under Medicare Part B. *See* 86 Fed. Reg. 73860, 73896-902, (Dec. 28, 2021), available here.  Further, the new rule replaced CMS Ruling 1682-R on a prospective basis, and Medicare now covers *all* CGMs and their supplies.  That new rule, which took effect on February 28, 2022, effectively ensures that future CGM claims submitted by Plaintiff and other similarly-situated Medicare claimants will be covered.

SECOND AMENDED ANSWER - 4

after entry of the Court's decision in *Olsen I*.  Defendant denies that he acted in bad faith.  Defendant affirmatively avers that both claims were paid in response to the *Olsen I* judgment on July 15, 2021, as reflected in Paragraphs 64 and 70 below. The remainder of this paragraph consists of Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required.

4.      Defendant admits that he erroneously denied coverage for Plaintiff's CGM claims, after judgment was entered in Plaintiff's favor in *Olsen I*. Defendant affirmatively avers that both claims were paid on July 15, 2021, as reflected in Paragraphs 64 and 70 below.  Defendant denies the remainder of the allegations in this paragraph.

5.      Defendant admits that he erroneously denied coverage for Plaintiff's CGM claims, after judgment was entered in Plaintiff's favor in *Olsen I*. Defendant affirmatively avers that both claims were paid on July 15, 2021, as reflected in Paragraphs 64 and 70 below. Defendant denies the remainder of the allegations in this paragraph.

6.      This paragraph consists of Plaintiff's characterization of this lawsuit and his claims for relief, to which no response is required. To the extent a response is required, Defendant admits that he erroneously denied coverage for Plaintiff's CGM claims, after judgment was entered in Plaintiff's favor in *Olsen I*. Defendant affirmatively avers that both claims were paid on July 15, 2021, as reflected in Paragraphs 64 and 70 below. Defendant denies that the denial of those CGM claims

SECOND AMENDED ANSWER - 5

was a result of bad faith as opposed to mistake. Defendant admits Plaintiff is entitled to have his CGM claims covered, and Defendant has, in fact, paid all of Plaintiff's submitted claims mentioned in the Complaint; those claims have been paid as delineated in Paragraph 76 herein. Defendant denies Plaintiff is entitled to any other requested relief.

## II.    JURISDICTION

7.    This paragraph consists of Plaintiff's legal conclusions regarding subject-matter jurisdiction, to which no response is required.

8.    This paragraph consists of Plaintiff's legal conclusions regarding subject-matter jurisdiction, to which no response is required.[5]

9.    This paragraph consists of Plaintiff's legal conclusions regarding venue, to which no response is required.

## III.    PARTIES

10.    Admitted.

11.    Admitted.

## IV.    FACTUAL BACKGROUND

12.    Defendant admits that Plaintiff previously filed a lawsuit with respect to claim for CGM coverage in *Olsen I* which contained Plaintiff's information and

---

[5] Plaintiff failed to exhaust his administrative remedies as to the March 2021 claim. Defendant is voluntarily waiving this defense in the interest of bringing this case to a swift and fair conclusion.

SECOND AMENDED ANSWER - 6

allegations regarding diabetes and Plaintiff's characterization of the Medicare appeals process.

**A.    Durable Medical Equipment**

13.    Defendant admits that 42 U.S.C. § 1395x(n) defines "durable medical equipment." The remainder of this paragraph consists of Plaintiff's legal characterization of Medicare coverage for "durable medical equipment" under 42 U.S.C. § 1395x(n), to which no response is required. The Court is respectfully referred to the cited statutory provision for an accurate and complete statement of its contents.

14.    Defendant admits that 42 U.S.C. § 1395x(n) includes "blood glucose monitor" as an example of "durable medical equipment." The Court is respectfully referred to the cited statutory provision for an accurate and complete statement of its contents.

15.    Defendant admits that the Secretary has issued regulations found at 42 C.F.R. § 414.202 relating to "durable medical equipment." The remainder of this paragraph consists of Plaintiff's characterization the Secretary's regulations, to which no response is required. The Court is respectfully referred to the cited regulation for an accurate and complete statement of its contents.

16.    Admitted that 42 C.F.R. § 414.202 contains the cited language, except with respect to paragraph 16(b) of the Complaint, which is missing words from the corresponding paragraph of 42 C.F.R. § 414.202. The complete second paragraph of the definition of durable medical equipment in 42 C.F.R. § 414.202 states: "Effective

SECOND AMENDED ANSWER - 7

with respect to items classified as DME after January 1, 2012, has an expected life of at least 3 years." Defendant denies that this paragraph contains the full definition of "durable medical equipment" that is contained in 42 C.F.R. § 414.202; the regulation also specifies that durable medical equipment must be "furnished by a supplier or a home health agency." The Court is respectfully referred to the cited regulation for an accurate and complete statement of its contents.

**B.    CMS-1682-R**

17.    This paragraph consists of a block quotation of a statutory provision. Defendant admits 42 U.S.C. § 1395hh(a)(2) contains the quoted language without the added emphasis.  The Court is respectfully referred to the cited statutory provision for an accurate and complete statement of its contents.

18.    Defendant admits that 42 U.S.C. § 1395hh is applicable to the Secretary's "[a]uthority to prescribe regulations; ineffectiveness of substantive rules not promulgated by regulation[.]" The remainder of this paragraph consists of Plaintiff's characterizations and legal conclusions regarding the statutory provision, to which no response is required. The Court is respectfully referred to the cited statutory provision for an accurate and complete statement of its contents.

19.    Defendant admits that CMS Ruling 1682-R was issued on January 12, 2017. The phrase "final opinions and orders" appears in the prefatory statement of all CMS Rulings. Denied that the phrase "final opinion and order" appears in the substantive body of CMS Ruling 1682-R. Plaintiffs' characterizations of CMS Ruling

1682-R are denied, except to admit that CMS Ruling 1682-R was not subject to notice and comment. The Court is respectfully referred to the cited CMS Ruling.

20.    Admitted that CMS Ruling 1682-R was issued on January 12, 2017, and that the phrase "binding on all CMS components, on all Department of Health and Human Services components that adjudicate matters under the jurisdiction of CMS, and on the Social Security Administration" appears in CMS Ruling 1682-R, at page 1. The Court is respectfully referred to the cited CMS Ruling for an accurate and complete statement of its contents.

21.    This paragraph contains Plaintiff's characterizations of CMS Ruling 1682-R. The Court is respectfully referred to the cited CMS Ruling for an accurate and complete statement of its contents.

22.    Admitted that CMS Ruling 1682-R contains the quoted language. Plaintiff's characterizations of CMS Ruling 1682-R are denied. The Court is respectfully referred to the cited CMS Ruling for an accurate and complete statement of its contents.

23.    Plaintiff's characterizations of CMS Ruling 1682-R are denied. The Court is respectfully referred to the cited CMS Ruling for an accurate and complete statement of its contents.

24.    Admitted that the Secretary denied coverage of certain continuous glucose monitors on the grounds that they were not "primarily and customarily used to serve a medical purpose" within the meaning of the Medicare regulations. The

Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these factual allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for an accurate and complete statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

25. Denied.

26. Admitted that Local Coverage Determination L33822 was revised in January 2017 to account for CMS Ruling 1682-R., and that this revision was not preceded by a public comment period. The Court is respectfully referred to Local Coverage Determination L33822 for an accurate and complete statement of its contents.

27. Admitted that Policy Article A52464 was revised on January 12, 2017, to account for CMS Ruling 1682-R, and that this revision was not preceded by notice and an opportunity to comment. The Court is respectfully referred to Policy Article A52464 for an accurate and complete statement of its contents.

28. This paragraph consists of Plaintiff's characterization and legal conclusions regarding CMS Ruling 1682-R, to which no response is required, but to the extent a response is deemed required, denied. The Court is respectfully referred to CMS Ruling 1682-R for an accurate and compete statement of its contents.

SECOND AMENDED ANSWER - 10

29.    Admitted.

30.    Admitted.

31.    This paragraph consists of Plaintiff's characterizations and legal conclusions regarding the treatment of continuous glucose monitors under Medicare Part B, to which no response is required. To the extent a response is deemed required, the Secretary lacks sufficient knowledge or information to form a belief about the truth of this statement.

## C.    Other Litigation Related to CGMs

32.    Denied as to the phrase "in general."  Admitted that the Secretary denied coverage of certain continuous glucose monitors on the grounds that they were not "primarily and customarily used to serve a medical purpose" within the meaning of the Medicare Part B regulations. Defendant denied coverage for non-therapeutic (*i.e.*, "adjunctive") CGMs under the authority of CMS Ruling 1682-R; therapeutic (*i.e.*, "non-adjunctive") CGMs were classified as "durable medical equipment" under CMS Ruling 1682-R, and have thus been covered.  Denied to the extent the paragraph suggests that the Secretary currently "contends" that CGMs are not primarily and customarily used to serve a medical purpose.

33.    Admitted that the Secretary previously adhered to the view that some continuous glucose monitors are not covered as durable medical equipment. Denied to the extent the statement suggests that the Secretary currently "contends" that a CGM is excluded from coverage as precautionary. The second sentence in this paragraph

consists of Plaintiff's characterizations and legal conclusions regarding Local

Coverage Article A52464, which are denied. The Court is respectfully referred to

Local Coverage Article A52464 for an accurate and complete statement of its

contents.

34.    Admitted that several district courts have reviewed Medicare Part B

coverage determinations for continuous glucose monitors, including this Court in

*Olsen I.*

35.    Admitted that some administrative law judges have concluded that

certain continuous glucose monitors are covered as durable medical equipment under

the Medicare statute and regulations. The remainder of this paragraph consists of

Plaintiff's characterizations and legal conclusions regarding decisions by Medicare

Administrative Law Judges, to which no response is required. The Court is

respectfully referred to the cited decisions for accurate and complete statements of

their contents.

36.    Admitted that several district courts have reviewed Medicare Part B

coverage determinations for continuous glucose monitors, including this Court in

*Olsen I.* Admitted that certain district courts have concluded that continuous glucose

monitors are covered as durable medical equipment under the Medicare Part B statute

and regulations.

37.    Admitted that certain district courts have concluded that continuous

glucose monitors are covered as durable medical equipment under the Medicare Part

SECOND AMENDED ANSWER - 12

B statute and regulations and ordered the Secretary to provide coverage. The remainder of this paragraph consists of Plaintiff's characterizations and legal conclusions regarding several district court decisions, to which no response is required. The Court is respectfully referred to the cited decisions for an accurate and complete statement of their contents.

38.    Defendant admits the cited decision contains the quoted language. The remainder of this paragraph consists of Plaintiff's characterizations and legal conclusions regarding the district court's decision in *Whitcomb v. Azar*, to which no response is required. The Court is respectfully referred to that decision for an accurate and complete statement of its contents.

39.    Defendant admits the four cited decisions contain the quoted language and the plaintiffs in those actions were awarded attorney's fees. The remainder of this paragraph consists of Plaintiff's characterizations and legal conclusions regarding several district court decisions, to which no response is required. The Court is respectfully referred the cited decisions for an accurate and complete statement of their contents.

40.    The Secretary denies the characterization of the cited administrative decision, which speaks for itself. The Court is respectfully referred to the cited decision for a full and complete statement of its contents.

**D.    Facts Specific to Mr. Olsen**

41.    Admitted.

SECOND AMENDED ANSWER - 13

42.    Admitted.

43.    Admitted.

44.    Admitted.

45.    Admitted.

46.    Admitted.

47.    Admitted.

48.    Admitted.

49.    Admitted.

**E.    Prior Litigation Before This Court**

50.    Admitted.

51.    Admitted.

52.    Admitted.

53.    Admitted.

54.    Admitted.

55.    Defendant admits this Court granted judgment in Plaintiff's favor in

*Olsen I* (ECF No. 39). Defendant admits the cited decision contains the quoted

language and that this Court concluded that Plaintiff's CGM is covered as durable

medical equipment under the Medicare Part B statute and regulations.  The Court is

respectfully referred to its prior decision for an accurate and complete statement of its

contents.

56.    Admitted this Court's decision in *Olsen I* did not address the issuance of

SECOND AMENDED ANSWER - 14

CMS 1682-R. Defendant denies Plaintiff's characterizations of the issuance of CMS 1682-R. The Court is respectfully referred to its prior decision for an accurate and complete statement of its contents.

57.    Admitted.

58.    Defendant admits the allegations in Paragraph 58, with the caveat that the Court's ruling was specific to the facts presented in *Olsen I*.

59.    Defendant denies the characterizations of the Court's attorney fee ruling in *Olsen I* (ECF No. 50), which speaks for itself. The Court is respectfully referred to its prior decision for an accurate and complete statement of its contents.

60.    Admitted.

## V.    The Claims at Issue in this Case

61.    Defendant admits that he erroneously denied coverage for Plaintiff's CGM claims during the administrative appeals process, after judgment was entered in Plaintiff's favor in *Olsen I*. Defendant affirmatively avers that both claims were paid on July 15, 2021, during the pendency of the administrative appeals process, as reflected in Paragraphs 64 and 70 below. Defendant denies the remainder of the allegations in this paragraph.

62.    Defendant admits that he erroneously denied coverage for Plaintiff's CGM claims during the administrative appeals process, after judgment was entered in Plaintiff's favor in *Olsen I*. Defendant affirmatively avers that both claims were paid on July 15, 2021, during the pendency of the administrative appeals process, as

reflected in Paragraphs 64 and 70 below. Defendant denies the remainder of the

allegations in this paragraph.

**A.    April 19 – July 18, 2019 Claim –
        ALJ Appeal No. 3-8946502107/M-20-1269**

63.    Admitted.

64.    Defendant admits that the April 2019 claim was: denied initially by the

Secretary's Medicare Administrative Contractor, Noridian Healthcare Solutions

("Noridian"), on June 14, 2019; denied on redetermination by Noridian on July 25,

2019; denied on reconsideration by the Secretary's Qualified Independent Contractor,

Maximus Federal, on November 26, 2019; and denied by an administrative law judge

("ALJ") on January 31, 2020.  Defendant further admits that the basis for each of

these denials was CMS Ruling 1682-R, which stated that Medicare would not cover

CGMs approved by the Food and Drug Administration for "use as adjunctive devices

to complement, not replace, information obtained from blood glucose monitors"

because Medicare did not consider such "adjunctive" or "non-therapeutic" devices to

serve the medical purpose of making diabetes treatment decisions; Plaintiff

characterizes this as "the 'bad faith' grounds."  Defendant affirmatively avers that

these denials occurred prior to the judgment and bad faith ruling in *Olsen I*, which

were entered on February 23, 2021, and April 20, 2021, respectively.  On that basis, to

the extent Plaintiff has alleged that Defendant denied this claim in defiance of the

*Olsen I* judgment and bad faith ruling, Defendant denies the allegation.  Defendant

affirmatively avers that this claim was paid by Noridian on July 15, 2021, at the

Secretary's direction, in response to the *Olsen I* judgment and bad faith ruling. Below

is a timeline of when this claim was paid in relation to the decisions referenced above:

| April 19 - July 18, 2019 Claim | Date |
|---|---|
| Initial Denial by Noridian (MAC) | 6/14/2019 |
| Redetermination Request (MAC) | 7/5/2019 |
| Redetermination Decision (MAC) | 7/25/2019 |
| Reconsideration Request (QIC) | 10/7/2019 |
| Reconsideration Decision (QIC) | 11/26/2019 |
| ALJ Hearing Request | 12/3/2019 |
| ALJ Hearing | 1/8/2020 |
| ALJ Decision | 1/31/2020 |
| Appeal to Medicare Appeals Council | 2/11/2020 |
| *Olsen I* Judgment | 2/23/2021 |
| *Olsen I* Bad Faith Ruling | 4/20/2021 |
| CLAIM PAID | 7/15/2021 |
| Medicare Appeals Council Decision | 10/22/2021 |

65.    Admitted.

66.    Defendant admits that the Medicare Appeals Council issued a decision

dated October 22, 2021, denying coverage for the April 2019 claim.  Defendant

admits that the basis for this denial was CMS Ruling 1682-R, which Plaintiff

characterizes as "the 'bad faith' grounds."  Defendant denies that the Medicare

Appeals Council's October 22, 2021, decision had the legal effect of "denying"

Plaintiff's April 2019 claim as alleged in Paragraph 66 of Plaintiff's complaint,

because the Secretary had paid the claim 3 months earlier in response to the *Olsen I*

judgment and bad faith ruling.  On information and belief, Defendant affirmatively

SECOND AMENDED ANSWER - 17

avers that the Medicare Appeals Council was not aware of the *Olsen I* judgment and bad faith ruling, or the fact that this claim had already been paid at the Secretary's direction in response to the same, when it issued its decision. On that basis, to the extent Plaintiff has alleged that Defendant denied this claim in deliberate defiance of the *Olsen I* judgment and bad faith ruling, Defendant denies the allegation.

**B.     March 10, 2021 Claim – ALJ Appeal No. 3-10205345873**

67.    Admitted.

68.    Admitted.

69.    Defendant admits that the March 2021 claim was denied initially by Noridian on April 16, 2021.  Defendant admits that the basis for this denial was CMS Ruling 1682-R and no other, which Plaintiff characterizes as "the 'bad faith' grounds."  Defendant affirmatively avers that, as of the date this decision was issued, the Secretary had not yet advised Noridian of the *Olsen I* judgment or instructed Noridian to pay Plaintiff's CGM-related claims pursuant to the judgment.  On that basis, to the extent that Plaintiff has alleged that Defendant denied this claim in deliberate defiance of the *Olsen I* judgment, Defendant denies the allegation. Defendant concedes, however, that the *Olsen I* judgment should have been more promptly communicated to Noridian.

70.    Defendant admits that the March 2021 claim was denied on redetermination by Noridian on June 16, 2021.  Defendant admits that the basis for this denial was CMS Ruling 1682-R and no other, which Plaintiff characterizes as

"the 'bad faith' grounds."  Defendant affirmatively avers that, as of the date Noridian

issued its redetermination decision, the Secretary had not yet advised Noridian of the

*Olsen I* judgment or instructed Noridian to pay Plaintiff's CGM-related claims

pursuant to the judgment.  On that basis, to the extent that Plaintiff has alleged that

Defendant deliberately defied the *Olsen I* judgment, Defendant denies the allegation.

Defendant concedes, however, that the *Olsen I* judgment should have been more

promptly communicated to Noridian. Defendant affirmatively avers that the Secretary

directed Noridian to pay this claim in response to the *Olsen I* judgment on July 13,

2021, and that Noridian paid the claim two days later, on July 15, 2021.  Below is a

timeline of when this claim was paid in relation to the decisions referenced above:

| March 10, 2021 Claim | Date |
|---|---|
| *Olsen I* Judgment | 2/23/2021 |
| Initial Denial by Noridian (MAC) | 4/16/2021 |
| *Olsen I* Bad Faith Ruling | 4/20/2021 |
| Redetermination Request (MAC) | 5/3/2021 |
| Redetermination Decision (MAC) | 6/16/2021 |
| Reconsideration Request (QIC) | 6/30/2021 |
| CLAIM PAID | 7/15/2021 |
| Reconsideration Decision (QIC) | 8/24/2021 |
| ALJ Hearing Request | 9/7/2021 |
| ALJ Hearing | 10/8/2021 |
| ALJ Decision | 10/26/2021 |
| Appeal to Medicare Appeals Council | none |
| Medicare Appeals Council Decision | none |

71.    Admitted.

72.    Defendant admits that Plaintiff received a decision from Maximus

Federal dated August 24, 2021, denying coverage for the March 2021 claim.

Defendant admits that the basis for this denial was CMS Ruling 1682-R and no other,

which Plaintiff characterizes as "the 'bad faith' grounds."  Defendant denies that this

decision had the legal effect of "rejecting" this claim as alleged in Paragraph 72 of

Plaintiff's complaint, because the Secretary had paid the claim 1 month earlier in

response to the *Olsen I* judgment.  On information and belief, Defendant affirmatively

avers that Maximus Federal was not aware of the *Olsen I* judgment, or the fact that

this claim had already been paid at the Secretary's direction in response to the same,

when it issued its decision.  On that basis, to the extent that Plaintiff has alleged that

Defendant deliberately defied the *Olsen I* judgment, Defendant denies the allegation.

73.    Defendant lacks sufficient knowledge or information to admit or deny the

allegations in this paragraph, and therefore denies the same.

74.    Admitted that Plaintiff sought expedited access to judicial review.

75.    Admitted.

76.    Defendant admits that Plaintiff received an MSN dated October 1, 2021.

Defendant denies that this MSN "indicat[ed] Medicare's *intention* to pay" some 13

CGM claims; the MSN reflects that Medicare had *already paid* the referenced claims.

Defendant affirmatively avers that the claims referenced in this paragraph were paid

as indicated in the below chart. The remainder of this paragraph consists of Plaintiff's

characterizations of the MSN, to which no response is required.

SECOND AMENDED ANSWER - 20

| CCN | Date of Service | Paid Date | Amount Paid |
|---|---|---|---|
| 18137823767001 | 03/15/2018 | 07/22/2021 | $1,300.66 |
| 18172844803001 | 06/05/2018 | 07/15/2021 | $1,300.66 |
| 18283843973001 | 09/27/2018 | 07/15/2021 | $1,300.66 |
| 19008817632001 | 01/04/2019 | 07/15/2021 | $1,300.66 |
| 19112897095001 | 04/19/2019 | 07/15/2021 | $1,430.72 |
| 19210873889001 | 07/08/2019 | 07/15/2021 | $1,430.72 |
| 19296845388001 | 10/21/2019 | 07/15/2021 | $1,430.72 |
| 20031822855001 | 01/28/2020 | 07/15/2021 | $1,430.72 |
| 20139845927001 | 05/15/2020 | 07/15/2021 | $1,459.92 |
| 20230855617001 | 08/12/2020 | 07/15/2021 | $1,459.92 |
| 20330841967001 | 11/23/2020 | 07/15/2021 | $1,459.92 |
| 21076836253001 | 03/10/2021 | 07/15/2021 | $1,459.92 |
| 21204829122001 | 07/20/2021 | 08/03/2021 | $1,459.92 |
| 21288839976002 | 10/13/2021 | 12/27/2021 | $1,459.92 |

77.    Admitted.

78.    Defendant admits that 42 C.F.R. § 405.352 governs adjustment of title

XVIII incorrect payments, including decreasing any payment to an individual under

the Social Security Act to which the individual is entitled. To the extent Plaintiff is

alleging that Defendant could invoke § 405.352 to seek recoupment of the payments

that Defendant issued for the April 2019 and March 2021 clims, Defendant denies the

allegation. The remainder of this paragraph consists of Plaintiff's characterizations

and legal conclusions, to which no response is required. The Court is respectfully

SECOND AMENDED ANSWER - 21

referred to the cited regulation.

### 1.    October 30, 2021, Decision of ALJ Jason Earnhart

79.    Admitted that Plaintiff filed a request for ALJ review on September 7, 2021.  Defendant affirmatively avers that the Secretary paid the subject claim approximately 7 weeks before this request was filed.  The remainder of this paragraph consists of Plaintiff's characterization of his request for ALJ review, to which no response is required.

80.    Admitted.

81.    Defendant admits that ALJ Earnhart issued a decision denying coverage for the March 2021 claim.  Defendant affirmatively avers that this decision did not have the legal effect of "denying [Plaintiff's] claim" as alleged in Paragraph 81 of Plaintiff's complaint, because the Secretary had paid the claim approximately 14 weeks earlier in response to the *Olsen I* judgment.  To the extent the ALJ's decision *did* have the effect of "denying [Plaintiff's] claim" as alleged, however, Defendant admits that the decision was erroneous. On information and belief, Defendant affirmatively avers that the ALJ was not aware of the *Olsen I* judgment, or the fact that this claim had already been paid at the Secretary's direction in response to the same, when he issued his decision.  On that basis, to the extent that Plaintiff has alleged that Defendant deliberately defied the *Olsen I* judgment, Defendant denies the allegation.

82.    Admitted.

SECOND AMENDED ANSWER - 22

83.    Admitted.

84.    Admitted.

85.    Defendant admits that the ALJ's decision denied coverage based solely on CMS 1682-R.  Defendant incorporates by reference its answer to Paragraph 81 above.

**2.    November 2, 2021 Departmental Appeals Board Decision**

86.    Admitted.

87.    Admitted that Plaintiff sought review by the Departmental Appeals Board (DAB). The remainder of this paragraph consists of Plaintiff's characterization of that request, to which no response is required.

88.    Admitted that the Departmental Appeals Board issued a decision denying Plaintiff's request. The remainder of this paragraph consists of Plaintiff's characterization of that DAB decision, to which no response is required.

89.    Admitted that the Departmental Appeals Board issued a decision denying Plaintiff's request. The remainder of this paragraph consists of Plaintiff's characterization of that DAB decision, to which no response is required.

90.    Admitted that the Departmental Appeals Board issued a decision denying Plaintiff's request. The remainder of this paragraph consists of Plaintiff's characterization of that DAB decision, to which no response is required.

**VI.    CAUSES OF ACTION**

**COUNT I**

SECOND AMENDED ANSWER - 23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

91.    In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendant incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

92.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant admits that he erroneously denied coverage for the two CGM claims at issue in this case, after judgment was entered in Plaintiff's favor in *Olsen I*. Defendant affirmatively avers that both claims were paid on July 15, 2021, as reflected in Paragraphs 64 and 70 above. Defendant consents to administrative remand of this matter with instructions to have the Secretary vacate the challenged administrative appeal decisions in light of the Secretary's prior payment of the subject claims. Defendant further affirmatively avers that on December 28, 2021, through notice-and-comment rulemaking, the Centers for Medicare & Medicaid Services, U.S. Department of Health and Human Services, issued a final rule entitled, *Medicare Program; Durable Medical Equipment, Prosthetics, Orthotics, and Supplies (DMEPOS) Policy Issues, and Level II of the Healthcare Common Procedure Coding System (HCPCS); DME Interim Pricing in the CARES Act; Durable Medical Equipment Fee Schedule Adjustments To Resume the Transitional 50/50 Blended Rates To Provide Relief in Rural Areas and Non-Contiguous Areas*, 86 Fed. Reg. 73,860, 73,860–73,911 (Dec. 28, 2021) (the "Final Rule"). The Final Rule effectively replaces CMS 1682-R, which forms the basis of Plaintiff's claims in this case, and is effective as of February 28, 2022.  The recently

SECOND AMENDED ANSWER - 24

issued Final Rule makes clear that "claims submitted for CGM sensors and transmitters used with insulin pumps are being denied inappropriately based on CMS–1682–R" because that "Ruling only addressed the classification of CGM receivers as DME and did not address coverage of CGM sensors and transmitters used with insulin pumps." 86 Fed. Reg. at 73,898. Further, the Final Rule states that the Secretary "now believe[s] that … glucose sensors and transmitters used with insulin pumps … are primarily and customarily used to serve a medical purpose." *Id.* at 73,899.

93. This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously denied coverage for Plaintiff's CGM claims, after judgment was entered in Plaintiff's favor in *Olsen I*. Defendant affirmatively avers that both claims were paid on July 15, 2021, as reflected in Paragraphs 64 and 70 above. Defendant consents to administrative remand of this matter with instructions to have the Secretary vacate the challenged administrative appeal decisions in light of the Secretary's prior payment of the subject claims, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff and other similarly-situated CGM claimants.

## COUNT II

94. In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendant incorporates by reference his answers to all of the preceding paragraphs as

SECOND AMENDED ANSWER - 25

1    if fully set out herein.

2        95.    This paragraph consists of a request for relief, to which no response is

3    required. To the extent that a response is deemed necessary, Defendant refers to its

4    answer in response to Paragraph 92. Defendant admits that he erroneously denied

5    coverage for Plaintiff's CGM claims, after judgment was entered in Plaintiff's favor in

6    *Olsen I*. Defendant affirmatively avers that both claims were paid on July 15, 2021, as

7    reflected in Paragraphs 64 and 70 above. Defendant consents to administrative remand

8    of this matter with instructions to have the Secretary vacate the challenged

9    administrative appeal decisions in light of the Secretary's prior payment of the subject

10   claims, and notes that the Final Rule effective February 28, 2022, resolves the

11   classification as DME of future CGM claims from Plaintiff.

12       96.    This paragraph consists of a request for relief, to which no response is

13   required. To the extent that a response is deemed necessary, Defendant refers to its

14   answer in response to Paragraph 92. Defendant admits that he erroneously denied

15   coverage for Plaintiff's CGM claims, after judgment was entered in Plaintiff's favor in

16   *Olsen I*. Defendant affirmatively avers that both claims were paid on July 15, 2021, as

17   reflected in Paragraphs 64 and 70 above. Defendant consents to administrative remand

18   of this matter with instructions to have the Secretary vacate the challenged

19   administrative appeal decisions in light of the Secretary's prior payment of the subject

20   claims, and notes that the Final Rule effective February 28, 2022, resolves the

21   classification as DME of future CGM claims from Plaintiff.

SECOND AMENDED ANSWER - 26

1
2

**COUNT III**

3
4      97.    In this paragraph, Plaintiff repeats the paragraphs set forth above.
5   Defendant incorporates by reference his answers to all of the preceding paragraphs as
6   if fully set out herein.

7
8      98.    This paragraph consists of a request for relief, to which no response is
9   required. To the extent that a response is deemed necessary, Defendant refers to its
10  answer in response to Paragraph 92. Defendant admits that he erroneously denied
11
12  coverage for Plaintiff's CGM claims, after judgment was entered in Plaintiff's favor in
13  *Olsen I*. Defendant affirmatively avers that both claims were paid on July 15, 2021, as
14  reflected in Paragraphs 64 and 70 above. Defendant consents to administrative remand
15
16  of this matter with instructions to have the Secretary vacate the challenged
17  administrative appeal decisions in light of the Secretary's prior payment of the subject
18  claims, and notes that the Final Rule effective February 28, 2022, resolves the
19
20  classification as DME of future CGM claims from Plaintiff.

21     99.    This paragraph consists of a request for relief, to which no response is
22  required. To the extent that a response is deemed necessary, Defendant refers to its
23
24  answer in response to Paragraph 92. Defendant admits that he erroneously denied
25  coverage for Plaintiff's CGM claims, after judgment was entered in Plaintiff's favor in
26  *Olsen I*. Defendant affirmatively avers that both claims were paid on July 15, 2021, as
27
28  reflected in Paragraphs 64 and 70 above. Defendant consents to administrative remand

SECOND AMENDED ANSWER - 27

of this matter with instructions to have the Secretary vacate the challenged administrative appeal decisions in light of the Secretary's prior payment of the subject claims, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

## COUNT IV

100.   In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendant incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

101.   This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously denied coverage for Plaintiff's CGM claims, after judgment was entered in Plaintiff's favor in *Olsen I*. Defendant affirmatively avers that both claims were paid on July 15, 2021, as reflected in Paragraphs 64 and 70 above. Defendant consents to administrative remand of this matter with instructions to have the Secretary vacate the challenged administrative appeal decisions in light of the Secretary's prior payment of the subject claims, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

102.   This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously denied

SECOND AMENDED ANSWER - 28

coverage for Plaintiff's CGM claims, after judgment was entered in Plaintiff's favor in *Olsen I*. Defendant affirmatively avers that both claims were paid on July 15, 2021, as reflected in Paragraphs 64 and 70 above. Defendant consents to administrative remand of this matter with instructions to have the Secretary vacate the challenged administrative appeal decisions in light of the Secretary's prior payment of the subject claims, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

## COUNT V

103.    In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendant incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

104.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously denied coverage for Plaintiff's CGM claims, after judgment was entered in Plaintiff's favor in *Olsen I*. Defendant affirmatively avers that both claims were paid on July 15, 2021, as reflected in Paragraphs 64 and 70 above. Defendant consents to administrative remand of this matter with instructions to have the Secretary vacate the challenged administrative appeal decisions in light of the Secretary's prior payment of the subject claims, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

105.   This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant refers to its answer in response to Paragraph 92. Defendant admits that he erroneously denied coverage for Plaintiff's CGM claims, after judgment was entered in Plaintiff's favor in *Olsen I*. Defendant affirmatively avers that both claims were paid on July 15, 2021, as reflected in Paragraphs 64 and 70 above. Defendant consents to administrative remand of this matter with instructions to have the Secretary vacate the challenged administrative appeal decisions in light of the Secretary's prior payment of the subject claims, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff.

**COUNT VI**

106.   In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendant incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

107.   This paragraph consists of a legal conclusion to which no response is required.

108.   This paragraph consists of a legal conclusion to which no response is required.

109.   Denied.

110.   This paragraph consists of a legal conclusion to which no response is required.

SECOND AMENDED ANSWER - 30

111.   Denied.

112.   Denied.

## VII.   PRAYER FOR RELIEF

The remaining paragraphs of the complaint contain Plaintiff's requested relief, to which no response is required. To the extent that a response is deemed necessary, Defendant admits that he erroneously denied coverage for Plaintiff's CGM claims, after judgment was entered in Plaintiff's favor in *Olsen I*. Defendant affirmatively avers that both claims were paid on July 15, 2021, as reflected in Paragraphs 64 and 70 above. Defendant consents to administrative remand of this matter with instructions to have the Secretary vacate the challenged administrative appeal decisions in light of the Secretary's prior payment of the subject claims, and notes that the Final Rule effective February 28, 2022, resolves the classification as DME of future CGM claims from Plaintiff. Finally, Defendant admits Plaintiff is entitled to costs and reasonable attorneys' fees in an amount to be determined by this Court. With respect to any remaining requests for relief, Defendant denies that Plaintiff is entitled to any other relief.

## AFFIRMATIVE DEFENSES

1.     To the extent Plaintiff is seeking an injunction requiring Defendant to grant coverage for CGM claims, the Court lacks jurisdiction to grant such relief.

2.     To the extent Plaintiff is seeking appointment of a special master to make coverage decisions on CGM claims, the Court lacks jurisdiction to grant such relief.

RESPECTFULLY SUBMITTED:   May 11, 2022.

Vanessa R. Waldref
United States Attorney

*s/Brian M. Donovan*
*s/John T. Drake*
Brian M. Donovan
John T. Drake
Assistant United States Attorneys

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Roger M. Townsend:                    rtownsend@bjtlegal.com

James Pistorino                           james@parrishlaw.com

And to the following non CM/ECF participants:    N/A


                                        *s/ John T. Drake*
                                        Assistant United States Attorney