Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Brian M. Donovan
John T. Drake
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY OLSEN,<br><br>                    Plaintiff,<br><br>     v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services,<br><br>                    Defendant. | No. 2:21-CV-00326-SMJ<br><br>MOTION FOR REFERRAL TO JUDICIAL SETTLEMENT CONFERENCE<br><br>6/13/22<br>Without Oral Argument |

Defendant Xavier Becerra, in his official capacity as Secretary of the United States Department of Health and Human Services, ("Defendant"), through counsel, moves for an order referring this case to a settlement conference with a United States Magistrate Judge or a United States Bankruptcy Judge.

## I.     PROCEDURAL HISTORY

Plaintiff filed this action on November 18, 2021. ECF No. 1. Plaintiff's causes of action relate to two Medicare reimbursement claims: (1) a claim for continuous glucose monitor ("CGM") sensors with a date of service of April 19 – July 18, 2019

(the "April 2019 claim"); and (2) a claim for CGM sensors with a date of service of March 10, 2021 (the "March 2021 claim").

Defendant filed an answer to the complaint on January 28, 2022.  ECF No. 4. Defendant admitted that April 2019 and March 2021 claims were denied in error, and that Plaintiff is entitled to an administrative remand and an award of attorney's fees and costs.  ECF No. 4; *see also* ECF No. 16 (amended answer).[1]

On February 8, 2022, Plaintiff moved for a preliminary injunction.  ECF No. 6. Plaintiff's motion sought, *inter alia*, a nationwide preliminary injunction "barring the Secretary from continuing to reject continuous glucose monitor (CGM) claims based on [CMS Ruling] CMS 1682-R and/or the claim that a CGM is not 'primarily and customarily used to serve a medical purpose.'"  ECF No. 6 at 2.

Defendant filed a response to the preliminary injunction motion on February 22, 2022.  ECF Nos. 17 & 18.  Plaintiff filed his reply on March 16, 2022.  ECF No. 22. Defendant subsequently requested and received permission to file a sur-reply brief, which was filed on March 12, 2022.  ECF No. 27.  Plaintiff then filed a response to Defendant's sur-reply on March 16, 2022.  ECF No. 31.

On March 21, 2022, the Court directed Plaintiff to address the unsubstantiated claim in his reply brief that he "has additional claims that are in the appeal process

---

[1] As discussed below, Defendant his since filed a second amended answer that repeats these same admissions.

MOTION FOR REFERRAL TO JUDICIAL SETTLEMENT CONFERENCE - 2

that are rejected based on CMS 1682-R." ECF No. 34.  Plaintiff filed a response on March 22, 2022.  ECF No. 35.  Defendant responded to Plaintiff's filing on March 24, 2022.  ECF Nos. 36-38.

On March 31, 2022, the Court denied the preliminary injunction motion.  ECF No. 39.  The Court's order correctly recites that "each claim for reimbursement has in fact been paid." ECF No. 39 at 7; *see also id.* at 4 ("Nonetheless, neither party disputes that the claims were eventually paid on July 15, 2021, along with other claims for CGM sensors submitted by Plaintiff.").

On May 11, 2022, Defendant filed a second amended answer ("SAA").  ECF No. 41.  The SAA more specifically identifies, and more specifically admits, the facts that led to Plaintiff's reimbursement claims being denied at the latter stages of the administrative appeal process, in contravention of the *Olsen I* judgment, and notwithstanding the fact that both claims had by that time been paid by the Secretary's Medicare Administrative Contractor.  The SAA also reiterates Defendant's prior admissions that Plaintiff is entitled to an administrative remand and to an award of attorney's fees and costs:

> From the information available to date, it appears that two independent errors were made. First, the Secretary did not promptly inform its Medicare Administrative Contractor ("MAC") of the *Olsen I* judgment after it was entered. Second, it appears that the Secretary neglected to advise the entities responsible for deciding Plaintiff's administrative appeals of the *Olsen I* judgment and to instruct those entities to resolve the appeals in Plaintiff's favor.

What is known for certain, however, is that the April 2019 and March 2021

MOTION FOR REFERRAL TO JUDICIAL SETTLEMENT CONFERENCE - 3

> claims were paid by the MAC, at the Secretary's direction and in response to the *Olsen I* judgment, on **July 15, 2021**. As of that date, Plaintiff had the coverage to which he was entitled, and his administrative appeals should have been dismissed.
>
> Consistent with the admissions herein, Plaintiff is entitled to an administrative remand to the Secretary with instructions to vacate: (1) the October 22, 2021 decision by the Medicare Appeals Council purporting to deny coverage for the April 2019 claim; and (2) the October 26, 2021 decision by an ALJ purporting to deny coverage for the March 2021 claim. Plaintiff is entitled to an award of costs and attorney's fees under the Equal Access to Justice Act. Judgment should be entered in Plaintiff's favor to that effect.

ECF No. 41 at 3-4.

Most recently, on May 13, 2022, the Centers for Medicare & Medicaid Services ("CMS") formally rescinded CMS 1682-R, the agency decision that Plaintiff has sought to enjoin or invalidate in these proceedings. *See* **CMS Ruling 1738-R** (May 13, 2022), attached hereto as **Exhibit A**.[2]

## II.    ARGUMENT

Continued litigation of this case would not be a productive use of the parties' or the Court's resources. The Medicare reimbursement claims at issue have been paid. Both were paid on July 15, 2021—four months before this case was filed. Defendant has admitted that Plaintiff is entitled to an administrative remand with instructions to vacate the administrative decisions that purport to deny coverage for those claims, and

---

[2] CMS Rulings are decisions of the CMS Administrator that serve as precedent final opinions or orders or statements of policy or interpretation. *See* 42 C.F.R. § 401.108.

MOTION FOR REFERRAL TO JUDICIAL SETTLEMENT CONFERENCE - 4

to an award of attorney's fees and costs.

The Court has denied Plaintiff's bid for a nationwide injunction barring the Secretary from denying CGM claims pursuant to CMS 1682-R.  ECF No. 39.  That order has not been appealed.

The Secretary has now rescinded CMS 1682-R through the issuance of CMS 1738-R.  The issuance of CMS 1738-R moots Plaintiff's challenge to CMS 1682-R under the Administrative Procedure Act, and effectively affords Plaintiff the same relief he unsuccessfully sought to obtain via preliminary injunction.

The only issue left to be decided is the amount of attorney's fees and costs to which Plaintiff is entitled.  That issue can be resolved most efficiently in the context of a judicial settlement conference.  Defendant respectfully requests that the Court promptly refer the case for a settlement conference with a United States Magistrate Judge or United States Bankruptcy Judge.

### III.   CONCLUSION

The Court should refer this case to a United States Magistrate Judge or United States Bankruptcy Judge for a settlement conference.

DATED this 13th day of May, 2022.

>Vanessa R. Waldref
>United States Attorney
>
>*s/John T. Drake*
>Brian M. Donovan
>John T. Drake
>Assistant United States Attorneys

MOTION FOR REFERRAL TO JUDICIAL SETTLEMENT CONFERENCE - 5

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2022, I caused to be delivered via the method listed below the document to which this Certificate of Service is attached (plus any exhibits and/or attachments) to the following:

| NAME & ADDRESS | Method of Delivery |
|---|---|
| Roger Townsend<br>BRESKIN JOHNSON TOWNSEND<br>1000 Second Ave., Suite 3670<br>Seattle, WA 98104 | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |
| James Pistorino<br>PARRISH LAW OFFICES<br>788 Washington Road<br>Pittsburgh, PA 15228 | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |

*s/John T. Drake*
John T. Drake