1  Roger M. Townsend
   BRESKIN, JOHNSON & TOWNSEND, PLLC
   1000 Second Ave, Suite 3670
2  Seattle, WA 98104
   Phone: (206) 652-8660

3

4

5

6

7                   IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF WASHINGTON

8  JEREMY OLSEN,
                                          No. 2:21-cv-00326-SMJ
9                  Plaintiff,
                                          OPPOSITION TO MOTION
10  v.                                    FOR SETTLEMENT
                                          CONFERENCE
11  XAVIER BECERRA, in his official
    capacity as Secretary of the United
12  States Department of Health and
    Human Services,
13
                   Defendant.

14

15

16

17

18

19

20

Plaintiff Jeremy Olsen opposes the Secretary's request to refer this matter for a settlement conference. That approach would be wasteful of the Court' and parties' resources. Having engaged in bad faith, illegal conduct for five years, including in the period after this Court specifically found bad faith. Mr. Olsen understands that the Secretary wishes to avoid a judicial decision regarding the Secretary's bad faith, illegal conduct that resulted in harm to tens of thousands of citizens that paid insurance premiums for medical coverage that was denied on bad faith grounds.[1]

---

[1] Because Mr. Olsen's request for a determination that CMS 1682-R issued illegally and an injunction barring it was not granted in the first case, Mr. Olsen estimates that the Secretary relied on CMS 1682-R to deny more than 150,000 CGM claims corresponding to, at a minimum, ~35,000 persons. Because ~one fourth of all Medicare insureds live on less than $17,000/year, more than 8,500 persons would have been unable to pay for a CGM and would have been without one unless able to secure funding from another, unknown source. People suffering from Type I diabetes, and who also have hypoglycemic unawareness (*i.e.*, the very people for whom a CGM would be prescribed, like Mr. Olsen), on average, are expected to have 1.2 to more than 18 severe hypoglycemic events/year, each one of which results in

Mr. Olsen wants a judicial determination regarding the Secretary's conduct and will settle for nothing else. Accordingly, because settlement is not a possibility, going through the motions would be wasteful of the Court' and parties' time/resources and the Secretary's request for more process regarding his bad faith conduct should be rejected.

Now that a Second Amended Answer is on file, Mr. Olsen intends to move for summary judgment of all of his claims, including his claim that a special master should be appointed.

---

irreparable damage to the body. *See, e.g., Reddy,* "A Randomized Controlled Pilot Study of Continuous Glucose Monitoring and Flash Glucose Monitoring in People With Type I Diabetes and Impaired Awareness of Hypoglycemia", Diabetic Medicine 35, 483-490 (2018) ("People with Type I diabetes on average have 1.8 self-treated episodes of hypoglycemia per week, and 0.2-3.2 episodes of severe hypoglycemia, defined as hypoglycemia requiring the assistance of a third party, annually. … Impaired awareness of hypoglycemia increases the risk of severe hypoglycemia six-fold."). Thus, the failure to address CMS 1682-R in the prior case resulted in, at a minimum, 10,200 to more than 150,000 severe hypoglycemic events that could have been avoided.

## FACTUAL BACKGROUND

Mr. Olsen will not rehash all the facts that this Court is already familiar with and will confine himself to the newest developments. Previously, the Secretary told this Court that it had issued a "Technical Direction Letter" that "superseded" CMS 1682-R. *See* Dkt. #20. Mr. Olsen pointed out that this was not so and that, based on the limitations of the TDL itself, the Secretary would continue to deny ~4,000 claims/month based on the illegal CMS 1682-R.

Concurrent with the proceedings in this case has been another case involving the rejection of CGM claims based on CMS 1682-R. *Linda Smith v. Becerra*, Case No. 21-cv-047-HCN (pending in the United States District Court for Utah). There, Mrs. Smith's causes of action included one alleging that CMS 1682-R issued illegally and requesting an injunction. When the District Court entered a judgment imposing a rejected settlement offer and not addressing Mrs. Smith's cause of action directed to CMS 1682-R, Mrs. Smith appealed to the Tenth Circuit. Oral argument in that case was set for May 17, 2022 (a Tuesday). On May 13, 2022 (the Friday before), at ~4:15pm Denver Time, without notice and comment, the Secretary issued his latest Ruling, this time retracting CMS 1682-R. At oral argument, the

1   Secretary then alleged that the case was moot. The Tenth Circuit
2   subsequently ordered supplemental briefing due June 1, 2022.

## DISCUSSION

Mr. Olsen was first prevented from filing motions for summary judgment by the Secretary's willful contempt of Congress' command to file the administrative record with the Answer. This, combined with other failings by the Secretary,[2] have caused delay in Mr. Olsen's effort to file motions for summary judgment. Now that the actual barriers to Mr. Olsen filing motions for summary judgment have been removed, Mr. Olsen intends to do so promptly.

Mr. Olsen wants a decision from a Court addressing his causes of action and will settle for nothing else. Accordingly, settlement discussions are pointless.

## CONCLUSION

For the reasons set forth above, the Secretary's request should be denied.

//

//

Respectfully submitted May 27, 2022.

---

[2] The Answer in this case has been amended twice.

1
2     BRESKIN, JOHNSON, & TOWNSEND, PLLC
3
      By: *s/ Roger M. Townsend*
4         Roger M. Townsend, WSBA No. 25525
          rtownsend@bjtlegal.com
5         1000 Second Ave, Suite 3670
          Seattle, WA  98104
6         Phone: (206) 652-8660

7     PARRISH LAW OFFICES
8
      By: */s/ James C. Pistorino*
9         James C. Pistorino
          Pro Hac Vice
10
      *Attorneys for Plaintiff*
11
12
13
14
15
16
17
18
19
20

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the state of Washington that on the date below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

> Vanessa R. Waldref
> United States Attorney
> John T. Drake
> Assistant United States Attorney
> UNITED STATED DEPARTMENT OF JUSTICE
> 920 W. Riverside Ave, Suite 340
> Spokane, WA  99201

DATED May 27, 2022, at Seattle, Washington.

*s/ Julia Wolfe*
Julia Wolfe, Legal Assistant