Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Brian M. Donovan
John T. Drake
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY OLSEN, | No. 2:21-CV-00326-SMJ |
| Plaintiff, | |
| v. | JOINT RULE 26(f) REPORT |
| XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services, | |
| Defendant. | |

Pursuant to Rule 26(f) and the scheduling conference notice dated May 13, 2022 (ECF No. 43), the parties, through their respective counsel, submit the following joint report.

**A. Consent to Magistrate Judge**

The parties do not consent to the case being heard by a magistrate judge. Both parties have returned the "Consent to Magistrate Judge" form to the Clerk's Office.

**B. Jurisdiction and Venue**

Jurisdiction exists under 42 U.S.C. §§ 405(g) and 1395ff. Venue is proper

JOINT RULE 26(f) REPORT - 1

under 28 U.S.C. § 1391(c)(1).

**C. Service of Process**

Service of process is complete.

**D. Brief Description of Claims and Defenses**

1. <u>Plaintiff's Summary</u>

As in the prior case, the Secretary has repeatedly denied Mr. Olsen's CGM claims on the bad faith grounds that a CGM is not "durable medical equipment" as set forth in the illegally issued CMS 1682-R. Incredibly, after this Court's bad faith finding in *Olsen I*, the Secretary continued denying Mr. Olsen's claims on the same bad faith grounds.

Upon receiving his latest denials, Mr. Olsen attempted to utilize the "expedited access to judicial review" procedure provided by the statute. 42 U.S.C. § 1395ff(b)(2). Where the grounds for denial of a claim are grounds that neither an ALJ nor the MAC have authority to decide, that procedure directs that a party should go straight to district court. Given that Mr. Olsen's claims were denied solely on the basis of the illegally issued CMS 1682-R and that neither an ALJ nor the MAC have the authority to decide the illegality of CMS 1682-R, Mr. Olsen requested expedited access to judicial review.

Mr. Olsen's invocation of this procedure apparently got attention, with the Department realizing that they were within three weeks of being sued again. Thus, in October 2021, the Department sent a notice stating that they were paying all of Mr.

JOINT RULE 26(f) REPORT - 2

Olsen's claims over a considerable period of time. This was part of an admitted effort to pay only the claims of people who litigated the issue of CGM coverage to a district court while continuing to deny everyone else's on the bad faith grounds. Thereafter, Mr. Olsen's request for expedited access was denied on the ground that, while his claim was only rejected based on the illegal CMS 1682-R, some other grounds might be used to deny his claim. Within days, an ALJ considering the same claim denied it saying he was bound by CMS 1682-R.

The simultaneous payment and denial of MR. Olsen's claims subjected him to recoupment by the Secretary. This suit was brought to extinguish that right of recoupment, to obtain a decision that CMS 1682-R issued illegally and an injunction barring its enforcement, and (because the ALJs within the Department are not neutral decision makers) to appoint a special master to oversee CGM claim processing.

In response to the filing of this suit, the Secretary has taken a number of steps to avoid/delay a judicial finding that CMS 1682-R issued illegally and preserved his ability to act illegally without censure from the Courts.. First, shortly after this suit was filed, the Secretary had an epiphany and decided that CGMs were in fact "durable medical equipment." However, the Secretary sought to lock in the fruits of his misconduct by limiting coverage to claims with dates of service after February 28, 2022.

Second, the Secretary intentionally failed to serve the administrative record in this case, thereby preventing Mr. Olsen from moving for summary judgment. Instead,

JOINT RULE 26(f) REPORT - 3

the Secretary's misconduct forced Mr. Olsen to seek a preliminary injunction and delayed resolution on the merits. When Olsen filed a motion for a preliminary injunction pointing out that, by the Secretary's own admission, the illegal policy of CMS 1682-R would remain in effect for a year (and that tens of thousands of claims would be denied on that basis), the Secretary responded on February 25, 2022, with the "Technical Direction Letter." This document has no statutory or regulatory basis and was just a latter the Secretary sent to some of the claim processing entities telling them to ignore the binding CMS 1682-R and follow the letter. The Secretary then told this Court that, based on the TDL, claims with dates of service prior to March 1, 2022, would be covered and that this case was moot.

Mr. Olsen then pointed out that the letter both demonstrated the lawlessness with which the Department operates and, because of its limited nature, also meant that ~4,000 claims/month would still be denied on the illegal grounds.

This Court subsequently denied Olsen's request for a preliminary injunction. The Court held that the case was not moot, in part because the Court had little faith that the Secretary would do whatever he says now. This Court also called the Secretary's conduct "shocking." However, because Olsen's claims had been paid, the Court held that Olsen was not facing irreparable harm.[1]

---

[1] Respectfully, Olsen's claims have been paid because he has counsel and, as the Secretary admits, he takes special steps to make sure that the claims of people who litigate are paid, so that he can continue to deny everyone else's claims on the bad faith grounds. There is no CGM Santa Claus and tens of thousands of people have been unable to secure a CGM as a result of the Secretary's misconduct. Unable to

Simultaneously, another case out of Utah was working its way to the Tenth Circuit with oral argument scheduled for May 17, 2022. There, the Secretary made the same arguments he made here regarding mootness and the TDL. On May 13, 2022, (i.e., the Friday before Tuesday oral argument), the Secretary issued CMS 1738, purporting to rescind CMS 1682). Thereafter, at oral argument, the Secretary conceded that claims would have been continued to be denied based on CMS 1682 even assuming that the ALJs violated the law and followed the TDL. For the first time in that case, the Secretary argued mootness and supplemental briefing on that issue was filed on June 1, 2022.

Simultaneously in this case, the Secretary has begrudgingly filed a series of Amended Answers with increasing admissions. Now that that process is complete, all that remains is to address the merits of Olsen's claims and requested relief on summary judgment.

Apparently applying the maxims that "the best defense is a good offense" and/or "there is no hole so deep it cannot be made deeper", the Secretary has a new theory that Mr. Olsen somehow has behaved improperly by appealing and litigating his claims that were denied in bad faith. During the Rule 26(f) conference held on June 1, 2022, the Secretary's representatives stated their intention to pursue a fraud on the Court theory. Respectfully, Mr. Olsen hopes that cooler heads will prevail on this

---

secure a CGM those people suffered the severe events that a CGM is designed to prevent. As a result, each of those persons suffered irreparable harm and some number died.

JOINT RULE 26(f) REPORT - 5

matter and encourages the Secretary to read the Complaint. To be clear, any such charge is baseless.

2. <u>Defendant's Summary</u>

There are two Medicare reimbursement claims at issue in this lawsuit: (1) a claim for continuous glucose monitor ("CGM") sensors with date of service April 19 – July 18, 2019 (the "April 2019 claim"), and (2) a claim for CGM sensors with date of service March 10, 2021 (the "March 2021 claim").

Both claims were paid in July 2021, four months before the case was filed. The claims were paid by the Secretary's Medicare Administrative Contractor, Noridian Healthcare Solutions ("Noridian"), pursuant to this Court's judgment in *Olsen v. Becerra*, Case No. 20-CV-00374-SMJ ("*Olsen I*").

The entities that issued the challenged administrative decisions (the Medicare Appeals Council as to the April 2019 claim, and the ALJ as to the March 2021 claim), were not aware of the *Olsen I* judgment, or the fact that Noridian had previously paid the underlying claims pursuant to that judgment. As a result, those entities issued decisions purporting to deny coverage for the claims pursuant to CMS 1682-R, even though the claims had already been paid. Below is a summary of when the claims were paid in relation to the challenged administrative decisions:

| April 19 - July 18, 2019 Claim | Date |
|---|---|
| Initial Denial by Noridian (MAC) | 6/14/2019 |
| Redetermination Request (MAC) | 7/5/2019 |
| Redetermination Decision (MAC) | 7/25/2019 |

JOINT RULE 26(f) REPORT - 6

| | |
|---|---|
| Reconsideration Request (QIC) | 10/7/2019 |
| Reconsideration Decision (QIC) | 11/26/2019 |
| ALJ Hearing Request | 12/3/2019 |
| ALJ Hearing | 1/8/2020 |
| ALJ Decision | 1/31/2020 |
| Appeal to Medicare Appeals Council | 2/11/2020 |
| *Olsen I* Judgment | 2/23/2021 |
| *Olsen I* Bad Faith Ruling | 4/20/2021 |
| CLAIM PAID | 7/15/2021 |
| **Medicare Appeals Council Decision (Challenged Decision)** | 10/22/2021 |

| **March 10, 2021 Claim** | Date |
|---|---|
| *Olsen I* Judgment | 2/23/2021 |
| Initial Denial by Noridian (MAC) | 4/16/2021 |
| *Olsen I* Bad Faith Ruling | 4/20/2021 |
| Redetermination Request (MAC) | 5/3/2021 |
| Redetermination Decision (MAC) | 6/16/2021 |
| Reconsideration Request (QIC) | 6/30/2021 |
| CLAIM PAID | 7/15/2021 |
| Reconsideration Decision (QIC) | 8/24/2021 |
| ALJ Hearing Request | 9/7/2021 |
| ALJ Hearing | 10/8/2021 |
| **ALJ Decision (Challenged Decision)** | 10/26/2021 |
| Appeal to Medicare Appeals Council | none |
| Medicare Appeals Council Decision | none |

Defendant concedes that the administrative decisions purporting to deny coverage should be vacated because: (1) the underlying claims were previously paid, rendering the decisions moot; and (2) Plaintiff is independently entitled to coverage pursuant to the *Olsen I* judgment. Defendant also admits that Plaintiff is entitled to an

JOINT RULE 26(f) REPORT - 7

award of attorney's fees and costs incurred in securing the vacation of those decisions.

To the extent Plaintiff is seeking additional relief, his claims are moot and/or fail as a matter of law. The Secretary has completed notice and comment rulemaking which confirms that disposable sensors that work with an insulin pump like the device Plaintiff uses are covered as "durable medical equipment" under Medicare Part B. *See* 86 Fed. Reg. 73860, 73896-902, (Dec. 28, 2021) ("DME Final Rule"). The DME Final Rule replaced CMS 1682-R on a prospective basis effective February 28, 2022. The DME Final Rule effectively ensures that <u>future</u> claims submitted by Plaintiff and other similarly-situated Medicare claimants will be covered. The Secretary has also formally rescinded CMS 1682-R. The rescission of CMS 1682-R effectively ensures that <u>past</u> claims submitted by Plaintiff and other similarly-situated claimants will be covered, provided that the claims had not expired or been administratively exhausted as of February 28, 2022. *See* CMS 1738-R, ECF No. 44-1, at 1-2 ("[F]or CGMs furnished before February 28, 2022, this Ruling provides that the substantive CGM classification, coverage, and payment policies established by the [DME Final Rule] shall be applied to claims for a CGM monitor or receiver and/or its necessary supplies and accessories where either: (1) a valid CGM claim or valid CGM appeal was pending as of February 28, 2022; or (2) the right to submit a valid CGM claim or file a valid CGM appeal had not expired as of February 28, 2022."). Taken together, the DME Final Rule and the rescission of CMS 1682-R moot any claim for relief beyond an administrative remand of the challenged agency decisions.

JOINT RULE 26(f) REPORT - 8

In his Complaint and preliminary injunction briefing, Plaintiff conspicuously failed to disclose that the April 2019 and March 2021 claims were paid in July 2021, months before the case was filed. Until recently, Defendant gave Plaintiff the benefit of the doubt on this issue, assuming that Plaintiff, like the ALJ and Medicare Appeals Council, did not know that these claims had been paid months earlier.

Last week, however, Defendant learned that Plaintiff almost certainly *did* know that these claims had been paid months earlier. In particular, Defendant was advised by the group that manages the Medicare.gov website that Plaintiff performed a claim status search at 7:26 p.m. on November 9, 2021, nine days before the Complaint was filed. The search parameters were as follows:

Type: Durable Medical Equipment

Range: All Claims History

Date: Past 36 Months

Defendant is advised that the results of this search showed that the March 2021 claim was paid in July 2021. Defendant is currently in the process of confirming that the same is true for the April 2019 claim. Defendant is also attempting to identify the IP address from which this search was performed.

The fact that Plaintiff (or his counsel) performed this search before filing the Complaint changes the complexion of this case, and may warrant additional motion practice before the case proceeds to summary judgment. Defendant's purpose in raising this issue is not to "go on offense" or "pursue a fraud on the Court theory" as

JOINT RULE 26(f) REPORT - 9

Plaintiff suggests above. Plaintiff has repeatedly and vociferously accused Defendant and his counsel of acting in bad faith. Defendant's purpose in raising this issue is to rebut those claims by placing them in their appropriate factual and historical context. If Plaintiff knew his claims had been fully paid in July 2021, there would have been no reason for him to continue to pursue administrative appeals or to file this lawsuit. Nor would there have been a good-faith basis for alleging that Defendant "denied" his fully-paid claims in defiance of the *Olsen I* judgment.

### E. Constitutionality of Statute

The constitutionality of a statute is not being challenged.

### F. Class Action

This case is not being pursued as a putative class action.

### G. Certification of Issues to State Supreme Court

There are no issues that need to be certified to a state supreme court.

### H. Deadline for Amending Pleadings

The parties propose a deadline of July 15, 2022, to amend pleadings.

### I. Deadline for Adding Parties

The parties propose a deadline of July 15, 2022, to add parties.

### J. Corporate Disclosure Statement

No party is required to file a corporate disclosure statement.

### K. Guardian Ad Litem

Appointment of a guardian ad litem is not necessary because neither party is a

JOINT RULE 26(f) REPORT - 10

minor or an incompetent party.

**L. Discovery**

1. <u>Plaintiff's Position</u>

Mr. Olsen does not believe that discovery is needed/permissible.

2. <u>Defendant's Position</u>

Because this is a record review case, discovery is generally not permitted. However, Defendant intends to request leave to take limited discovery to establish the date on which Plaintiff became aware that the April 2019 and March 2021 claims had been paid in July 2021. Defendant has reason to believe that the supplier of Plaintiff's CGM sensors, Minimed Distribution Corp., ("Minimed") told Plaintiff that it received payment for both claims shortly after the payments were issued, and intends to seek production of communications to that effect, in addition to other relevant documents in Plaintiff's or Minimed's possession.

**M. Protective Orders & Confidentiality Agreements**

The parties do not anticipate entering into a confidentiality agreement or requesting entry of a protective order at this time.

**N. Anticipated Motions and Dispositive Motion Deadlines**

1. <u>Plaintiff's Position:</u>

Olsen anticipates filing two motions for summary judgment: 1) directed to the illegality of CMS 1682-R; and 2) directed to the lack of neutral decision makers at the Department and Olsen's request for a special master.

JOINT RULE 26(f) REPORT - 11

Olsen anticipates filing this during the week on June 6, 2022.

2. <u>Defendant's Position</u>:

Defendant anticipates filing a motion for leave to take discovery to establish the date on which Plaintiff became aware that the April 2019 and March 2021 claims had been paid. Defendant proposes to file that motion by **July 1, 2022**.

The parties anticipate filing cross-motions for summary judgment. The parties propose the following briefing schedule:

| Summary Judgment Filing | Deadline |
|---|---|
| Plaintiff's Motion | August 15, 2022 |
| Defendant's Cross-Motion | September 5, 2022 |
| Plaintiff's Reply | September 19, 2022 |
| Defendant's Reply | October 3, 2022 |

The parties propose a hearing during the **week of October 24, 2022**, on their cross-motions for summary judgment. Oral argument is requested.

**O. Trial**

Because this is a record review case, trial is not necessary.

**P. Mediation**

1. <u>Plaintiff's Position</u>:

Plaintiff believes that mediation would not be fruitful as Plaintiff seeks decisions addressing the Secretary's conduct and barring a repetition.

2. <u>Defendant's Position</u>:

The parties engaged in settlement discussions in early January, shortly after the case was filed. No agreement was reached.

Defendant extended a Rule 68 offer of judgment in late January, offering an administrative remand and attorney's fees and costs to be awarded at market rates in an amount to be determined by the Court. That offer was not accepted. In mid-May, following the denial of Plaintiff's preliminary injunction motion, Defendant extended a second offer of judgment, again offering an administrative remand and attorney's fees and costs to be awarded at market rates in an amount to be determined by the Court. That offer was not accepted.

Defendant has filed a motion to refer the case to a U.S. Magistrate Judge or a U.S. Bankruptcy Judge for a settlement conference. ECF No. 44. Plaintiff has opposed the motion. The motion is noted for hearing on June 13, 2022.

**Q. Other Matters re: Just, Efficient and Economical Resolution of the Case**

1. Plaintiff's Position

Plaintiff believes that the Court should simply move to address the motions for summary judgment.

2. Defendant's Position

The April 2019 and March 2021 claims were paid on July 15, 2021. On information and belief, Plaintiff (or his counsel) confirmed payment of these claims ***before the complaint was filed***.

Continued litigation would be a waste of the parties' and the Court's time.

JOINT RULE 26(f) REPORT - 13

Plaintiff's CGM claims were paid long ago. The challenged CMS Ruling has been rescinded (retroactively and prospectively). The Court has denied Plaintiff's bid for an injunction. Defendant has admitted that Plaintiff is entitled to an administrative remand and an award of attorney's fees and costs. The Court should now exercise its authority to bring this litigation to a speedy and efficient conclusion.

DATED this 2nd day of June, 2022.

Vanessa R. Waldref
United States Attorney

*s/John T. Drake*
Brian M. Donovan
John T. Drake
Assistant United States Attorneys


BRESKIN, JOHNSON & TOWNSEND, PLLC

*s/Roger M. Townsend*
Roger M. Townsend, WSBA No. 25525
*Attorneys for Plaintiff*


PARRISH LAW OFFICES

*s/James C. Pistorino*
James C. Pistorino
Admitted Pro Hac Vice
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2022, I caused to be delivered via the method listed below the document to which this Certificate of Service is attached (plus any exhibits and/or attachments) to the following:

| NAME & ADDRESS | Method of Delivery |
|---|---|
| Roger Townsend<br>BRESKIN JOHNSON TOWNSEND<br>1000 Second Ave., Suite 3670<br>Seattle, WA 98104 | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other:_____ |
| James Pistorino<br>PARRISH LAW OFFICES<br>788 Washington Road<br>Pittsburgh, PA 15228 | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other:_____ |

*s/John T. Drake*
John T. Drake