Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Brian M. Donovan
John T. Drake
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY OLSEN,<br><br>                Plaintiff,<br><br>    v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services,<br><br>                Defendant. | No. 2:21-CV-00326-SMJ<br><br>REPLY IN SUPPORT OF MOTION FOR REFERRAL TO JUDICIAL SETTLEMENT CONFERENCE |

## I.    INTRODUCTION

"Settlement discussions are pointless." ECF No. 45 at 4. "Settlement is not a possibility." *Id.* at 2. "Going through the motions would be wasteful of the Court's and the parties' time." *Id.* "Mr. Olsen wants a judicial determination regarding the Secretary's conduct and will settle for nothing else." *Id.* In making these surprising statements, Plaintiff ignores the cardinal rule of civil litigation: that litigants have a duty to achieve "the just, speedy, and inexpensive determination of every action and

REPLY IN SUPPORT OF MOTION FOR REFERRAL TO JUDICIAL SETTLEMENT
CONFERENCE - 1

1  proceeding." Fed. R. Civ. P. 1.

2  Plaintiff has won the case. Defendant has confessed error. Plaintiff is owed
3
4  attorney's fees and costs. The Court should order the parties to engage in good-faith
5  settlement negotiations, with the help of a judicial mediator, to quickly and efficiently
6  resolve that lone remaining issue.

7
   **II.    REPLY ARGUMENT**
8
9  In his opening brief, Defendant noted that the only issue left to be decided is the
10 amount of attorney's fees and costs to which Plaintiff is entitled. ECF No. 44 at 5.
11
12 Plaintiff does not meaningfully dispute that assertion. Aside from a passing reference
13 to his request for the appointment of a special master—relief akin to the preliminary
14 injunction that the Court previously declined to enter—Plaintiff does not specifically
15
16 identify any claims for relief that remain outstanding. This is an implicit admission
17 that Plaintiff has already achieved the relief he set out to obtain.

18  The thrust of Plaintiff's response is that he wants a "judicial determination
19
20 regarding the Secretary's conduct." ECF No. 45 at 2. As a threshold matter, this
21 amounts to a request for an advisory opinion, for which no jurisdiction lies. *Clark v.*
22 *City of Seattle*, 899 F.3d 802, 808 (9th Cir. 2018). Continued litigation of this issue is
23
24 both unnecessary and jurisdictionally improper.[1]

25
26 [1] Plaintiff has not suggested that he needs a "judicial determination regarding the
27 Secretary's conduct" for purposes of obtaining an EAJA attorney's fee award at
28
   REPLY IN SUPPORT OF MOTION FOR REFERRAL TO JUDICIAL SETTLEMENT
   CONFERENCE - 2

1  Moreover, Plaintiff's portrayal of Defendant's recent regulatory activity as an
2  attempt to evade judicial review is not accurate.  Defendant has taken deliberate steps
3  over the past two years (before and after this Court's decision in *Olsen I*), to ensure
4  that all continuous glucose monitors ("CGMs") and associated supplies are covered by
5  Medicare.  In November 2020, Defendant issued a proposed rule to replace the CMS
6  Ruling that Plaintiff is challenging here, CMS 1682-R, to classify all CGM systems as
7  durable medical equipment. 85 Fed. Reg. 70,358, 70,398, 70,403-70,404 (Nov. 4,
8  2020).  After receiving public comment on the proposed rule, Defendant issued a final
9  rule in 2021 (the "DME Final Rule"), which replaced CMS 1682-R for all claims with
10 dates of service on or after the rule's effective date of February 28, 2022.  86 Fed.
11 Reg. 73,860, 73,860, 73,896-73,899 (Dec. 28, 2021).  Thereafter, Defendant began
12 applying the DME Final Rule to pending and future claims with dates of service prior
13 to the rule's effective date.  Defendant first issued a Technical Direction Letter to
14 Medicare Administrative Contractors ("MACs"), who are responsible for making

---

market rates pursuant to 28 U.S.C. § 2412(b).  To the extent Plaintiff *is* taking that position, however, that is not an impediment to settlement.  If the Court orders the parties to mediation, Defendant will continue to offer attorney's fees at market rates in the interest of bringing the case to a prompt and efficient resolution.  Defendant makes that commitment without waiving its right to oppose a fee award at market rates if the motion is denied, or if the case does not settle at mediation.

REPLY IN SUPPORT OF MOTION FOR REFERRAL TO JUDICIAL SETTLEMENT
CONFERENCE - 3

initial coverage determinations, instructing the MACs to apply the terms of the DME Final Rule retroactively. *See* TDL-220257, ECF No. 20-1. Defendant then formally rescinded CMS 1682-R through the issuance of a new CMS Ruling, CMS 1738-R, so that claims that had previously been denied by a MAC, and were in the administrative appeal process, would likewise be covered. *See* CMS 1738-R, ECF No. 44-1.

This is not bad faith. It is an agency taking consistent, methodical steps to ensure that Plaintiff and others in the same position will have their CGM devices covered by Medicare. As Judge Joel Carson of the Tenth Circuit observed at oral argument in a related case, this means that Plaintiff has *won*. **Exhibit A**, Transcript of Oral Argument in *Smith v. Becerra*, Case No. 22-4012 (10th Cir., May 17, 2022). Handing a victory to Plaintiff and all similarly-situated Medicare beneficiaries is not bad faith.

At bottom, continued litigation would serve no meaningful purpose. Plaintiff has a victory in hand, and Defendant is prepared to pay his reasonable attorney's fees and costs. A case in this posture calls for an efficient, cost-effective resolution. Fed. R. Civ. P. 1. The Court should grant the motion and refer the case to a mediation with a U.S. Magistrate Judge or a U.S. Bankruptcy Judge.

//

//

//

//

### III.  CONCLUSION

Plaintiff has won.  Defendant has confessed error.  Plaintiff is owed attorney's fees and costs.  Continued litigation is unnecessary and inefficient.  The Court should order the parties to engage in good-faith settlement negotiations with the assistance of a judicial mediator.

DATED this 2nd day of June, 2022.

        Vanessa R. Waldref
        United States Attorney

        *s/John T. Drake*
        Brian M. Donovan
        John T. Drake
        Assistant United States Attorneys

# CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2022, I caused to be delivered via the method listed below the document to which this Certificate of Service is attached (plus any exhibits and/or attachments) to the following:

| NAME & ADDRESS | Method of Delivery |
|---|---|
| Roger Townsend<br>BRESKIN JOHNSON TOWNSEND<br>1000 Second Ave., Suite 3670<br>Seattle, WA 98104 | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |
| James Pistorino<br>PARRISH LAW OFFICES<br>788 Washington Road<br>Pittsburgh, PA 15228 | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |

*s/John T. Drake*
John T. Drake

REPLY IN SUPPORT OF MOTION FOR REFERRAL TO JUDICIAL SETTLEMENT CONFERENCE - 6