1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Brian M. Donovan
John T. Drake
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

JEREMY OLSEN,

                              Plaintiff,

                    v.

XAVIER BECERRA, in his official
capacity as Secretary of the United States
Department of Health and Human
Services,

                              Defendant.

No. 2:21-CV-00326-SMJ

MOTION FOR DISCOVERY

8/1/22
Without Oral Argument

Defendant Xavier Becerra, in his official capacity as Secretary of the United States Department of Health and Human Services, ("Defendant"), through counsel, moves for an order allowing Defendant to take limited fact discovery for the purpose identified herein.

## I.    INTRODUCTION

The Medicare reimbursement claims at issue in this case were paid on **July 15, 2021** – more than four months before the case was filed.  Defendant seeks to conduct limited fact discovery to establish the date on which Plaintiff learned that information.

MOTION FOR DISCOVERY - 1

As explained herein, Defendant has reason to believe that the entity to which the payments were issued, Minimed Distribution Corp. ("Minimed"), informed Plaintiff that Medicare had paid the claims shortly after it received the payments. If confirmed through discovery, that fact will defeat Plaintiff's allegations of "bad faith" and concealment by Defendant and his counsel, and may warrant summary dismissal of Plaintiff's constitutional due process claim. The Court should authorize Defendant to serve a subpoena to Minimed in the form attached hereto as **Appendix A**.

## II.    FACTS

A. Payment of Claims by Medicare (July 2021)

There are two Medicare reimbursement claims at issue in this case: (1) a claim for continuous glucose monitor ("CGM") sensors with date of service April 19 – July 18, 2019 (the "April 2019 claim"), and (2) a claim for CGM sensors with date of service March 10, 2021 (the "March 2021 claim"). ECF No. 1 at ¶¶ 63-66, 67-90.

The April 2019 and March 2021 claims were paid by Medicare on **July 15, 2021**. AR 566.[1] Payment was issued by the Secretary's Medicare Administrative Contractor to Minimed, the company that supplied Plaintiff with the CGM sensors. AR 532, 539-40. Plaintiff did not receive the payments directly.

The amount paid by Medicare was $1,459.92 per claim. AR 550, 553. Importantly for purposes of this motion, that amount did not cover the full amount

---

[1] "AR" refers to the Administrative Record filed at ECF No. 32.

charged by Minimed for the subject sensors, which was $1,824.90 per 90-day supply.[2]

AR 550, 553.  As reflected in the excerpts of Plaintiff's Medicare Summary Notice

below, that left Plaintiff responsible for paying the remaining balance of **$364.98** per

claim:

**April 19 - July 18, 2019**
**Minimed Distribution Corp, (800)646-4633**
18000 Devonshire St, Northridge, CA 91325-1219
Ordered by Jennifer L Jones

| Quantity, Item/Service Provided & Billing Code | Item/ Service Approved? | Amount Supplier Charged | Medicare- Approved Amount | Amount Medicare Paid | Maximum You May Be Billed | See Notes Below |
|---|---|---|---|---|---|---|
| 90 Durable medical equipment, miscellaneous (E1399-GXCC) | Yes - adjusted | $1,824.90 | $1,824.90 | $1,430.72 | **$364.98** | |
| 30 Supplies for external insulin infusion pump, syringe type cartridge, sterile, each (A4225) | Yes - adjusted | 128.70 | 81.60 | 63.97 | 16.32 | |
| 13 Supplies for maintenance of insulin infusion catheter, per week (A4224) | Yes - adjusted | 458.70 | 263.51 | 206.59 | 52.70 | |
| **Total for Claim # 19112897095001** | | $2,412.30 | $2,170.01 | $1,701.28 | **$434.00** | E,F |
| | | | | | | Continued-> |

---

[2] Medicare Part B pays 80% of the Medicare-approved cost of durable medical

equipment; the remaining 20% is paid by the Medicare beneficiary as coinsurance.

*See generally*, Centers for Medicare and Medicaid Services, *Medicare Coverage for*

*Durable Medical Equipment & Other Devices* (August 2020), available here.

**March 10, 2021**
**Minimed Distribution Corp, (800)646-4633**
18000 Devonshire St, Northridge, CA 91325-1219
Ordered by Jennifer L Jones

| Quantity, Item/Service Provided & Billing Code | Item/ Service Approved? | Amount Supplier Charged | Medicare- Approved Amount | Amount Medicare Paid | Maximum You May Be Billed | See Notes Below |
|---|---|---|---|---|---|---|
| 90 Durable medical equipment, miscellaneous (E1399-GXCC) | Yes - adjusted | $1,824.90 | $1,824.90 | $1,459.92 | $364.98 | |
| Total for Claim # 21076836253001 | | $1,824.90 | $1,824.90 | $1,459.92 | $364.98 | K |
| | | | | | | Continued-> |

AR 550, 553.

Defendant has reason to believe that Minimed communicated with Plaintiff about Medicare's payment of these claims. In particular, Defendant believes that Minimed advised Plaintiff of the amounts that Medicare had paid, and informed Plaintiff that he was responsible for paying the remaining balances.[3] Any such communications (letters, billing statements, account statements, etc.) would definitively establish (1) that Plaintiff knew that Medicare had paid the claims; and (2) the date on which Plaintiff became aware of that information. Defendant seeks production of any such communications from Minimed via the subpoena duces tecum attached hereto as **Appendix A**.

---

[3] It is also possible that Plaintiff paid the full cost of the sensors up front, before Minimed submitted the claims to Medicare. In that scenario, Minimed would have been required to reimburse Plaintiff for any amount in excess of the $364.98 per claim that was not covered by Medicare.

MOTION FOR DISCOVERY - 4

B.  Issuance of Challenged Administrative Decisions (October 2021)

Plaintiff is challenging two administrative decisions that purport to deny the subject claims.  With regard to the April 2019 claim, Plaintiff challenges a decision of the Medicare Appeals Council issued on October 22, 2021.  AR 3-12.  As to the March 2021 claim, Plaintiff challenges a decision of an Administrative Law Judge ("ALJ") issued on October 26, 2021.  AR 385-90.  Both decisions were issued *after* the subject claims had been paid by Medicare:[4]

| April 19 - July 18, 2019 Claim | Date |
|---|---|
| Initial Denial by Noridian (MAC) | 6/14/2019 |
| Redetermination Request (MAC) | 7/5/2019 |
| Redetermination Decision (MAC) | 7/25/2019 |
| Reconsideration Request (QIC) | 10/7/2019 |
| Reconsideration Decision (QIC) | 11/26/2019 |
| ALJ Hearing Request | 12/3/2019 |
| ALJ Hearing | 1/8/2020 |
| ALJ Decision | 1/31/2020 |
| Appeal to Medicare Appeals Council | 2/11/2020 |
| *Olsen I* Judgment | 2/23/2021 |
| *Olsen I* Attorney's Fees Ruling | 4/20/2021 |
| CLAIM PAID | 7/15/2021 |
| **Medicare Appeals Council Decision (Challenged Decision)** | 10/22/2021 |

---

[4] As explained in a prior filing, neither the Medicare Appeals Council nor the ALJ was aware that the claims had already been paid when they issued their decisions.  ECF No. 42-1 at ¶¶ 7, 11.  Had the Medicare Appeals Council or the ALJ been privy to that information, they would have dismissed Plaintiff's administrative appeals as moot.

| March 10, 2021 Claim | Date |
|---|---|
| *Olsen I* Judgment | 2/23/2021 |
| Initial Denial by Noridian (MAC) | 4/16/2021 |
| *Olsen I* Attorney's Fees Ruling | 4/20/2021 |
| Redetermination Request (MAC) | 5/3/2021 |
| Redetermination Decision (MAC) | 6/16/2021 |
| Reconsideration Request (QIC) | 6/30/2021 |
| CLAIM PAID | 7/15/2021 |
| Reconsideration Decision (QIC) | 8/24/2021 |
| ALJ Hearing Request | 9/7/2021 |
| ALJ Hearing | 10/8/2021 |
| **ALJ Decision (Challenged Decision)** | **10/26/2021** |

As reflected above, the ALJ held a hearing on Plaintiff's appeal of the March 2021 claim on October 8, 2021. The transcript of that hearing reveals that Plaintiff, who appeared through the same counsel who is currently representing him in these proceedings, did not disclose that Medicare had paid the subject claim three months earlier. AR 391-98. To the contrary, Plaintiff made statements which appear on their face to suggest that the claim had *not* been paid. *See* AR 397 ("So, just the short of it is the ruling [CMS 1682-R] issued illegally and is being illegally used to deny Mr. Olsen's claims."); AR 398 ("So, again, just in sum, I contend that CMS 1682-R issued illegally and that it is being illegally used to deny Mr. Olsen's claim. I -- that being said, I believe under the relevant regulations specified that your Honor is bound by CMS Rulings. I think the regulations say that you cannot declare them invalid.").

### III.    ARGUMENT

Discovery is generally not permitted in APA cases.  *Camp v. Pitts*, 411 U.S. 138, 142 (1973).  However, when a plaintiff asserts a standalone constitutional claim in a case governed by the APA, courts have discretion to allow limited discovery on the constitutional claim.  *Calif. v. U.S. Dep't of Homeland Sec.*, --- F. Supp. 3d ---, 2020 WL 1557424, at *14-*16 (N.D. Cal. Apr. 1, 2020).  Whether and to what extent discovery should be permitted depends on "the particular facts of the claims involved and the discovery requested."  *Id.* at *15.

Plaintiff's sixth cause of action is a due process claim asserted under the Fifth and Fourteenth Amendments to the U.S. Constitution.  ECF No. 1 at ¶¶ 106-112.  The thrust of this claim is that Plaintiff has a "Constitutionally protected property interest in funds due as a result of qualifying claims submitted to Medicare," and that he was deprived of that property interest without due process by agency decisionmakers who were not "neutral."  ECF No. 1 at ¶¶ 108-112.

The Court should exercise its discretion to allow limited discovery on this claim.  There are several factors that warrant that action.  First, as discussed above, there is reason to believe Plaintiff knew that the March 2021 claim had been paid by Medicare long before he appeared before the ALJ on October 8, 2021.  If confirmed through discovery, that fact would render Plaintiff's statements to the ALJ materially misleading, and could warrant summary dismissal of Plaintiff's due process claim.

Second, the scope of the requested discovery is narrow.  Defendant is seeking

production of routine business records maintained by non-party Minimed.  There is no burden whatsoever on Plaintiff, and only a minimal burden on Minimed.  This is the most reliable and least intrusive method available to obtain the information.

Third, Defendant has no alternative means of obtaining the information. Defendant knows the date on which the April 2019 and March 2021 claims were paid by Medicare (July 15, 2021), but it does not know the date on which Minimed relayed that information to Plaintiff.  That is a question only Minimed can answer.

Finally, the requested discovery will promote the truth-seeking function of these proceedings.  Plaintiff has repeatedly accused Defendant and his counsel of engaging in "bad faith" conduct, and of attempting to conceal that alleged conduct from the Court.  *See, e.g.*, ECF Nos. 1, 6, 22, 31, 45, 48, 51.  Those are serious allegations, and Defendant deserves an opportunity to rebut them.  If discovery confirms that Plaintiff or his counsel learned that the claims had been paid in July 2021, and then failed to disclose that information during the course of the administrative appeal proceedings, Plaintiff's allegations will be rendered completely frivolous.

## IV.    CONCLUSION

For the reasons set forth above, the Court should grant the motion and allow Defendant to serve the subpoena duces tecum attached hereto as **Appendix A**.

//

//

//

MOTION FOR DISCOVERY - 8

DATED this 1st day of July, 2022.

Vanessa R. Waldref
United States Attorney

*s/John T. Drake*
Brian M. Donovan
John T. Drake
Assistant United States Attorneys

# CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2022, I caused to be delivered via the method listed below the document to which this Certificate of Service is attached (plus any exhibits and/or attachments) to the following:

| NAME & ADDRESS | Method of Delivery |
|---|---|
| Roger Townsend<br>BRESKIN JOHNSON TOWNSEND<br>1000 Second Ave., Suite 3670<br>Seattle, WA 98104 | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |
| James Pistorino<br>PARRISH LAW OFFICES<br>788 Washington Road<br>Pittsburgh, PA 15228 | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |

*s/John T. Drake*
John T. Drake

MOTION FOR DISCOVERY - 10