FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY OLSEN,<br><br>                    Plaintiff,<br><br>          vs.<br><br>XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services,<br><br>                    Defendant. | No.    2:21-cv-00326-SMJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR DISCOVERY** |

Before the Court, without oral argument, is Defendant's Motion for Discovery, ECF No. 58. Having reviewed the pleadings and the file in this matter, the Court is fully informed and **GRANTS** the motion.

\* \* \*

Discovery is generally not permitted in APA cases. *Camp v. Pitts*, 411 U.S. 138, 142 (1973). However, when a plaintiff asserts a standalone constitutional claim in a case governed by the APA, courts have discretion to allow limited discovery on the constitutional claim. *California v. U.S. Dep't of Homeland Sec.*, --- F. Supp. 3d ---, 2020 WL 1557424, at \*14–16 (N.D. Cal. Apr. 1, 2020). Whether and to what

ORDER GRANTING DEFENDANT'S MOTION FOR DISCOVERY – 1

extent discovery should be permitted depends on the "the particular facts of the claims involved and the discovery requested." *Id.* at *15.

Here, Plaintiff's sixth cause of action is a due process claim asserted under the Fifth and Fourteenth Amendments to the U.S. Constitution. ECF No. 1 at 22–23. More specifically, Plaintiff claims to have a "constitutionally protected property interest in funds due as a result of qualifying claims submitted to Medicare," and that he was deprived of that property interest without due process by agency decisionmakers who were not "neutral." *Id.* at 23.

Given that Plaintiff brings a standalone constitutional claim**,** Defendant seeks to take limited fact discovery regarding when Plaintiff first learned that Medicare had paid the claims at issue. Specifically, Defendant seeks to serve a subpoena on Minimed Distribution Corp., to which Medicare issued the payments, to determine what communications were sent from Minimed to Plaintiff regarding the payment and when. Defendant argues that if this information demonstrates that Plaintiff knew his claims had been paid before he filed the claim or when he was litigating his claims before the ALJ, that fact will defeat Plaintiff's allegations of bad faith and concealment by Defendant and his counsel and may entitle Defendant to dismissal of Plaintiff's due process claim. ECF No. 58 at 2. Plaintiff opposes the motion as outside the administrative record and irrelevant. ECF No. 59.

//

ORDER GRANTING DEFENDANT'S MOTION FOR DISCOVERY – 2

Given this, the Court finds that Defendant's production request seeks material "relevant to the subject matter involved in the action" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Moreover, and most persuasively, Defendant's request to take discovery is extremely narrow, as it seeks business records from one non-party corporation regarding its communications with Plaintiff. This request places no burden on Plaintiff and only a slight burden on Minimed, and to the extent Plaintiff considers the produced documents irrelevant to his claims, Plaintiff will have the opportunity to renew those arguments at the summary judgment stage. Finally, this request is central to the arguments raised in this litigation, and the Court will permit this limited discovery in the interests of justice and efficient resolution of this matter. Accordingly, the Court will permit Defendant to serve its proposed subpoena duces tecum pursuant to the directions below.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion for Discovery, **ECF No. 58**, is **GRANTED**. Defendant may take limited fact discovery for the purpose identified in his motion.

2.    The Clerk of Court is directed to issue the proposed subpoena, with a deadline for production of **August 19, 2022** at **5:00 P.M.**

ORDER GRANTING DEFENDANT'S MOTION FOR DISCOVERY – 3

3.    Defendant shall serve the subpoena on Minimed **by no later than August 12, 2022** at **5:00 P.M.**

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel and Magistrate Judge Ekstrom.

**DATED** this 11th day of August 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR DISCOVERY – 4