UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY OLSEN,<br><br>                              Plaintiff,<br><br>          v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services,<br><br>                              Defendant. | NO. 2:21-CV-0326-TOR<br><br>ORDER ON PENDING SUMMARY JUDGMENT MOTIONS |

BEFORE THE COURT are Plaintiff's Motion for Summary Judgment and Permanent Injunction (ECF No. 51), Plaintiff's Motion for Summary Judgment and Appointment of a Special Master (ECF No. 64) and Defendant's Cross-Motion for Summary Judgment (ECF No. 65). These matters were submitted for consideration with oral argument on November 22, 2022. James C. Pistorino and Roger M. Townsend appeared on behalf of Plaintiff. AUSAs Brian M. Donovan and John T. Drake appeared on behalf of Defendant. The Court has reviewed the

ORDER ON PENDING SUMMARY JUDGMENT MOTIONS ~ 1

record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Summary Judgment and Permanent Injunction (ECF No. 51), is denied, Plaintiff's Motion for Summary Judgment and Appointment of a Special Master (ECF No. 64) is denied, and Defendant's Cross-Motion for Summary Judgment (ECF No. 65) is granted.

## BACKGROUND

Two Medicare reimbursement claims at issue in this case: (1) a claim for CGM sensors with a date of service of April 19 – July 18, 2019 (the "April 2019 claim"), and (2) a claim for CGM sensors with a date of service of March 10, 2021 (the "March 2021 claim"). Both claims were paid by Medicare on July 15, 2021. The claims were paid in recognition of a judgment Plaintiff obtained against the Secretary in a prior case, *Olsen v. Becerra*, Case No. 20-CV-00374-SMJ (E.D. Wash.) ("*Olsen I*"), which held that Plaintiff's CGM device met the definition of "durable medical equipment" for which Medicare is required to provide coverage.

Three months after the Secretary paid the claims, an Administrative Law Judge ("ALJ") and the Medicare Appeals Council issued decisions that purport to deny coverage. The ALJ and the Medicare Appeals Council were not aware of the *Olsen I* judgment, or the fact that the claims had already been paid, when they issued their decisions.

Four months after Plaintiff's claims were fully paid, he filed this second lawsuit. ECF No. 1. Plaintiff seeks summary judgment that "the Secretary violated Mr. Olsen's Due Process rights, when the Secretary subjected Mr. Olsen to decisionmakers who were not impartial. In addition, [Plaintiff contends] this Court should appoint a Special Master to oversee the Secretary's consideration of CGM claims and prevent yet another repetition of the bad faith, deadly conduct." ECF No. 64 at 12. Plaintiff also seeks to set aside and enjoin enforcement of CMS 1682-R and reverse the paper denial of payment based on CMS 1682-R.

## DISCUSSION

### I. Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla

of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"To satisfy the 'irreducible constitutional minimum' for standing, a plaintiff must establish 'three elements': (1) injury in fact —an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical'; (2) that is fairly traceable to the challenged conduct of the defendant and (3) it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted).

Mootness is a jurisdictional issue, and "federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." "If

there is no longer a possibility that [a litigant] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (citations omitted).

## II.  Plaintiff's April 2019 and March 2021 Claims were Fully Paid

Defendant contends Plaintiff lacks Article III standing because his claims have been fully paid, four months prior to filing suit. ECF No. 65 at 1. Plaintiff has no injury in fact concerning the non-payment of his claims. Plaintiff's claims were paid at least four months prior to filing this suit. Plaintiff participated in administrative hearings concerning these claims subsequent to being paid and did not inform the administrative law judge they had already been paid. Indeed, Plaintiff's counsel went so far as to even tell the decisionmaker "I believe under the relevant regulations specified that your Honor is bound by CMS Rulings. I think the regulations say that you cannot declare them invalid." AR at 398 (October 8, 2021). Likewise, Plaintiff's claims for due process violations and impartial decisionmakers is disingenuous given that Plaintiff remained silent about his court case and the judgment in his favor.

To the extent Plaintiff claims that the agency could seek reimbursement for wrongly paid claims is pure speculation. The claims were paid in recognition of a judgment Plaintiff obtained against the Secretary in a prior case, *Olsen v. Becerra*,

Case No. 20-CV-00374-SMJ (E.D. Wash.). It is purely hypothetical to assert that the agency would someday seek reimbursement after a binding Court decision.

The Court concludes there is no case and controversy concerning the payments Plaintiff previously received.

### III.  CMS 1682-R was Formally Replaced by DME Final Rule and CMS 1738-R

Even though Plaintiff obtained the relief he sought in *Olsen v. Becerra*, Case No. 20-CV-00374-SMJ (E.D. Wash.), he now seeks to have the Court set aside and enjoin enforcement of CMS 1682-R. Despite the fact that Plaintiff's claims have been resolved in his favor, he now seeks to nullify CMS 1682-R.

Defendant explains that CMS 1682-R is no longer a valid regulation because it has been replaced by DME Final Rule effective on February 28, 2022. Additionally, the CMS 1738-R effective on May 13, 2022, formally rescinded CMS 1682-R. *See* ECF No. 44-1.

The relief Plaintiff requests was in the works by November 4, 2020, with published notice and comment in the Federal Register. 85 Fed. Reg. 70,358, 70,398–70,404 (Nov. 4, 2020). Nullifying CMS 1682-R is no longer possible, it has been replaced. *See* 86 Fed. Reg. 73,860, 73,896–73,902 (Dec. 28, 2021).

Federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists. If there is no longer a possibility that Plaintiff

can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction. Plaintiff's broad allegations of harm to others is irrelevant as this case is not a class action.

This allegation and request for relief is moot and is dismissed.

### IV. Plaintiff's Objection to Materials in the Record

Plaintiff contends the record contains improper materials that may not be relied upon by the Court and Defendant's arguments based on them should be stricken. ECF No. 67 at 5.

While Plaintiff categorizes this suit as simply a review of the administrative record, Plaintiff has ignored the underlying facts of the case. The materials the Defendant included in the record and relies upon are critical to deciding standing and mootness. To ignore the facts in light of Plaintiff's broad allegations of misconduct exceeding a simple administrative review would be wrong. Plaintiff's request for the Court to ignore the true facts is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment and Permanent Injunction (ECF No. 51) is **DENIED**.

2. Plaintiff's Motion for Summary Judgment and Appointment of a Special Master (ECF No. 64) is **DENIED.**

3. Defendant's Cross-Motion for Summary Judgment (ECF No. 65) is **GRANTED**. This case is **DISMISSED** with prejudice.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED November 23, 2022.



THOMAS O. RICE
United States District Judge